**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| TIM DOYLE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> REATA PHARMACEUTICALS, INC., J. WARREN HUFF, and MANMEET S. SONI, <br><br> Defendants. | Civil Action No. 4:21-cv-00987-ALM <br><br> **NOTICE OF MOTION AND MOTION OF DONALD POTTS TO CONSOLIDATE THE RELATED CASES, APPOINT LEAD PLAINTIFF, AND APPROVE SELECTION OF LEAD AND LIAISON COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| MATTHEW FILBERT, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> REATA PHARMACEUTICALS, INC., J. WARREN HUFF, and MANMEET S. SONI, <br><br> Defendants. | Civil Action No. 4:22-cv-00012-ALM |
| LABORERS' DISTRICT COUNCIL AND CONTRACTORS' PENSION FUND OF OHIO, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> REATA PHARMACEUTICALS, INC., J. WARREN HUFF, and COLIN J. MEYER, M.D., <br><br> Defendants. | Civil Action No. 4:22-cv-00041-ALM |

MOTION OF DONALD POTTS TO CONSOLIDATE RELATED CASES, APPOINT LEAD
PLAINTIFF, AND APPROVE SELECTION OF LEAD AND LIAISON COUNSEL

**TO: ALL PARTIES AND THEIR COUNSEL OF RECORD**

PLEASE TAKE NOTICE that putative class member Donald Potts ("Mr. Potts" or "Movant"), by his counsel, hereby moves this Court for an Order pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4: (i) consolidating the above-captioned actions (the "Related Actions"); (ii) appointing Mr. Potts as Lead Plaintiff in the above-referenced action; (iii) approving Mr. Potts's selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel and Kitner Woodward PLLC as Liaison Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.[1] In support of this Motion, Mr. Potts submits a Notice of Motion, a Memorandum of Law, the Declaration of Lucas E. Gilmore ("Gilmore Decl."), and a Proposed Order, all filed concurrently herewith.

---

[1] Local Rule 7(h) requires a conference of counsel prior to filing motions. Pursuant to the PSLRA, however, if any class member desires to be appointed lead plaintiff, the class member must file a motion within a certain period of time. U.S.C. § 78u-4(a)(3). Thus, Movant is presently unaware of the other entities or persons who plan to move for appointment as lead plaintiff and will not know their identities until after all the movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of LR 7(h) be waived.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      PRELIMINARY STATEMENT

This is a federal securities class action alleging that Reata Pharmaceuticals, Inc. ("Reata" or the "Company") and certain of its senior executives (collectively, "Defendants") violated Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).  The action alleges that from November 9, 2020, through December 8, 2021,[2] Defendants misled investors concerning the viability of the Company's New Drug Application ("NDA") to the U.S. Food and Drug Administration ("FDA") for its product bardoxolone methyl, and the status of the Company's Phase 3 (CARDINAL) clinical trial study evaluating bardoxolone methyl in patients with chronic kidney disease caused by Alport syndrome.

The PSLRA provides that the "most adequate plaintiff" is to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i).  Under the PSLRA, the most adequate plaintiff is the movant who has the "largest financial interest" in the relief sought by the Class in this litigation and that also makes a *prima facie* showing that he is a typical and adequate class representative under Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  For the reasons set forth below, Mr. Potts is the "most adequate plaintiff" by virtue of, among other things, the over $558,766 in losses he incurred on purchases of 12,000 shares of Reata common stock during the Class Period.

---

[2] The Related Actions are entitled *Doyle v. Reata Pharmaceuticals, Inc., et al.*, No. 4:21-cv-00987 (the "*Doyle* Action"), *Filbert v. Reata Pharmaceuticals, Inc., et al.*, No. 4:22-cv-00012 (the "*Filbert* Action"), and *Lab. Dist. Council and Contractors' Pens. Fund of Ohio v. Reata Pharmaceuticals, Inc., et al.*, No. 4:22-cv-00041 (the "*Ohio* Action"). Movant notes that the *Ohio* Action alleges a longer class period (Nov. 14, 2016, through Dec. 6, 2021). Movant contends that the shorter class period alleged herein and in both the *Doyle* Action and the *Filbert* Action (Nov. 9, 2020, through Dec. 8, 2021) is the more appropriate period based on the facts and evidence uncovered to date in this action.

