UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| TIM DOYLE, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br>　v.<br><br>REATA PHARMACEUTICALS, INC., J. WARREN HUFF, and MANMEET S. SONI,<br><br>　　　　Defendants. | Case No. 4:21-cv-00987-ALM<br><br>CLASS ACTION |
| MATTHEW FILBERT, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br>　v.<br><br>REATA PHARMACEUTICALS, INC., J. WARREN HUFF, and MANMEET S. SONI,<br><br>　　　　Defendants. | Case No. 4:22-cv-00012-ALM<br><br>CLASS ACTION |
| LABORERS' DISTRICT COUNCIL AND CONTRACTORS' PENSION FUND OF OHIO, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br>　v.<br><br>REATA PHARMACEUTICALS, INC., J. WARREN HUFF, and COLIN J. MEYER, M.D.,<br><br>　　　　Defendants. | Case No. 4:22-cv-00041-ALM<br><br>CLASS ACTION |

**WESPATH'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

# **TABLE OF CONTENTS**

NATURE AND THE STAGE OF THE PROCEEDINGS ...............................................................1
SUMMARY OF THE ARGUMENT .................................................................................................2
FACTUAL OVERVIEW ......................................................................................................................3
ARGUMENT ..........................................................................................................................................6
    I.    The *Doyle, Filbert, and Laborers'* Actions Should be Consolidated...................................6
    II.    Wespath Should Be Appointed to Serve as Lead Plaintiff ...............................................7
        A.    The PSLRA's Lead Plaintiff Appointment Provisions .................................................7
        B.    Wespath's Motion is Timely ..............................................................................................7
        C.    Wespath Possesses the Largest Financial Stake in the Relief
              Sought by the Class ...........................................................................................................8
        D.    Wespath Is Otherwise Qualified to Serve as Lead Plaintiff
              Pursuant to Rule 23 ..........................................................................................................8
        E.    Wespath's Claims Are Typical of Those of the Class ...................................................9
        F.    Wespath Will Fairly and Adequately Represent the Class ..........................................10
        G.    The Court Should Approve Wespath's Choice of Counsel .......................................12
CONCLUSION ....................................................................................................................................12

# **TABLE OF AUTHORITIES**

**Cases**

*In re BP, PLC Sec. Litig.*,
   758 F. Supp. 2d 428 (S.D. Tex. 2010).................................................................................*passim*

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ............................................................................................................11

*In re Kosmos Energy Ltd. Sec. Litig.*,
   No. 12 Civ. 373, 2012 WL 6199318 (N.D. Tex. Nov. 1, 2012).................................8, 9, 10, 11

*Mullen v. Treasure Chest Casino, LLC*,
   186 F.3d 620 (5th Cir. 1999) .........................................................................................................10

*Parker v. Hyperdynamics Corp.*,
   No. 12 Civ. 999, 2013 WL 623164 (S.D. Tex. Feb. 19, 2013) ...................................................10

*Stirman v. Exxon Corp.*,
   280 F.3d 554 (5th Cir. 2002) ...........................................................................................................9

*Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*,
   No. 15 Civ. 3415, 2016 WL 1625774 (N.D. Tex. Apr. 25, 2016) ...............................................6

**Statutes**

15 U.S.C. § 78u-4(a)...........................................................................................................*passim*

15 U.S.C. § 78j(b)........................................................................................................................1

15 U.S.C. § 78t(b)........................................................................................................................1

**Rules**

17 C.F.R. § 240.10b-5 ..................................................................................................................2

Fed. R. Civ. P. 23(a).................................................................................................................8, 10

Fed. R. Civ. P. 42(a).....................................................................................................................6

**Other Authorities**

*Securities Litigation Reform*,
   H.R. Conf. Rep. No. 104-327 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730 .......................11

*Securities Litigation Reform*,
  H.R. Conf. Rep. No. 104-369 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730 ..........................3

The Manual for Complex Litigation § 11.631 (4th ed. 2004)........................................................6

