**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| TIM DOYLE, Individually and on Behalf of All Others Similarly Situated, | Case No. 4:21-cv-00987-ALM |
| Plaintiff, | |
| v. | |
| REATA PHARMACEUTICALS, INC., J. WARREN HUFF, and MANMEET S. SONI, | |
| Defendants. | |
| MATTHEW FILBERT, Individually and on Behalf of All Others Similarly Situated, | Case No. 4:22-cv-00012-ALM |
| Plaintiff, | |
| v. | |
| REATA PHARMACEUTICALS, INC., J. WARREN HUFF, and MANMEET S. SONI, | |
| Defendants. | |
| LABORERS' DISTRICT COUNCIL AND CONTRACTORS' PENSION FUND OF OHIO, Individually and on Behalf of All Others Similarly Situated, | Case No. 4:22-cv-00041-ALM |
| Plaintiff, | |
| v. | |
| REATA PHARMACEUTICALS, INC., J. WARREN HUFF, and COLIN J. MEYER, M.D., | |
| Defendants. | |

**MOTION OF THE LABOR FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF,**
**APPROVAL OF SELECTION OF COUNSEL,**
**AND CONSOLIDATION OF RELATED ACTIONS,**
**AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ......................................................................................................ii

NATURE AND STAGE OF THE PROCEEDINGS ................................................................ 1

SUMMARY OF THE ARGUMENT ....................................................................................... 2

FACTUAL BACKGROUND................................................................................................... 4

ARGUMENT ........................................................................................................................... 5

      A.        The Labor Funds Should Be Appointed Lead Plaintiff .............................. 5

            i.       The Labor Funds Have Timely Moved for Appointment as Lead
                    Plaintiff ............................................................................................ 6

            ii.      The Labor Funds Have the Largest Financial Interest in the Relief
                    Sought by the Class....................................................................... 6

           iii.     The Labor Funds Satisfy the Requirements of Rule 23 .............................. 7

           iv.     The Labor Funds Are Precisely the Type of Lead Plaintiff
                    Envisioned by the PSLRA ............................................................. 8

      B.        The Labor Funds' Selection of Counsel Should Be Approved................. 11

      C.        The Related Actions Should Be Consolidated........................................ 13

CONCLUSION...................................................................................................................... 14

# TABLE OF AUTHORITIES

**CASES**                                                                                                                          **PAGE(S)**

*Ali v. Intel Corp.*,
   2018 WL 2412111 (N.D. Cal. May 29, 2018) ..........................................................................2

*In re BP, PLC Sec. Litig.*,
   758 F. Supp. 2d 428 (S.D. Tex. 2010) ...................................................................................14

*Chung v. Eargo, Inc.*,
   No. 3:21-cv-08597-CRB, ECF No. 36 (N.D. Cal. Jan 5, 2022) .......................................12, 13

*In re Elan Corp. Sec. Litig.*,
   2009 WL 1321167 (S.D.N.Y. May 11, 2009) ...........................................................................2

*In re Enron Corp.*, *Sec. Litig.*,
   206 F.R.D. 427 (S.D. Tex. 2002)............................................................................................14

*Giovagnoli v. GlobalSCAPE, Inc.*,
   2017 WL 11220692 (W.D. Tex. Nov. 6, 2017)..........................................................................7

*Holley v. Kitty Hawk, Inc.*,
   200 F.R.D. 275 (N.D. Tex. 2001) .............................................................................................9

*In re Mattel, Inc. Sec. Litig.*,
   2021 WL 4704578 (C.D. Cal. Oct. 6, 2021).............................................................................12

*In re Myriad Genetics, Inc. Sec. Litig.*,
   2021 WL 5882259 (D. Utah Dec. 13, 2021).............................................................................12

*Netsky v. Capstead Mortg. Corp.*,
   2000 WL 964935 (N.D. Tex. July 12, 2000) .............................................................................7

*Okla. Law Enf't Ret. Sys. v. Adeptus Health, Inc.*,
   2017 WL 3780164 (E.D. Tex. Aug. 31, 2017) .........................................................3, 6, 9, 11

*In re Reliant Sec. Litig.*,
   2002 U.S. Dist. LEXIS 27777 (S.D. Tex. Aug. 27, 2002)..........................................................8

*Emps.' Ret. Fund of the City of Fort Worth v. James River Grp. Holdings, Ltd.*,
   No. 3:21-cv-00444-MHL, ECF No. 20 (E.D. Va. Sept. 22, 2021)........................................12

