# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| TIM DOYLE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REATA PHARMACEUTICALS, INC., J. WARREN HUFF, and MANMEET S. SONI,<br><br>Defendants. | Case No. 4:21-cv-00987-ALM |
| MATTHEW FILBERT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REATA PHARMACEUTICALS, INC., J. WARREN HUFF, and MANMEET S. SONI,<br><br>Defendants. | Case No. 4:22-cv-00012-ALM |
| LABORERS' DISTRICT COUNCIL AND CONTRACTORS' PENSION FUND OF OHIO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REATA PHARMACEUTICALS, INC., J. WARREN HUFF, and COLIN J. MEYER, M.D.,<br><br>Defendants. | Case No. 4:22-cv-00041-ALM |

**JOINT DECLARATION OF MATTHEW ARCHER, JOE REDSHAW, AND KIM MACPHERSON IN SUPPORT OF THE MOTION OF THE LABOR FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF SELECTION OF COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS**

We, Matthew Archer, Joe Redshaw, and Kim Macpherson, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. We respectfully submit this Joint Declaration in support of the motion of the Laborers' District Council and Contractors' Pension Fund of Ohio ("Ohio Laborers"), International Union of Operating Engineers, Local No. 793, Members Pension Benefit Trust of Ontario ("Local 793"), and IBEW Local 353 Pension Plan ("Local 353") (collectively, the "Labor Funds") for appointment as Lead Plaintiff in the securities class action litigation against Reata Pharmaceuticals, Inc. ("Reata" or the "Company") and certain of the Company's senior executives (collectively, "Defendants"), and approval of the Labor Funds' selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Block & Leviton LLP ("Block & Leviton") to serve as Co-Lead Counsel for the proposed Class.  We, and colleagues of ours at our respective institutions, are informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the selection and retention of counsel and overseeing the prosecution of the litigation.  We each have personal knowledge of the information in this Joint Declaration to the extent it concerns the institution with which we are respectively associated.

2. I, Matthew Archer, am the Administrative Manager of Ohio Laborers and am authorized to make this declaration on behalf of Ohio Laborers.  Ohio Laborers is a Taft-Hartley-pension fund that provides retirement benefits to over 22,000 active and retired members and their beneficiaries in the state of Ohio and certain counties in Kentucky and West Virginia.  As of 2021, Ohio Laborers manages approximately $2.6 billion in pension assets.  As reflected in its certification, Ohio Laborers suffered substantial losses as a result of its investment in Reata common stock during the Class Period.  Ohio Laborers is a sophisticated institutional investor that

understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA. Ohio Laborers' familiarity with the PSLRA's requirements is informed by, among other things, its experience serving as co-lead plaintiff in other securities class actions. For example, Ohio Laborers served as lead plaintiff with two other institutional investors in *In re DFC Global Corp. Securities Litigation*, No. 13-cv-6731 (E.D. Pa.), and recovered $30 million for investors, with Bernstein Litowitz serving as co-lead counsel. In addition, Ohio Laborers served as lead plaintiff with two other institutions and recovered $12.5 million for investors in *In re OmniVision Technologies, Inc. Securities Litigation*, No. 11-cv-5235 (N.D. Cal.).

3.     I, Joe Redshaw, am the President of Local 793 of the International Union of Operating Engineers and the Executive Director of Operating Engineers Benefits Administration Corporation—the administrator for Local 793—and am authorized to make this declaration on behalf of Local 793. Local 793 is a public pension fund that provides retirement benefits to over 17,600 crane and heavy equipment operators, other skilled workers, and their families. As of 2021, Local 793 manages approximately $3.5 billion in pension assets. As reflected in its certification, Local 793 suffered substantial losses as a result of its investment in Reata common stock during the Class Period. Local 793 is a sophisticated institutional investor that understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.

4.     I, Kim Macpherson, am the Chief Executive Officer for the Toronto Electrical Industry Benefit Administration Services, and am authorized to make this declaration on behalf of Local 353. Local 353 is a public pension fund that provides retirement benefits to over 12,000 working members, 3,100 retirees, and their families. As of December 31, 2019, Local 353 manages $1.85 billion in pension assets. As reflected in its certification, Local 353 suffered substantial losses as a result of its investment in Reata common stock during the Class Period.

2

Local 353 is a sophisticated institutional investor that understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.  Local 353's familiarity with the PSLRA's requirements is informed by, among other things, its experience serving as lead plaintiff in other securities class actions, including working together as co-lead plaintiff, with Bernstein Litowitz and Block & Leviton serving as co-lead counsel, in *In re Eargo Inc. Securities Litigation*, No. 21-cv-8597 (N.D. Cal.).  Local 353 is also currently serving as lead plaintiff in *Reidinger v. Zendesk, Inc.*, No. 19-cv-6968 (N.D. Cal.).