In addition to asserting the largest financial interest, Movant readily satisfies the relevant requirements of Rule 23 because Movant's claims are typical of those of all members of the Class and Movant will fairly and adequately represent the interests of the Class.  Here, Mr. Potts, an investor with over 50 years of investing experience and the Chairman Emeritus of the Board of Directors (formerly Chief Executive Officer until 2006) for a Dallas, Texas-based agency brokerage firm that has provided investment services to institutional investors since Mr. Potts founded the brokerage firm in 1977, is well-suited to represent the Class given his sophistication and substantial financial interest.  In addition, Mr. Potts fully understands the Lead Plaintiff's obligations to the Class under the PSLRA and is committed to fulfilling those responsibilities to guarantee zealous prosecution of this action.

Mr. Potts has further demonstrated his adequacy through his selection of Hagens Berman as Lead Counsel and Kitner Woodward PLLC as Liaison Counsel for the Class.  Hagens Berman has an established track record of achieving substantial recoveries for the benefit of investors, including within this District.  Hagens Berman has extensive experience in securities fraud litigation and is qualified to prosecute this action.  Kitner Woodward PLLC is also an experienced and qualified law firm whose attorneys are familiar with local practice in this District.

Based on Mr. Pott's financial interest in the outcome of this action, his commitment to act in the best interests of the Class to maximize the recovery in this case, and his ability to oversee counsel, Mr. Potts respectfully requests that the Court appoint him as Lead Plaintiff and otherwise grant the instant Motion.

## II.      STATEMENT OF FACTS

Reata is a clinical-stage biopharmaceutical company that focuses on small-molecule therapeutics. One of its two lead product candidates is bardoxolone methyl ("bardoxolone"),

which is being developed for multiple indications, including chronic kidney disease caused by Alport syndrome. The Company is a Delaware corporation with principal executive offices located in Plano, Texas. Reata's securities trade on the NASDAQ stock exchange under the ticker symbol "RETA."

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) the FDA had raised concerns regarding the validity of the clinical study designed to measure the efficacy and safety of bardoxolone for the treatment of chronic kidney disease caused by Alport syndrome; (2) that, as a result, there was a material risk that Reata's NDA would not be approved; and (3) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

The truth began to emerge on December 6, 2021, when the FDA released briefing documents in advance of an Advisory Committee meeting for Reata's NDA for bardoxolone. The briefing documents stated that the FDA had repeatedly questioned the validity of Reata's study design because bardoxolone's pharmacodynamic effect on kidney function would make the results difficult to assess the effectiveness of the drug. Specifically, the briefing documents noted that, "[i]n September 2018, FDA encouraged [Reata] to request an end-of-phase 2 meeting to discuss the development program and ensure alignment," but Reata declined. Then in February 2019, the FDA "emphasized the importance of obtaining FDA concurrence that a study intended to support a marketing application was adequate and acceptable for this purpose." The briefing documents further detailed other concerns the FDA had raised with Reata during the

course of bardoxolone's clinical studies and NDA submission. Among other things, the FDA noted that, "the FDA review team d[id] not believe the [Company's] submitted data demonstrate[d] that bardoxolone is effective in slowing the loss of kidney function in patients with [Alport syndrome] and reducing the risk of progression to kidney failure."

On this news, the Company's stock price fell $29.77, or 38%, to close at $48.92 per share on December 6, 2021, on unusually heavy trading volume.

Then, on December 8, 2021, the truth fully emerged. On that day, the FDA's Advisory Committee unanimously decided (13 to 0 vote) that Bardoxolone was not effective based on the Company's submitted data and recommended against the FDA's approval of bardoxolone.

On this news, the Company's stock price fell $25.31, or 46%, to close at $29.11 per share on December 9, 2021, on unusually heavy trading volume.