UMC Benefit Board, Inc., US Equity Fund-P Series, a series of the Wespath Funds Trust, US Equity Index Fund-P Series, a series of the Wespath Funds Trust, Wespath Institutional Investments LLC, US Equity Fund-I Series, a series of the Wespath Funds Trust, and US Equity Index Fund-I Series, a series of the Wespath Funds Trust (collectively, "Wespath" or "Movant") respectfully move this Court, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42(a) of the Federal Rules of Civil Procedure, for the entry of an Order: (1) consolidating the above-captioned actions; (2) appointing Wespath as Lead Plaintiff for a Class (as defined herein) of all persons who purchased the securities of Reata Pharmaceuticals, Inc. ("Reata" or the "Company") between November 14, 2016 and December 8, 2021, inclusive (the "Class Period"); (3) approving Wespath's selection of the law firms of Kirby McInerney LLP ("Kirby McInerney") as Lead Counsel for the Class and Steckler Wayne Cochran Cherry PLLC as Local Counsel for the Class; and (4) granting such other relief as the Court may deem to be just and proper. In further support of this motion, Wespath has filed concurrently herewith the Declaration of Bruce W. Steckler ("Steckler Decl.").[1] Wespath also bases this motion on the pleadings and other filings and records in the above-captioned actions (the "Actions") and such other written and/or oral argument as may be presented to the Court.

**NATURE AND THE STAGE OF THE PROCEEDINGS**

Wespath respectfully submits that it should be appointed Lead Plaintiff on behalf of all persons who purchased the securities of Reata during the Class Period (the "Class"), and who were damaged as a result of defendants' alleged fraud. The Actions allege violations of Sections 10(b) and 20(a) of the Exchange Act, as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78t(b)), and

---

[1] All references to "Exhibit" or "Ex." are to the Steckler Decl.

1

Securities Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5) against Reata and certain of its executive officers ("Defendants"). Reata investors—including Wespath—incurred significant losses following disclosures revealing the true facts concerning the Company's financial condition and growth prospects. The Actions are in their preliminary stages of litigation and require the consolidation of the related Actions, as well as the appointment of a lead plaintiff and lead counsel, as mandated by the PSLRA.

## SUMMARY OF THE ARGUMENT

Pursuant to the PSLRA, the Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation, and whether that movant has made a *prima facie* showing of typicality and adequacy under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Wespath respectfully submits that it is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Wespath believes that it has the largest financial interest in the Actions by virtue of its substantial investments in Reata securities during the Class Period. Specifically, Wespath incurred losses of over $10,279,158.72 under the last-in-first-out ("LIFO") loss calculation method in connection with its Class Period purchases of Reata securities.[2]

In addition to asserting the largest financial interest in this litigation, Wespath also meets the applicable requirements of Rule 23 because its claims are typical of absent Class members and because it will fairly and adequately represent the interests of the Class. Indeed, Wespath is the

---

[2] A copy of Wespath's PSLRA-required Certification is attached as Exhibit A to the accompanying Steckler Decl., filed contemporaneously herewith. The Certification sets forth all transactions of Wespath in Reata securities during the Class Period. In addition, a chart setting forth the calculation of Wespath's losses is attached as Exhibit C to the Steckler Decl.

2

paradigmatic Lead Plaintiff under the PSLRA because it is a sophisticated institutional investor with a real financial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions[]"). Accordingly, Wespath has both the incentive and ability to supervise and monitor counsel.

Wespath has also demonstrated its adequacy through the selection of Kirby McInerney as proposed Lead Counsel for the Class. Kirby McInerney is a nationally recognized securities class action firm that has recovered billions of dollars for investors and is eminently qualified to prosecute this case.

Accordingly, based on Wespath's significant financial interest and demonstrated commitment to oversee the Actions, Wespath respectfully requests that the Court appoint it as Lead Plaintiff, and its selection of counsel should be approved.

## FACTUAL OVERVIEW

Reata is a clinical-stage biopharmaceutical company that focuses on small molecule therapeutics.[3] One of its two lead product candidates is bardoxolone methyl ("bardoxolone"), which is being developed for multiple indications, including chronic kidney disease ("CKD") caused by Alport syndrome ("AS").