*SEB Inv. Mgmt. AB v. Symantec Corp.*,
   2021 WL 1540996 (N.D. Cal. Apr. 20, 2021) ........................................................................12

*Thieffry v. Synchronoss Tech., Inc.*,
   No. 3:17-cv-07173-FLW-LHG, ECF No. 21 (D.N.J. 2018)....................................................13

*In re Universal Access, Inc. Sec. Litig.*,
209 F.R.D. 379 (E.D. Tex. 2002)........................................................................................9

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*,
2014 WL 1395059 (E.D. Pa. Apr. 10, 2014) ..................................................................11

*Yoshikawa v. Exxon Mobil Corp.*,
No. 3:21-cv-00194-N, ECF No. 43 (N.D. Tex. June 10, 2021)........................................12

**STATUTES**

15 U.S.C. § 78u-4 *et seq*. ...................................................................................... *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(a)(4)........................................................................................................8

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 (1995)...................2, 8

MANUAL FOR COMPLEX LITIG. (FOURTH) § 10.221 (4th ed. 2004)................................................13

7 WILLIAM B. RUBENSTEIN, NEWBERG ON CLASS ACTIONS § 22:36 (5th ed. 2016) ......................10

Laborers' District Council and Contractors' Pension Fund of Ohio ("Ohio Laborers"), the International Union of Operating Engineers, Local No. 793, Members Pension Benefit Trust of Ontario ("Local 793"), and IBEW Local 353 Pension Plan ("Local 353") (collectively, the "Labor Funds"), respectfully submit this memorandum in support of their motion: (1) to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) for approval of their selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Block & Leviton LLP ("Block & Leviton") as Co-Lead Counsel for the Class and Siebman Law LLP ("Siebman") as Liaison Counsel for the Class; (3) for consolidation of the above-captioned actions and any related securities class actions (the "Related Actions") pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"); and (4) for any such further relief as the Court may deem just and proper.

**<u>NATURE AND STAGE OF THE PROCEEDINGS</u>**

The Related Actions allege violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Reata Pharmaceuticals, Inc. ("Reata" or the "Company") and certain of the Company's senior executives, and are brought on behalf of all persons who purchased Reata stock between November 14, 2016 and December 8, 2021, inclusive (the "Class Period"). Reata investors—including the Labor Funds—incurred significant losses following disclosures revealing ongoing concerns from the U.S. Food and Drug Administration (the "FDA") regarding the validity of the clinical study design for one of the Company's lead drug candidates. The Related Actions are in the preliminary stages of litigation and require the appointment of a Lead Plaintiff and Lead Counsel, and consolidation, as mandated by the PSLRA.

## SUMMARY OF THE ARGUMENT

Pursuant to the PSLRA, the Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  The Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation, and whether that movant has made a *prima facie* showing of typicality and adequacy under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, the Labor Funds respectfully submit that they are the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff.  The Labor Funds believe that they have the largest financial interest in this action by virtue of their substantial investments in Reata common stock during the Class Period.[1]  Specifically, the Labor Funds incurred losses of over $662,000 on Class Period purchases of 12,289 shares of Reata common stock.

In addition to asserting the largest financial interest in this litigation, the Labor Funds also meet the applicable requirements of Rule 23 because their claims are typical of absent Class members and because they will fairly and adequately represent the interests of the Class.  Indeed, the Labor Funds are paradigmatic Lead Plaintiffs under the PSLRA because they are sophisticated institutional investors with a real financial interest in the litigation.  *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").  Accordingly, the

---

[1] For purposes of determining which movant has the largest financial interest at the lead plaintiff selection stage, courts generally use the longest possible class period on file, unless the allegations supporting it are frivolous or implausible. *See Ali v. Intel Corp.*, 2018 WL 2412111, at *2, n.6 (N.D. Cal. May 29, 2018); *In re Elan Corp. Sec. Litig.*, 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009) ("it is appropriate to use [the] more inclusive [class] period for present purposes" as long as the claims are not "implausible").  As such, the Class Period relied on for this Motion begins on November 14, 2016, the earliest date as alleged in *Laborers' District Council and Contractors' Pension Fund of Ohio v. Reata Pharmaceuticals, Inc.*, No. 4:22-cv-00041 (E.D. Tex.) ("*Laborers*"), and ends on December 8, 2021, the latest date as alleged in both *Doyle v. Reata Pharmaceuticals, Inc.*, No. 4:21-cv-00987 (E.D. Tex.) ("*Doyle*"), and *Filbert v. Reata Pharmaceuticals, Inc.*, No. 4:22-cv-00012-ALM (E.D. Tex.).