5.      The Labor Funds are each highly motivated to recover the substantial losses that they incurred as a result of Defendants' violations of the federal securities laws.  Accordingly, we believe that this case should be prosecuted by sophisticated institutional investors with significant resources, experience leading class action lawsuits under the PSLRA, and a financial interest substantial enough to ensure the claims are litigated vigorously, efficiently, and in the best interests of the Class.  The Labor Funds' primary goal in this litigation is to maximize the Class's recovery from all potentially culpable parties.

6.      The Labor Funds each independently determined that they could maximize the Class's recovery by seeking appointment as Lead Plaintiff in this case.  After analyzing the merits of the claims against Defendants, the respective losses incurred arising from Defendants' alleged misconduct, and consulting with their counsel, the Labor Funds approved the filing of a motion for Lead Plaintiff appointment.

7.      The Labor Funds also each independently determined that it would be in their and the Class's best interests to seek to jointly prosecute these important claims.  On January 20, 2022, after working with its counsel, Block & Leviton, to engage in an investigation of the claims against Reata, Ohio Laborers filed a complaint expanding the Class Period and including additional

3

allegations beyond those asserted in the previously filed complaints in this matter. After learning of the complaint filed by Ohio Laborers—the only institutional investor to file a complaint against Reata—Local 793 and Local 353 determined that it would be in theirs and other Class members' best interests to seek appointment as Lead Plaintiff jointly with Ohio Laborers.

8.      Indeed, Ohio Laborers and Local 353 have experience serving as co-lead plaintiffs separate and apart from this case, and the Labor Funds recognize the benefits to the Class that result from having sophisticated institutions cooperate in the prosecution of complex securities actions. As a result, the Labor Funds all determined that serving as Lead Plaintiff with one another would allow them to maximize the recovery for all Class members, and allow for the sharing of experiences, resources, and collaboration on litigation strategy. The Labor Funds decided to work together to prosecute this case because they believed doing so would benefit Reata investors and provide the Class with the best possible representation.

9.      The Labor Funds agree that their partnership is well suited for this litigation and will further the interests of the Class. Indeed, Ohio Laborers' and Local 353's prior experiences working with other institutional investors in actions pursuant to the PSLRA demonstrate that a small, cohesive group of sophisticated fiduciaries informed by diverse perspectives has a positive effect on the quality of the representation provided to class members, especially in complex actions such as this one. The Labor Funds are aware that the PSLRA and courts throughout the country, including this Court, endorse groups serving as lead plaintiff when they are able to effectively oversee counsel in an independent manner and demonstrate that they will vigorously prosecute the action in the best interests of the class. The Labor Funds intend to litigate the action against Defendants in such an independent, efficient, and vigorous manner.

4

10.     Prior to seeking appointment as Lead Plaintiff, we convened a conference call to discuss the Labor Funds' commitment to jointly prosecute this litigation. During the call, representatives of the Labor Funds discussed, among other things: the facts and the merits of the claims against Defendants; the losses arising from Defendants' misconduct; the strategy for the prosecution of this litigation; our shared desire to achieve the best possible result for the Class; our views on how to best represent investors in actions pursuant to the PSLRA and our prior experience under the PSLRA; our shared interest in serving jointly as Lead Plaintiff in this case in order to, among other things, ensure that the Class's claims will be efficiently and zealously prosecuted through our oversight of our proposed Co-Lead Counsel, Bernstein Litowitz and Block & Leviton; and the actions we have taken and will continue to take to ensure that this case will be prosecuted in the best interests of the Class.

11.     We are highly motivated to recover our respective funds' substantial losses and intend to share our perspectives, experiences, and resources to direct this litigation, as we have done in other cases. To that end, we discussed with each other the importance of joint decision-making and maintaining communication that will enable each of us to confer, with or without counsel, via telephone and/or email on short notice to ensure that we are able to make timely decisions. We have shared direct contact information with each other so that we can communicate with or without counsel. Ohio Laborers, Local 793, and Local 353 each have staff capable of overseeing this matter that are available to confer via telephone and/or email to ensure that the funds are able to make timely decisions.

12.     Moreover, in the cases in which our institutions partnered with other institutional investors as lead plaintiff, we are not aware of any instance of disagreement between co-lead plaintiffs that could not be resolved through discussion and collaboration among the members of

5

the group.  Through our discussions, we determined that the Labor Funds were like-minded, sophisticated institutional investors that are joined through our common mandate of providing for the retirement of labor union members located in North America.  We are also aligned in our objective to work collaboratively to maximize the recovery for investors through this litigation.  Based on our experience and given our shared goal of achieving the best possible recovery for the class, we do not envision having any disagreement that could not be resolved through discussion with each other and our counsel.

13.    In addition to discussing our goals for the litigation, we discussed the importance of selecting a qualified law firm to prosecute the Class's interests and to do so efficiently.  With respect to our selected counsel, we believe that the Class will benefit from having law firms experienced in litigating securities class actions successfully as Lead Counsel.  Our close working relationships with Bernstein Litowitz and Block & Leviton, including through our oversight of their work as Lead Counsel in other actions pursuant to the PSLRA, ensures the Class will be provided with the best possible representation in this case.