### III.   SUMMARY OF THE ARGUMENT

#### A.  The Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).  Relatedly, under Federal Rule of Civil Procedure 42(a), consolidation is appropriate when the actions involve common questions of law or fact.

Here the Related Actions are based upon the same alleged misconduct, name similar Defendants, allege the same class definition, and assert the same claims.  Further, this motion, the *Doyle* Action, and the *Filbert* Action allege the same class period.[3] Consolidation, therefore,

---

[3] The *Ohio* Action is similar to the *Doyle* Action and the *Filbert* Action in all respects except that it alleges a longer Class Period. *See* fn. 2 above. The Related Actions are all based on the same allegations of Defendants' misconduct and misrepresentations.

is appropriate. *Oklahoma Law Enforcement Ret. Sys. v. Adeptus Health, Inc.*, 2017 WL 3780164, at *3, 8 (E.D. Tex. Aug. 31, 2017) (Mazzant, J.) (granting lead plaintiff motion and consolidation of related actions and stating in regards to the class action notice: "While the allegations are more expansive in the *Kim* and *Troll* Complaints, they are not entirely new legal or factual allegations nor do they include an entirely new class of securities. The new complaints changed the class period, but simply changing the class period does not necessitate a new notice to be sent out.") (internal citation omitted).

### B.  Mr. Potts Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(1); see also 15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA requirements are both procedural and substantive.  *Id.*  The Court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members in accordance with this subparagraph.

15 U.S.C. § 77z-1(a)(3)(B)(i) and 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

The PSLRA provides that the Court shall adopt a rebuttable presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Mr. Potts meets these requirements and should, therefore, be appointed as Lead Plaintiff.

### 1. Mr. Potts's Motion Is Timely

The pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i); *Adeptus Health, Inc.*, 2017 WL 3780164, at *3 (Mazzant, J.). The notice published in this action on December 20, 2021, advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff by the lead plaintiff deadline. *See* Published Notice, Gilmore Decl., Exhibit C. Because Mr. Potts filed this lead plaintiff motion within sixty days of publication of the notice of action, this motion is timely. *Adeptus Health, Inc.*, 2017 WL 3780164, at *2-3 (Mazzant, J.) (discussing compliance with notice and lead plaintiff motion filing procedural timing requirements).

### 2. Mr. Potts Has The "Largest Financial Interest" In The Relief Sought By The Class

"Under the PSLRA, courts are to presume that the plaintiff with the 'largest financial interest in the relief sought by the class's is the lead plaintiff, so long as he or she otherwise satisfies the requirements of Rule 23. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(bb). To determine the financial interest of a lead-plaintiff movant under the PSLRA, courts in the Fifth Circuit have applied the factors set out in *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)…. The *Lax* factors include: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs…. Courts have held the fourth factor, the loss suffered, is the determinative factor in this financial-interest analysis." *Patel v. Reata Pharms., Inc.*, 2021 WL 2983249, at *3 (E.D. Tex. Jul. 15, 2021) (internal citations omitted); *Adeptus Health, Inc.*, 2017 WL 3780164, at *4 (Mazzant, J.) ("If a motion is timely filed, the presumptive lead plaintiff must have the largest

MOTION OF DONALD POTTS TO CONSOLIDATE RELATED CASES, APPOINT LEAD PLAINTIFF, AND APPROVE SELECTION OF LEAD AND LIAISON COUNSEL

- 8 -

financial interest."); *Hall v. Rent-A-Center, Inc.*, 2017 WL 1017716, at *2 (E.D. Tex. Mar. 16, 2017); *see also Mullins v. AZZ, Inc*., 2018 WL 7504312, at *1 (N.D. Tex. Aug. 9, 2018) (quoting *Ark. Teacher Ret. Sys. v. Insulet Corp.*, 177 F. Supp. 3d 618, 622 (D. Mass. 2016) and *In re Olsten Corp. Sec. Litig*., 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)).