After meeting with the U.S. Food and Drug Administration ("FDA") in October 2016, Defendants began touting the design of the Phase 3 trial to investors and making positive statements about the ongoing clinical studies for bardoxolone. Beginning on November 14, 2016, defendants Huff (Reata's Chief Executive Officer) and Meyer (Reata's Chief Innovation Officer

---

[3] The factual allegations in this section are derived from the complaints filed in the above-captioned related actions.

3

and Executive Vice President) both highlighted that the FDA had given "clear guidance" on the trial design. Both said that the key secondary endpoint would be "the change from baseline in the estimated GFR after withdrawal of [the] drug for four weeks." Throughout the Class Period, Huff, Meyer, and the Company repeatedly highlighted the use of the 4-week withdrawal period in the Phase 3 trial and emphasized the FDA's approval of "retained benefit" as an endpoint in multiple rare forms of CKD.

On August 10, 2020, the first hint of trouble regarding Reata's New Drug Application ("NDA") for bardoxolone as a treatment for CKD caused by AS to the FDA began to emerge. Reata revealed that the NDA might be delayed based on expected feedback from the FDA concerning the data Reata hoped to submit in support of the NDA. Reata had previously guided investors to understand that the NDA would be filed by year-end 2020. On this news, Reata's stock price declined by $51.79 per share, or approximately 33.2%, from $156.20 per share to close at $104.41 per share on August 10, 2020.

On March 1, 2021, Reata announced that it had submitted its NDA for bardoxolone for treatment of CKD caused by AS.

In April 2021, Reata announced that the FDA had accepted the bardoxolone NDA for review and that the FDA planned to convene an Advisory Committee Meeting before the February 25, 2022 Prescription Drug User Fee Act ("PDUFA") date.

On December 6, 2021, the FDA released a briefing document ("Briefing Book") before the Advisory Committee Meeting to determine whether bardoxolone would be recommended for approval. The Briefing Book revealed, among other things, that the FDA had repeatedly questioned the validity of Reata's study design because bardoxolone's pharmacodynamic effect on kidney function would make the results difficult to assess the effectiveness of the drug. Though

4

the FDA agreed that Reata's Phase 3 study met its endpoints, "the FDA review team d[id] not believe the submitted data demonstrate[s] that bardoxolone is effective in slowing the loss of kidney function in patients with AS and reducing the risk of progression to kidney failure." The FDA had repeatedly "voiced concerns about the" secondary endpoint being used to determine whether bardoxolone was effective. These concerns were first raised by the FDA at an October 2016 meeting, and the FDA continued to raise those same concerns at two subsequent meetings with Reata executives. On this news, Reata's stock price declined by $29.77 per share, or approximately 37.8%, from $78.69 per share to close at $48.92 per share on December 6, 2021.

At the meeting held on December 8, 2021, the thirteen members of the Advisory Committee voted unanimously against recommending bardoxolone for approval to the FDA, causing Reata's share price to fall further to close at $29.11 per share on December 9, 2021 – down more than 63% from the opening of trading on December 6, 2021.

The complaints allege that throughout the class periods,[4] Defendants made materially false and misleading statements that failed to disclose that: (i) the FDA disagreed with Reata on several key factors relating to the Phase III clinical trial designs for bardoxolone; and (ii) as a result, Reata's SEC filings concealed the true risks faced by the Company in gaining FDA approval for bardoxolone.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of Reata's securities when the truth concerning bardoxolone was revealed, Class Members have suffered significant losses and damages.

---

[4] The *Laborers' District Council and Contractors' Pension Fund of Ohio, et al. v. Reata Pharmaceuticals, Inc., et al.*, No. 22 Civ. 00041 (E.D. Tex.) ("*Laborers'* Action") pleads a class period from November 14, 2016 through December 6, 2021, while *Filbert v. Reata Pharmaceuticals, Inc., et al.*, No. 22 Civ. 00012 (E.D. Tex.) ("*Filbert* Action") and *Doyle v. Reata Pharmaceuticals, Inc., et al.*, No. 21 Civ. 00987 (E.D. Tex.) ("*Doyle* Action") plead class periods from November 9, 2020 through December 8, 2021. Unless otherwise noted, all references hereafter to "Class Period" refer to the period from November 14, 2016 through December 8, 2021.