Labor Funds have both the incentive and ability to supervise and monitor counsel.

Further, as set forth in greater detail in their Joint Declaration submitted herewith, the Labor Funds fully understand the Lead Plaintiff's obligations to the Class under the PSLRA, and are willing and able to undertake the responsibilities of Lead Plaintiff to ensure the vigorous prosecution of this action.[2]  Moreover, prior to seeking a role as Lead Plaintiff, representatives of Ohio Laborers, Local 793, and Local 353 held a joint conference call to discuss the merits of the Related Actions, as well as the funds' common goals in the litigation.

The PSLRA expressly permits the appointment of a group as Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Courts in the Fifth Circuit and in this District, including this Court, have repeatedly appointed groups of investors that are capable of fairly and adequately protecting the interests of the class.  *See, e.g.*, *Okla. Law Enf't Ret. Sys. v. Adeptus Health, Inc.*, 2017 WL 3780164, at *8 (E.D. Tex. Aug. 31, 2017) (Mazzant, J.) (appointing group of institutional investors as lead plaintiff).  Here, the Labor Funds are committed to working together and will fairly and adequately protect the interest of the Class.  *See* Smith Decl., Ex. A.

The Labor Funds have also demonstrated their adequacy through the selection of Bernstein Litowitz and Block & Leviton as proposed Lead Counsel and Siebman as proposed Liaison Counsel for the Class.  Bernstein Litowitz and Block & Leviton are nationally recognized securities class action firms that have recovered billions of dollars for investors and are eminently qualified to prosecute this case.  Indeed, the Labor Funds selected Bernstein Litowitz and Block & Leviton to serve as Lead Counsel, in part, based on the firms' prior and current work together on behalf of investors in securities fraud class actions.

---

[2] *See* Joint Declaration of Matthew Archer, Joe Redshaw, and Kim Macpherson in Support of the Motion of the Labor Funds for Appointment as Lead Plaintiff, Approval of Selection of Counsel, and Consolidation of Related Actions ("Joint Declaration"), attached as Exhibit A to the Declaration of Elvin E. Smith III in Support of the Motion of the Labor Funds for Appointment as Lead Plaintiff, Approval of Selection of Counsel, and Consolidation of Related Actions (the "Smith Decl.").

Accordingly, based on the Labor Funds' significant financial interest and their demonstrated commitment and ability to oversee this action in a cohesive and coordinated fashion, the Labor Funds respectfully request that the Court appoint them as Lead Plaintiff and otherwise grant their motion.

## FACTUAL BACKGROUND[3]

Based in Plano, Texas, Reata is a clinical stage biopharmaceutical company that purports to develop novel therapeutics for serious or life-threatening diseases. Among Reata's lead drug candidates under development is bardoxolone, which is intended to treat chronic kidney disease caused by Alport syndrome.

The Related Actions allege that Reata's Phase 3 CARDINAL study was purportedly designed to measure the efficacy and safety of bardoxolone. The primary endpoint for Year 2 was the change from baseline in estimated glomerular filtration rate ("eGFR") after 100 weeks of treatment (end-of-treatment). The key secondary endpoint for Year 2 was the change from baseline in eGFR at Week 104 (four weeks after last dose in second year of treatment). After meeting with the FDA in October 2016, Defendants began touting the design of the Phase 3 trial and making positive statements about the ongoing clinical studies for bardoxolone. Beginning on November 14, 2016, Defendants Huff and Meyer both highlighted that the FDA had given "clear guidance" on the trial design. Both said that the key secondary endpoint would be the "change from baseline in the estimated GFR after withdrawal of the drug for four weeks." Throughout the Class Period, Huff, Meyer, and the Company repeatedly highlighted the use of the 4-week withdrawal periods in the Phase 3 trial and emphasized the FDA's approval of "retained benefit" as an endpoint in multiple rare forms of chronic kidney disease.

On August 10, 2020, the first hint of trouble regarding Reata's New Drug Application

---

[3] The facts alleged herein are taken from the complaint filed in the *Laborers* action. *See Laborers*, ECF No. 1.