14.    We are aware of the experience, resources, and success of our proposed Lead Counsel, Bernstein Litowitz and Block & Leviton, and we are aware they are accomplished law firms with a history of achieving significant monetary recoveries and meaningful corporate governance reforms through litigation.  We understand that Bernstein Litowitz and Block & Leviton have experience working together in other securities class actions, including in *In re Mattel, Inc. Securities Litigation*, No. 19-cv-10860 (C.D. Cal.), in which they achieved a recovery of $98 million for investors (pending final approval).

15.    Through our oversight, we fully believe that Bernstein Litowitz and Block & Leviton will prosecute this litigation in a zealous and efficient manner as Lead Counsel.  For

6

example, we understand that Bernstein Litowitz is among the preeminent securities class action law firms in the country.  Bernstein Litowitz served as lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history—were obtained for the class.  More recently, Bernstein Litowitz obtained a $1.06 billion recovery (inclusive of attorneys' fees) for the class in *In re Merck & Co., In. Securities, Derivative, & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.).  Bernstein Litowitz also secured a resolution of $2.43 billion in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y.), and a $730 million recovery in *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522 (S.D.N.Y.).

16.    Other significant securities class actions in which courts in this Circuit have recognized Bernstein Litowitz as adequate and qualified class counsel include *In re Cobalt International Energy, Inc. Securities Litigation*, No. 14-cv-3428 (S.D. Tex.) (recovering $335 million for investors), and *Wyatt v. El Paso Corp.*, No. 02-cv-2717 (S.D. Tex.) (recovering $285 million for investors)—two of the largest securities class action recoveries ever obtained in the Fifth Circuit.  Bernstein Litowitz also served as lead counsel in *In re Electronic Data Systems Corp. Securities Litigation*, No. 03-cv-110 (E.D. Tex.) (recovering $137.5 million), *In re Adeptus Health Inc. Securities Litigation*, No. 17-cv-449 (E.D. Tex.) (recovering $44 million for investors) (Mazzant, J.), and *Bach v. Amedisys, Inc.*, No. 10-cv-395 (M.D. La.) (recovering $43.75 million for investors).  Ultimately, we believe the experience of Bernstein Litowitz serving successfully as lead counsel in PSLRA cases will ensure that the Class will receive zealous yet efficient representation in this case.

17.    Further, we understand that Block & Leviton served as lead counsel in several actions, including in federal courts in Texas.  For example, Block & Leviton served as co-lead

7

counsel in *In re: BP Securities Litigation*, No. 4:10-MD-02185 (S.D. Tex.) ($175 million recovery); and *In re EZCORP, Inc. Securities Litigation*, No. 1:15-cv-00608-SS (W.D. Tex.) ($4.85 million recovery). We understand that Block & Leviton has also led or co-led cases with recent significant recoveries for investors, including in *Snap Securities Cases* (Cal. Sup. Ct.), which combined with a parallel federal action recovered $187.5 million; *In re Tezos Securities Litigation*, No. 3:17-cv-067779-RS (N.D. Cal.) ($25 million recovery); and *In re Mammoth Securities Litigation*, No. CIV-19-522-J (W.D. Okla.) ($11 million recovery). Finally, we understand that Block & Leviton successfully led a class action in *In re Trevena Securities Litigation*, No. 2:18-cv-4378-CMR (E.D. Pa.) (8.5 million recovery), which involved issues with FDA interactions similar to those presented in this action. Ultimately, we believe the experience of Block & Leviton serving successfully as lead counsel in PSLRA cases will ensure that the Class will receive zealous yet efficient representation in this case.

18. Our decision to select Bernstein Litowitz and Block & Leviton as our proposed Lead Counsel was also informed by our analysis of the claims against Reata and the evidence developed by Bernstein Litowitz and Block & Leviton through their investigation into Defendants' alleged wrongdoing. As noted, Block & Leviton also filed a complaint on behalf of Ohio Laborers expanding the scope of the allegations against Defendants.

19. The Labor Funds hereby reaffirm our commitment to satisfying the fiduciary obligations that Ohio Laborers, Local 793, and Local 353 will assume if appointed Lead Plaintiff, including by conferring with counsel regarding litigation strategy and other matters, attending court proceedings, depositions, settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, the Labor Funds will ensure that the Reata securities litigation will be vigorously prosecuted consistent

8

with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the Class, and will seek to obtain the best possible recovery for the Class.

**[REMAINDER INTENTIONALLY BLANK]**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Ohio Laborers are true to the best of my knowledge.

Executed this 18th day of February, 2022.

_____

Matthew Archer
On Behalf of Ohio Laborers

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to Local 793 are true to the best of my knowledge.  Executed this __ day of February, 2022.


_____

Joe Redshaw
On Behalf of Local 793

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to Local 353 are true to the best of my knowledge.  Executed this _15th_ day of February, 2022.


_Kim Macpherson_

_____

Kim Macpherson
On Behalf of Local 353