During the Class Period, Mr. Potts expended over $1,552,700 in purchasing Reata shares on NASDAQ during the Class Period at the artificially inflated prices and suffered losses of over $558,766 whether calculated on a FIFO or LIFO basis.  See Gilmore Decl., Exs. A and B. To the best of Mr. Pott's counsel's knowledge, there is no other plaintiff with a larger financial interest than Mr. Potts.  Therefore, Mr. Potts satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class. *See Ramzan v. GDS Goldings Limited*, 2018 WL 10780485, at *3 (E.D. Tex. Oct. 26, 2018) (appointing movant with largest financial interest); *Adeptus Health, Inc.*, 2017 WL 3780164, at *8 (Mazzant, J.) (appointing movant with largest financial interest as lead plaintiff).

### 3.  Mr. Potts Satisfies The Requirements Of Rule 23

In addition to possessing a significant financial interest, Mr. Potts "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). "The PSLRA also requires that a presumptive lead plaintiff, in addition to having incurred the greatest financial loss, must 'otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(cc). However, in this Rule 23 evaluation, 'only the typicality and adequacy prongs… are relevant.'… Thus, to satisfy the Rule 23 requirements under the PSLRA, a lead plaintiff must have claims or defenses that are 'typical of the claims or defenses of the class,' and the lead plaintiff must 'fairly and adequately protect the interest of the class.'" *Patel*, 2021 WL 2983249, at *4 (internal citations omitted) (citing *Adeptus Health, Inc.*, 2017 WL 3780164, at *4 (Mazzant, J.)). At this stage of the

litigation, [a movant] "need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *AZZ, Inc.*, 2018 WL 7504312, at *1.

### a. Mr. Potts's claims are typical of the claims of all the class members.

Typicality "focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those they purport to represent." *Mullen v. Treasure Chest Casino, L.L.C.*, 186 F.3d 620, 625 (5th Cir. 1999). Identity of claims is not required; "[r]ather, the critical inquiry is whether the class representative's claims have the same essential characteristics as that of the putative class." *Schwartz v. TXU Corp., et al.*, 2005 WL 3148350, *14 (N.D. Tex. 2005) (quotation omitted). "If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." *Id.*; *Adeptus Health, Inc.*, 2017 WL 3780164, at *4 (Mazzant, J.) (typicality found if claims "have the same essential characteristics as those of the other class members") (internal citation and quotations omitted); *Hall v. Rent-A-Center, Inc.*, 2017 WL 1017716, at *2 (same).

Here, Mr. Potts's claims are typical of the class because, like the other plaintiffs, he purchased Reata's common stock during the Class Period in reliance upon Defendants' false and misleading statements and suffered damages as a result. If Mr. Potts is "successful in proving [his] injury and losses resulting from ... Defendants' allegedly fraudulent scheme, [Mr. Potts] will necessarily prove the conduct [that] underlies the claims of all purported plaintiffs, just as [he] will establish the elements of those claims." *AZZ, Inc.*, 2018 WL 7504312, at *2 (quoting *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997)).

### b. Mr. Potts will adequately represent the interests of the Class.

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, a representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement requires "an inquiry into [1] the zeal and competence of the representatives' counsel

and [2] the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005) (*citing Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 479 (5th Cir. 2001) (internal citations omitted)); *Ramzan v. GDS Goldings Limited*, 2018 WL 10780485, at *3 (E.D. Tex. Oct. 26, 2018) (same). As described below, Mr. Potts will adequately represent the interests of the class.