**ARGUMENT**

**I.      The *Doyle, Filbert, and Laborers'* Actions Should be Consolidated**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *see also In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 432-33 (S.D. Tex. 2010) (internal quotation omitted) (citation omitted) (consolidating cases that have "substantial commonalities, and . . . involve overlapping [d]efendants and a common core of facts and legal issues[]"). Consolidation is particularly appropriate in the context of securities class actions if the complaints are based on common evidence. The Manual for Complex Litigation § 11.631 (4th ed. 2004).

Here, consolidation of the above-captioned Actions is appropriate because all assert claims for violations of sections 10(b) and 20(a) of the Exchange Act on behalf of purchasers of Reata securities during overlapping class periods, name overlapping defendants, and allege securities fraud based on the same, or substantially similar, conduct.[5] The discovery to be taken will, therefore, be virtually identical in each of these Actions, and the overlap of legal and factual issues means that consolidation will promote judicial efficiency and economy. *A fortiori*, consolidation is appropriate.

---

[5] *See, e.g., In re BP*, 758 F. Supp. 2d at 436 (applying the "longest noticed class period" at the lead plaintiff stage when related actions assert overlapping, but not identical, class periods); *Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*, No. 15 Civ. 3415, 2016 WL 1625774, at *2 (N.D. Tex. Apr. 25, 2016) (collecting cases).

## II. Wespath Should Be Appointed to Serve as Lead Plaintiff

### A. The PSLRA's Lead Plaintiff Appointment Provisions

The PSLRA establishes the procedures for selecting a lead plaintiff in class action lawsuits alleging violations of the federal securities laws. *See* 15 U.S.C. § 78u-4(a). First, the plaintiff who files the initial action must publish a notice to the class within twenty days, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, within sixty days of the publication of notice, any person or group who is a member of the proposed class may apply to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Third, within ninety days after publication of notice, the court is to consider any motion made by a class member and appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the class' interests. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). In making this determination, the PSLRA provides that the court "shall adopt a presumption that the most adequate plaintiff" is the person or group of persons that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Wespath should be appointed as Lead Plaintiff because it: (i) filed this motion in a timely manner; (ii) has, to its knowledge, the largest financial interest in the relief sought by the Class; and (iii) will fairly and adequately represent the interests of the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). In addition, Wespath's selection of qualified lead counsel for the putative Class should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

### B. Wespath's Motion is Timely

The plaintiff who files an action must, within twenty (20) days of filing the action, publish a notice informing putative class members of their right to file a motion for appointment as lead

7

plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i); *see also In re Kosmos Energy Ltd. Sec. Litig.*, No. 12 Civ. 373, 2012 WL 6199318, at *1 (N.D. Tex. Nov. 1, 2012) (discussing the lead plaintiff appointment process). Following the commencement of the *Doyle* Action, on December 20, 2021, a notice of pendency of the action was published via Business Wire. *See* Ex. B. The notice was timely because it was filed within twenty (20) days of the date that action was filed.

Class members who file a complaint or move pursuant to § 21D(a)(3)(B) of the Exchange Act are eligible to be appointed as lead plaintiff, so long as their motion is timely. 15 U.S.C. § 78u-4(a)(3)(B)(i). Here, Wespath's motion was filed within 60 days from the publication of notice and, as such, is timely. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

### C. Wespath Possesses the Largest Financial Stake in the Relief Sought by the Class

Based on the evidence contained in Wespath's concurrently filed Certification (Ex. B), Wespath believes that it has the largest financial interest in the relief sought in this litigation. Specifically, Wespath purchased 114,030 Reata shares during the Class Period, with a total Class Period expenditure of $17,184,758.77. On a net basis, Movant purchased 77,783 shares for a total net Class Period expenditure of $12,412,855.31. Movant suffered total Class Period investment losses of $10,279,158.72, when losses are calculated on a LIFO basis. *See* Ex. C. Given that Wespath has the largest financial interest in this litigation and, as discussed below, satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff in this action, it should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### D. Wespath Is Otherwise Qualified to Serve as Lead Plaintiff Pursuant to Rule 23