4

("NDA") for bardoxolone began to emerge.  Reata revealed that the NDA might be delayed based on expected feedback from the FDA concerning the data Reata hoped to submit in support of the NDA.  Reata had previously guided investors to understand that the NDA would be filed by year-end 2020.  Reata's stock price plunged by 33% on this news.  Reata ultimately submitted its NDA on March 1, 2021.

Then, on December 6, 2021, the FDA released a briefing document ("Briefing Book") before the Advisory Committee Meeting to determine whether bardoxolone would be recommended for approval.  The Briefing Book revealed, among other things, that the FDA had repeatedly "voiced concerns about" the secondary endpoint being used to determine whether bardoxolone was effective. These concerns were first raised by the FDA at an October 2016 meeting, and the FDA continued to raise those same concerns at two subsequent meetings with Reata executives.  After the FDA released its Briefing Book on December 6, 2021, Reata's stock price plummeted 37%, falling from $78.69 per share to close at $48.92 per share, on unusually heavy trading volume.  At the meeting held on December 8, 2021, the thirteen members of the Advisory Committee voted unanimously against recommending bardoxolone for approval to the FDA, causing Reata's share price to fall further to close at $29.11 per share on December 9, 2021—down more than 63% from the opening of trading on December 6, 2021.

## ARGUMENT

### A.    The Labor Funds Should Be Appointed Lead Plaintiff

The Labor Funds respectfully submit that they should be appointed Lead Plaintiff because they are the movant "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws.  When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the plaintiff "most capable of adequately representing the

5

interests of class members" is the movant that has the "largest financial interest" in the relief sought by the class, so long as it also satisfies the relevant requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Adeptus Health*, 2017 WL 3780164, at *2.  As set forth below, the Labor Funds believe that they are the "most adequate plaintiff" and should be appointed Lead Plaintiff.

### i.      The Labor Funds Have Timely Moved for Appointment as Lead Plaintiff

Under the PSLRA, any class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A).  On December 20, 2021, an investor filed a complaint in this District, captioned *Doyle*, that alleged a class period of November 9, 2020 through December 8, 2021.  That same day, a notice was published on *Business Wire* alerting investors to the pendency of the *Doyle* action and informing them of the 60-day deadline to seek appointment as Lead Plaintiff, which is February 18, 2022.  *See* Smith Decl., Ex. B.  Subsequently, on January 20, 2022, Ohio Laborers filed a substantially similar action in this District, the *Laborers* action, which asserted a class period of November 14, 2016 through December 6, 2021.  The next day, counsel for Ohio Laborers, Block & Leviton, published a notice on *Globe Newswire* alerting investors to the pendency of the *Laborers* action and the expanded class period, and reiterating the February 18, 2022 deadline to seek appointment as Lead Plaintiff.  *See* Smith Decl., Ex. C. Accordingly, the Labor Funds' motion is timely.

### ii.      The Labor Funds Have the Largest Financial Interest in the Relief Sought by the Class

The Labor Funds should be appointed Lead Plaintiff because they believe that they have the "largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  As demonstrated herein, the Labor Funds incurred losses of over $662,000

on Class Period purchases of 12,289 shares of Reata common stock.[4]  To the best of the Labor Funds' knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation.  Accordingly, the Labor Funds have the greatest financial interest of any qualified movant seeking Lead Plaintiff status and are the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

### iii.    The Labor Funds Satisfy the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the Labor Funds otherwise satisfy the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  At the lead plaintiff stage, a movant need only make "a preliminary showing" that the movant satisfies the adequacy and typicality requirements of Rule 23.  *See Giovagnoli v. GlobalSCAPE, Inc.*, 2017 WL 11220692, at *3 (W.D. Tex. Nov. 6, 2017).  Here, the Labor Funds indisputably satisfy the typicality and adequacy requirements.

The Labor Funds' claims are typical of the claims of other purchasers of Reata securities. The typicality requirement "focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent." *Netsky v. Capstead Mortg. Corp.*, 2000 WL 964935, at *6 (N.D. Tex. July 12, 2000).  Here, the Labor Funds and all other Class members' claims arise from the same course of events and their legal arguments to prove Defendants' liability are nearly identical.  Indeed, like all other Class members, the Labor Funds (1) purchased Reata common stock during the Class Period, (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) were damaged thereby.  *See id.* at *7 (finding typicality requirement met when similar to all class members, proposed lead plaintiff "purchased [defendant company's] securities during the

---

[4] The Labor Funds' PSLRA-required Certifications are attached as Exhibit D to the Smith Decl.  Charts setting forth calculations of Labor Funds' losses are attached as Exhibit E to the Smith Decl.