Here, Mr. Potts satisfies these elements because his substantial financial stake in the litigation provides the incentive to vigorously represent the Class's claims. *Gluck*, 976 F. Supp. at 546.  In addition, Mr. Potts – a Dallas, Texas, resident and investor who holds a college degree in Business Administration from the University of North Texas and has over 50 years of investment experience; and who currently serves as Chairman Emeritus of the Board of Directors (formerly Chief Executive Officer until 2006) for a Dallas, Texas-based agency brokerage firm that he founded in 1977 that provides investment services to institutional investors  – is willing and able to serve as lead plaintiff and control the litigation and protect the interests of absent Class members. Finally, Mr. Potts's and the Class's interests are perfectly aligned.  There are no facts to suggest any actual or potential conflict of interest or other antagonism between Mr. Potts and other Class members. To further illustrate his adequacy, Mr. Potts submits herewith a Certification and Declaration affirming his understanding of the duties owed to Class members through his commitment to oversee and monitor the prosecution of this action in the best interests of the Class. Gilmore Decl. Exs. A and D.  Finally, Mr. Potts has demonstrated his adequacy through his selection of Hagens Berman as Lead Counsel to represent the Class in this action.  As discussed more fully below, Hagens Berman is a highly qualified and experienced

firm in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct securities class action litigation effectively.

### C.  Lead Plaintiff's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Patel*, 2021 WL 2983249, at *9 (approving lead plaintiff's selection of lead counsel); *Kakkar v. Bellicum Pharms., Inc.*, 2019 WL 1367653 (S.D. Tex. Mar. 26, 2019) (same); *Ramzan*, 2018 WL 10780485, at *3 (same); *Adeptus Health, Inc.*, 2017 WL 3780164, at *8 (Mazzant, J.) (same); *Hall*, 2017 WL 1017716, at *2 (same).  Courts rely on counsel's past experience when determining whether the lead plaintiff's selection is appropriate.  *See Izadjoo v. Kratz*, 2016 WL 343989, at *3 (S.D. Tex. Jan. 28, 2016) (approving proposed lead counsel that had "extensive experience in securities class actions," and approving proposed liaison counsel with "extensive experience serving as liaison class counsel.").

Mr. Potts has selected Hagens Berman to serve as Lead Counsel and Kitner Woodward PLLC as Liaison Counsel for the proposed Class.  Hagens Berman has previously been appointed as lead counsel and has a demonstrated ability to work in an efficient fashion in the Class's best interests.  *See* Hagens Berman Firm Résumé, Gilmore Decl., Ex. E.  Hagens Berman is one of the country's leading securities litigation firms, advising clients in both individual and class action cases.  *See* Gilmore Decl., Ex. E at p. 31.  Hagens Berman is currently serving as Lead Counsel or Co-lead Counsel in several high-profile securities class actions.  *See* Gilmore Decl., Ex. E at p. 32.  Proposed Liaison Counsel Kitner Woodward PLLC is also a highly experienced firm that regularly appears in this District and is familiar with local practice.  If this motion is granted, Hagens Berman and Kitner Woodward PLLC will provide members of the

Class with the highest caliber of representation available.  Accordingly, the Court should approve Mr. Potts's selection of Lead and Liaison Counsel.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Mr. Potts as Lead Plaintiff for the Class; and (3) approving his selections of Hagens Berman as Lead Counsel and Kitner Woodward PLLC as Liaison Counsel for the Class.

DATED: February 18, 2022                    Respectfully submitted,

KITNER WOODWARD PLLC

By _____*/s/ Martin Woodward*_____
          Martin Woodward

Martin Woodward (TX Bar No. 00797693)
13101 Preston Road, Suite 110
Dallas, TX  75240
Telephone: (214) 443-4300
Facsimile:  (214) 443-4304
martin@kitnerwoodward.com

*Liaison Counsel for [Proposed] Lead Plaintiff*
*Donald Potts*

HAGENS BERMAN SOBOL SHAPIRO LLP
Reed R. Kathrein (CA Bar No. 139304)
(*Pro Hac Vice Forthcoming*)
Lucas E. Gilmore (CA Bar No. 250893)
(*Pro Hac Vice Forthcoming*)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

HAGENS BERMAN SOBOL SHAPIRO LLP
Steve W. Berman (WA Bar No. 12536)
(*Pro Hac Vice Forthcoming*)
1301 Second Avenue, Suite 2000

Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff*
*Donald Potts*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

_/s/ Martin Woodward_

MARTIN WOODWARD

011070-11/1793779 V2