In addition to meeting the aforementioned requirements, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class

representative if the following four requirements are met: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." At this stage of the litigation, however, a movant need only make a "preliminary showing" that it satisfies the typicality and adequacy requirements of Rule 23. *See In re BP*, 758 F. Supp. 2d at 437 (citations omitted) (recognizing the "limited inquiry appropriate at this stage of the litigation"); *see also In re Kosmos Energy*, 2012 WL 6199318, at *2 (citation omitted) ("The Rule 23 inquiry is not rigorous here; at this stage of the proceedings, a lead plaintiff applicant 'need only make a preliminary showing that [it] satisfies these requirements.'"). "To make such a preliminary showing, potential lead plaintiffs need not submit evidentiary proof of typicality or adequacy." *In re BP*, 758 F. Supp. 2d at 435 (citation omitted).

As detailed below, Wespath plainly satisfies the typicality and adequacy requirements of Rule 23(a). As such, Wespath is qualified to serve as Lead Plaintiff.

### E.   Wespath's Claims Are Typical of Those of the Class

The typicality requirement of Rule 23(a)(3) is met when the claims of the representative plaintiff "arise from a similar course of conduct and share the same legal theory" as those of the class. *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) (citation omitted). "Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." *In re BP*, 758 F. Supp. 2d at 435 (citation omitted).

Here, Wespath is typical because, like all other Class members, its members: (i) purchased or otherwise acquired Reata's securities during the Class Period at prices allegedly artificially

inflated by Defendants' materially false and misleading statements and/or omissions; and (ii) suffered damages thereby. *See Parker v. Hyperdynamics Corp.*, No. 12 Civ. 999, 2013 WL 623164, at *3 (S.D. Tex. Feb. 19, 2013) (finding that movant "easily meets" the typicality standard where it alleged that it purchased the company's stock at inflated prices during the class period and was injured by the subsequent loss of investment value); *In re Kosmos Energy*, 2012 WL 6199318, at *2 (internal quotation omitted) (citation omitted) (finding typical a movant who, "[i]f successful in proving its injury and losses resulting from [d]efendants' actions . . . will necessarily prove the conduct which underlies the claims of all purported plaintiffs"). Furthermore, Wespath is seeking to recover damages based on the same theories of liability as the rest of the Class. Wespath's claims are typical of the claims of the other Class members. At this stage of the litigation, the typicality requirement has been met.

### F. Wespath Will Fairly and Adequately Represent the Class

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In order to satisfy this requirement, a prospective lead plaintiff must show that it does not have any conflicts of interest with other class members and that the plaintiff and counsel will vigorously prosecute the case. *See Parker*, 2013 WL 623164, at *3 (internal quotation omitted) (citation omitted) ("The standard for determining adequacy requires an inquiry into [1] the zeal and competence of the representatives' counsel and [2] the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees."). "[D]ifferences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests." *In re BP*, 758 F. Supp. 2d at 435 (quoting *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 626 (5th Cir. 1999)).

Here, Wespath's interests are clearly aligned with the members of the proposed Class, and there is no evidence of any antagonism between its interests and the interests of the proposed Class members. Its claims are typical of the members of the Class. In addition, Wespath has also adduced evidence demonstrating that it will adequately serve as Class representative. For example, Wespath has signed a sworn Certification affirming its willingness to serve as, and assume the responsibilities of, Class representative. *See* Ex. A.

In addition to satisfying the requirements of Rule 23, Wespath is the type of investor Congress sought, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation. Congress explained in its PSLRA Statement of Managers Report that the PSLRA was formulated "to increase the likelihood that institutional investors will serve as lead plaintiff[]," in part, because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." *In re Cendant Corp. Litig.*, 264 F.3d 201, 244, 264 (3d Cir. 2001) (quoting H.R. Conf. Rep. No. 104-327, at 34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 737); *see also In re BP*, 758 F. Supp. 2d at 439 (citations omitted) ("[T]he PSLRA expresses a strong preference for institutional investors to serve as lead plaintiffs."); *In re Kosmos Energy*, 2012 WL 6199318, at *2 n.2 (citation omitted) (noting that "through the PSLRA, Congress has unequivocally expressed its preference for securities fraud litigation to be directed by large institutional investors"). Wespath supervises and administers retirement plans, investment funds, and health and welfare benefit plans for active and retired clergy and lay employees of the United Methodist Church. As such, Wespath is the paradigmatic lead plaintiff envisioned by the framers of the PSLRA.