Class Period and allegedly suffered damages as a result of Defendants' alleged conduct."). As such, the Labor Funds satisfy the typicality requirement.

The Labor Funds similarly satisfy the adequacy requirement of Rule 23. Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy of representation is satisfied when "the representative party will fairly and adequately protect the interests of the class," and there is no antagonism between the proposed lead plaintiff's interest and those of the class. *Id.* The Labor Funds satisfy these elements because their substantial financial stake in the litigation provides the incentive to vigorously represent the claims of the Class. The Labor Funds' interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between the Labor Funds and other Class members.

### iv. The Labor Funds Are Precisely the Type of Lead Plaintiff Envisioned by the PSLRA

In addition to satisfying the requirements of Rule 23, the Labor Funds—consisting of large, sophisticated institutional investors collectively responsible for overseeing over $6 billion in assets—are the type of investors Congress sought, through the enactment of the PSLRA, to encourage to lead securities class actions. *See* H.R. Conf. Rep. No. 104-369, at *34, *as reprinted in* 1995 U.S.C.C.A.N. at 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *see also In re Reliant Sec. Litig.*, 2002 U.S. Dist. LEXIS 27777, at *9-10 (S.D. Tex. Aug. 27, 2002) ("Large institutional investors . . . tend to be sophisticated investors capable of controlling attorneys in securities fraud litigation, and the [PSLRA], by emphasizing financial stake, expresses a preference for appointing such investors.").

The appointment of a group of Class members as Lead Plaintiff is expressly permitted by

the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Courts in this District and within the Fifth Circuit, including this Court, have repeatedly recognized the propriety of appointing groups of investors that are capable of "fairly and adequately protect[ing] the interests of the class." *Adeptus Health*, 2017 WL 3780164, at *8 (appointing group of institutional investors as lead plaintiff); *Holley v. Kitty Hawk, Inc.*, 200 F.R.D. 275, 280-81 (N.D. Tex. 2001) (appointing group of institutional investors as lead plaintiff after concluding that the group was capable of adequately protecting the interests of the class); *In re Universal Access, Inc. Sec. Litig.*, 209 F.R.D. 379, 387 (E.D. Tex. 2002) (same).

As set forth in their Joint Declaration, the Labor Funds have demonstrated their commitment to working cohesively as a group in the prosecution of this action. *See* Smith Decl., Ex. A ¶¶ 9-14, 19.  The Joint Declaration further explains that the Labor Funds each independently determined that it would be in their and the Class's best interests to seek to jointly prosecute these important claims.  *See id* ¶¶ 5-8.  On January 20, 2022, Ohio Laborers filed a complaint expanding the class period and including additional allegations beyond those asserted in the previously filed complaints in this matter.  *See id* ¶ 7.  After learning of the filing by Ohio Laborers—the only institutional investor to file a complaint against Reata—Local 793 and Local 353 determined that it would be in their and other Class members' best interests to seek appointment as Lead Plaintiff jointly with Ohio Laborers.  *See id*.

The Joint Declaration also sets forth the reasons why these institutional investors are collaborating in this litigation and established how the members intend to oversee counsel and this litigation.  *See id.* ¶¶ 5-13.  As reflected in the Joint Declaration, before seeking appointment as Lead Plaintiff, representatives of Ohio Laborers, Local 793, and Local 353 discussed together, among other things: the merits of the Related Actions and their common goals, including ensuring that the Class will benefit from the active involvement and supervision of Class counsel and the

9

litigation, and shared contact information so that they could be in contact with each other, including outside the presence of counsel. *See id.* ¶¶ 10-12.  In addition, representatives of Ohio Laborers, Local 793, and Local 353 consulted extensively with their proposed Lead Counsel regarding the merits of the claims against the Defendants and their losses arising from the Defendants' alleged misconduct. *See id.* ¶ 6.  As a result of their shared goals, and the importance of this litigation to all Reata investors, the members of the Labor Funds agree that their partnership is well-suited for this litigation and seek joint appointment as Lead Plaintiff. *See id.* ¶ 9.