11

Finally, Wespath has demonstrated that it is an adequate representative in this matter by retaining competent and experienced counsel. As shown below, Kirby McInerney is highly qualified, experienced, and able to conduct this complex litigation in a professional manner as counsel for Wespath. *See* Section II.G, *infra*. Accordingly, Wespath has made a *prima facie* showing that it satisfies all of the requirements of Rule 23 for the purposes of this motion.

### G. The Court Should Approve Wespath's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to "select and retain [lead] counsel," subject to this Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also In re BP*, 758 F. Supp. 2d at 442 (same). As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Wespath has selected the law firm of Kirby McInerney to represent the Class as proposed Lead Counsel. Kirby McInerney is a firm with substantial experience in the prosecution of securities class actions that possesses the resources necessary to efficiently conduct this litigation. *See* Ex. D (Kirby McInerney firm resume). In addition, the law firm of Steckler Wayne Cochran Cherry PLLC has been selected as proposed Local Counsel. Steckler Wayne Cochran Cherry PLLC has significant experience representing plaintiffs and defendants in complex litigation. Accordingly, the Court should, therefore, approve Wespath's selection of Lead Counsel and Local Counsel for the Class.

## CONCLUSION

For all the foregoing reasons, Wespath respectfully requests that the Court: (i) consolidate the three above-captioned Actions; (ii) appoint Wespath to serve as Lead Plaintiff in this securities class action; (iii) approve its selection of the law firms of Kirby McInerney to serve as Lead Counsel and Steckler Wayne Cochran Cherry PLLC to serve as Local Counsel for the putative Class; and (iv) grant such other relief as the Court may deem to be just and proper.

Dated: February 18, 2022

Respectfully submitted,

**STECKLER WAYNE COCHRAN CHERRY PLLC**

*/s/ Bruce W. Steckler*
Bruce W. Steckler
State Bar No. 00785039
Austin P. Smith
State Bar No. 24102506
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Telephone: 972-387-4040
Facsimile: 972-387-4041
Email: bruce@swclaw.com
　　　 austin@swclaw.com

*Local Counsel for Movant Wespath and Proposed Local Counsel for the Class*

**KIRBY McINERNEY LLP**
Daniel Hume
Thomas W. Elrod
Ira M. Press
Emily Rice
250 Park Avenue, Suite 820
New York, NY 10177
Telephone: 212-371-6600
Facsimile: 212-751-2540
Email: dhume@kmllp.com
　　　 telrod@kmllp.com
　　　 ipress@kmllp.com
　　　 erice@kmllp.com

*Counsel for Movant Wespath and Proposed Lead Counsel for the Class*

**CERTIFICATE OF CONFERENCE**

Local Rule CV-7(h) requires a conference of counsel prior to filing motions. The statutory framework of the PSRLA requires all motions seeking lead plaintiff appointment to be made within sixty (60) days of the publication of the notice of pendency of the action. No motions for lead plaintiff appointment in any of the above-captioned Actions were filed meaningfully in advance of Wespath's motion. Accordingly, it was not possible to confer with an attorney for each party affected by the relief Wespath requested (*i.e.*, other members of the putative Class that plan to file competing motions for lead plaintiff appointment) to determine whether Wespath's motion would be opposed because the identities of any such parties will not be known until the statutory 60-day deadline for competing motions expires at the conclusion of today (February 18, 2022). Under these circumstances, Wespath respectfully requests that the conferral requirement of Local Rule CV-7(h) be waived.

*/s/ Bruce W. Steckler*
Bruce W. Steckler

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of February 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Bruce W. Steckler*
Bruce W. Steckler