Drawing upon their collective resources and experience, the Labor Funds' partnership is well-suited for this litigation and would advance the interests of the Class.  The members of the Labor Funds are sophisticated institutional investors that have experience serving as Lead Plaintiff in complex securities class action. *See id.* ¶¶ 2-4.  Indeed, Ohio Laborers served as lead plaintiff with two other institutional investors in *In re DFC Global Corp. Securities Litigation*, No. 13-cv-6731 (E.D. Pa.), and recovered $30 million for investors with Bernstein Litowitz serving as co-lead counsel. *See* Smith Decl., Ex. A ¶ 2.  Similarly, Local 353 is currently serving as co-lead plaintiff, with Bernstein Litowitz and Block & Leviton serving as co-lead counsel, in *In re Eargo, Inc. Securities Litigation*, No. 21-cv-8597 (N.D. Cal.). *See* Smith Decl., Ex. A ¶ 4.  Local 353 is also currently serving as lead plaintiff in *Reidinger v. Zendesk, Inc.*, No. 19-cv-6968 (N.D. Cal.). *See id.*

Through this prior experience, the Labor Funds are aware that cohesive lead plaintiff partnerships "best protect[] the interests of the class; afford[] the class the benefit of combined resources to defray what may prove to be significant up-front litigation costs; and give[] the class the advantages of the combined knowledge, experience, and judgment of both lead plaintiffs." 7 WILLIAM B. RUBENSTEIN, NEWBERG ON CLASS ACTIONS § 22:36, n.11 (5th ed. 2016).  That the Labor Funds chose to avail themselves and the Class to those significant benefits further

10

demonstrates their suitability to serve as Lead Plaintiff.

The evidence submitted by the Labor Funds demonstrating their commitment to vigorously and effectively representing the interests of the Class as members of a Lead Plaintiff group is more than sufficient to satisfy the adequacy and typicality requirements. *See Adeptus Health*, 2017 WL 3780164, at *8 (appointing group of institutional investors as lead plaintiff after concluding the group was capable of adequately protecting the interests of the class); *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, 2014 WL 1395059, at *7 (E.D. Pa. Apr. 10, 2014) (appointing group that submitted a declaration stating that the group "take[s] full responsibility for providing fair and adequate representation and overseeing counsel and espouses its commitment to prosecuting this litigation vigorously and efficiently").

### B.  The Labor Funds' Selection of Counsel Should Be Approved

The Court should approve the Labor Funds' selection of Bernstein Litowitz and Block & Leviton as Co-Lead Counsel on behalf of the Class.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), a movant shall, subject to court approval, select and retain counsel to represent the class it seeks to represent, and the court should not disturb Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Bernstein Litowitz and Block & Leviton are among the preeminent securities class action law firms in the country.  *See* Smith Decl., Exs. F (Firm Résumé of Bernstein Litowitz) & G (Firm Résumé of Block & Leviton).  Bernstein Litowitz has substantial experience representing shareholders in securities class actions.  For example, Bernstein Litowitz served as Lead Counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-03288-DLC (S.D.N.Y.), in which recoveries totaling in excess of $6 billion—one of the largest recoveries in securities class action history—were obtained for the class. Further, Bernstein Litowitz is highly experienced representing investors in securities class actions within the Fifth Circuit, including before this

11

Court. Bernstein Litowitz is responsible for the $44 million recovery in *Oklahoma Law Enforcement Retirement System v. Adeptus Health, Inc.*, No. 17-cv-449-ALM (E.D. Tex.) (Mazzant, J.).  In addition, Bernstein Litowitz is responsible for the $285 million recovery in *Wyatt v. El Paso Corp.*, No. 02-cv-2717-LNH (S.D. Tex.), and the $137 million recovery in *In re Electronic Data Systems Corp. Securities Litigation*, No. 03-cv-110 (E.D. Tex.), two of the top five largest securities class action recoveries ever obtained in the Fifth Circuit.[5]

Block & Leviton also has substantial experience representing shareholders in securities class actions.  The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, including *In re BP Securities Litigation*, No. 4:10-MD-02185 (S.D. Tex.), in this Circuit, which resulted in a $175 million recovery for investors. As recently noted by one district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.*, (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation* (N.D. Cal.). I find the experience garnered from such representations will

---

[5] Separately, the Labor Funds bring to the Court's attention an order issued by the United States District Court for the Northern District of California in an unrelated action where Bernstein Litowitz has been serving as lead counsel for lead plaintiff SEB Investment Management AB ("SEB"), and class counsel for the certified class. *See SEB Inv. Mgmt. AB v. Symantec Corp.*, 2021 WL 1540996, at *1 (N.D. Cal. Apr. 20, 2021) (Smith Decl., Ex. H).  Counsel for an unsuccessful lead plaintiff movant raised questions about Bernstein Litowitz's hiring of a former employee of the lead plaintiff.  Following discovery and extensive briefing, the court allowed Bernstein Litowitz to continue as class counsel. *See id.* at *1-2.  The court nevertheless ordered Bernstein Litowitz to bring the order to the attention of the court when seeking appointment as class counsel, and also to the decision maker for the proposed lead plaintiff who selects class counsel. *See id.* at *2.  The Labor Funds are aware of the order and affirm their selection of Bernstein Litowitz.  Importantly, the *Symantec* court recently granted final approval for a $70 million settlement achieved by SEB and Bernstein Litowitz.  In addition, courts have repeatedly approved Bernstein Litowitz as lead counsel in securities class actions after being apprised of the *Symantec* order. *See* Order, *Yoshikawa v. Exxon Mobil Corp.*, No. 3:21-cv-00194-N, ECF No. 43 at 3 (N.D. Tex. June 10, 2021) (finding that "the requirements of Rule 23" were "satisfy[ied]") (Smith Decl., Ex. I); *see also* Order, *Emps.' Ret. Fund of the City of Fort Worth v. James River Grp. Holdings, Ltd.*, No. 3:21-cv-00444-MHL, ECF No. 20 (E.D. Va. Sept. 22, 2021) (Smith Decl., Ex. J); Stipulation and Order Appointing IBEW Local 353 Pension Plan and Xiaobin Cai as Lead Plaintiff, Approving Their Selection of Lead Counsel, and Consolidating Actions, *Chung v. Eargo, Inc.*, No. 3:21-cv-08597-CRB, ECF No. 36 (N.D. Cal. Jan 5, 2022) (Smith Decl., Ex. K).  Bernstein Litowitz was also recently appointed class counsel in *In re Mattel, Inc. Securities Litigation*, 2021 WL 4704578, at *7 (C.D. Cal. Oct. 6, 2021), and *In re Myriad Genetics, Inc. Securities Litigation*, 2021 WL 5882259, at *13 (D. Utah Dec. 13, 2021), after those courts were informed of the *Symantec* order.

12

benefit the shareholder in this suit.

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG, ECF No. 21 (D.N.J. 2018).

Bernstein Litowitz and Block & Leviton are not only each well-qualified and experienced law firms in their own right—they have a successful record working cooperatively together. Bernstein Litowitz and Block & Leviton recently secured a $98 million recovery in *In re Mattel, Inc. Securities Litigation*, No. 2:19-cv-10860-MCS (PLAx) (C.D. Cal.) (pending court approval). Similarly, Bernstein Litowitz and Block & Leviton were recently appointed Co-Lead Counsel in *In re Eargo, Inc. Sec. Litig.*, No. 3:21-cv-08597-CRB (N.D. Cal.), and are actively prosecuting that case.

Additionally, Siebman maintains an office in this District and has substantial litigation experience, including complex class actions. In addition, Siebman served as Liaison Counsel for Bernstein Litowitz before this Court in *Oklahoma Law Enforcement Retirement System v. Adeptus Health, Inc.*, No. 17-cv-449-ALM (E.D. Tex.). Thus, Siebman is well qualified to represent the Class as Liaison Counsel. *See* MANUAL FOR COMPLEX LITIG. (FOURTH) § 10.221 (4th ed. 2004) (discussing role of liaison counsel and noting that "[l]iaison counsel will usually have offices in the same locality as the court.").

Thus, the Court can be assured that by granting this motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve the Labor Funds' selection of Bernstein Litowitz and Block & Leviton as Co-Lead Counsel for the Class and Siebman as Liaison Counsel for the Class.

## C.    The Related Actions Should Be Consolidated

There are at least three related securities fraud class actions pending in this District against Reata:

13

| Case | Civil No. | Date Filed |
|------|-----------|------------|
| *Doyle v. Reata Pharmaceuticals, Inc.* | 4:21-cv-00987 | December 20, 2021 |
| *Filbert v. Reata Pharmaceuticals, Inc.* | 4:22-cv-00012 | January 7, 2022 |
| *Laborers' District Council and Contractors' Pension Fund of Ohio v. Reata Pharmaceuticals, Inc.* | 4:22-cv-00041 | January 20, 2022 |

The Related Actions have nearly identical defendants, and allege the same legal claims arising under the same set of facts.  Differences in the beginning of the alleged class periods, and other minor differences between the actions, do not render consolidation inappropriate because "there are also substantial commonalities, and [the Actions] involve 'overlapping [d]efendants and a common core of facts and legal issues.'"  *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 432-33 (S.D. Tex. 2010) (quoting *In re Enron Corp.*, *Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002)).  As such, the Related Actions qualify for consolidation under Rule 42(a). *Id*. Accordingly, the Related Actions should be consolidated into the first-filed *Doyle* action, No. 4:21-cv-00987.  Upon selection as Lead Plaintiff, the Labor Funds propose to file a single consolidated class action complaint under the caption *In re Reata Pharmaceuticals, Inc. Securities Litigation*.[6]

### CONCLUSION

For the reasons stated herein, the Labor Funds respectfully request that the Court appoint them as Lead Plaintiff, approve their selection of Bernstein Litowitz and Block & Leviton as Co-Lead Counsel for the Class and Siebman as Liaison Counsel for the Class, consolidate all related actions pursuant to Rule 42(a), and grant such other relief as the Court may deem just and proper.

---

[6] On February 18, 2022—the same day Lead Plaintiff motions were due in this case—an investor filed an identical securities class action against Reata and its executives in the U.S. District Court for the District of New Jersey (the "New Jersey Action"). *See Pham v. Reata Pharmaceuticals, Inc.*, No. 2:22-cv-00903 (D.N.J.), ECF No. 1.  Given the risk of inconsistent rulings and the inefficiency of litigating identical cases in different court houses, the Labor Funds submit that the New Jersey Action should be transferred to this District, which is where Reata is headquartered, and assigned to this Court.  As the presumptive Lead Plaintiff, the Labor Funds would seek to effectuate the transfer of the New Jersey Action to this District for consolidation with the Related Actions.

DATED: February 18, 2022

Respectfully submitted,

/s/ Elvin E. Smith III
Elvin E. Smith III
Bryan H. Burg
**SIEBMAN LAW LLP**
Federal Courthouse Square
300 N. Travis Street
Sherman, Texas 75090
(903) 870-0070 phone
elvinsmith@siebman.com
bryanburg@siebman.com

*Liaison Counsel for Proposed Lead Plaintiff
Laborers' District Council and Contractors'
Pension Fund of Ohio, International Union of
Operating Engineers, Local No. 793,
Members Pension Benefit Trust of Ontario,
and IBEW Local 353 Pension Plan*

John Rizio-Hamilton*
Avi Josefson*
Scott R. Foglietta*
**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
(212) 554-1400 phone
(212) 554-1444 fax
johnr@blbglaw.com
avi@blbglaw.com
scott.foglietta@blbglaw.com

*Counsel for Proposed Lead Plaintiff
International Union of Operating Engineers,
Local No. 793, Members Pension Benefit
Trust of Ontario and IBEW Local 353
Pension Plan, and Proposed Co-Lead
Counsel for the Class*

Jeffrey C. Block*
Jacob A. Walker*
Nathaniel Silver*
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
(617) 398-6020 fax

15

jeff@blockleviton.com
jake@blockleviton.com
nate@blockleviton.com

*Counsel for Proposed Lead Plaintiff Laborers' District Council and Contractors' Pension Fund of Ohio, and Proposed Co-Lead Counsel for the Class*

*\*(Pro Hac Vice to be filed)*

16

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule CV-7(h), counsel for the Labor Funds hereby certify that it was not possible to hold a personal conference in connection with the instant motion.  The statutory framework of the PSLRA requires all motions seeking Lead Plaintiff appointment to be made within 60 days of the publication of the notice of pendency of the action.  No such motions were filed meaningfully in advance of the Labor Funds' motion, and it was not possible to confer with an attorney for each party affected by the relief requested by the Labor Funds to determine whether the Labor Funds' motion would be opposed.

*/s/ Elvin E. Smith III*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, February 18, 2022, I electronically filed the above Motion of the Labor Funds for Appointment as Lead Plaintiff, Approval of Selection of Counsel, and Consolidation of Related Actions, and Memorandum of Law in Support Thereof, using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

*/s/ Elvin E. Smith III*