# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| TIM DOYLE, Individually and on Behalf of All Others Similarly Situated, *et al.*,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>REATA PHARMACEUTICALS, INC., J. WARREN HUFF, MANMEET S. SONI, and COLIN J. MEYER,<br><br>　　　　　　　　　Defendants. | Case No. 4:21-cv-00987-ALM LEAD<br><br><u>CLASS ACTION</u> |

## ORDER ON JOINT STIPULATION SETTING A SCHEDULE FOR FILING OF CONSOLIDATED COMPLAINT AND MOTION TO DISMISS

WHEREAS, the above-captioned action (the "Action") is a consolidated putative class action asserting claims against Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act");

WHEREAS, the Action is governed by Section 21D(a)(3) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including provisions for the appointment of a lead plaintiff and lead counsel for the putative class;

WHEREAS, pursuant to the PSLRA, any member of the proposed class that files a motion for appointment as Lead Plaintiff prior to the statutory deadline can be considered for such appointment, even if that putative class member had not filed an action against the defendants.

WHEREAS, pursuant to the PSLRA, Wespath, which did not file a complaint against Defendants, filed a timely Motion for Consolidation, Appointment as Lead Plaintiff, and Approval

of Selection of Counsel and Memorandum of Law in Support Thereof on February 18, 2022 (ECF No. 20)[1];

WHEREAS, the Court granted Wespath's Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Counsel and Memorandum of Law in Support Thereof (ECF Nos. 33–34);

WHEREAS, Wespath intends to file a consolidated amended complaint ("Consolidated Complaint") and Defendants intend to file a motion to dismiss the Consolidated Complaint;

WHEREAS, pursuant to the PSLRA, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss," 15 U.S.C. § 78u-4(b)(3)(B);

WHEREAS, in the interests of judicial economy, efficiency, and conservation of Court and party resources, Plaintiffs Tim Doyle ("Doyle") and Laborers' District Council and Contractors' Pension Fund of Ohio ("Laborers") and Defendants stipulated, in separate actions, that no answer, motion, or other response to the operative pleading should be due until after the appointed lead plaintiff and lead counsel have had the opportunity to prepare an amended complaint[2];

WHEREAS, the Court ordered, pursuant to Plaintiffs Doyle and Laborers' and Defendants' separate stipulations: (1) Defendants are relieved of any obligation to respond to the initial Complaint in the *Doyle* Action and *Laborers'* Action and (2) within fourteen (14) days of entry of the Court's order appointing a lead plaintiff and lead counsel in the Action, such lead counsel and counsel for Defendants shall meet and confer and jointly submit a proposed schedule for the filing

---

[1] Unless otherwise noted, all references to "ECF No." herein refer to *Doyle v. Reata Pharmaceuticals, Inc., et al.*, No. 21 Civ. 00987 (E.D. Tex.) ("*Doyle* Action").

[2] *See* Stipulation Regarding Scheduling (ECF No. 8) in the *Doyle* Action. *See* Stipulation Regarding Scheduling (ECF No. 9) in *Laborers' District Council and Contractors' Pension Fund of Ohio, et al. v. Reata Pharmaceuticals, Inc., et al.*, No. 22 Civ. 00041 (E.D. Tex.) ("*Laborers'* Action").

of an amended complaint, Defendants' response to the same, and any and all briefing associated therewith[3];

NOW, THEREFORE, Wespath and Defendants stipulate and agree, subject to the approval of the Court, as follows:

1. Wespath shall file a Consolidated Complaint within sixty (60) days following the entry of the Court's Order appointing a lead plaintiff and lead counsel in the Action (*i.e.*, on or before June 21, 2022);

2. Defendants shall answer or otherwise respond to the Consolidated Complaint within sixty (60) days after the deadline for Wespath to file a Consolidated Complaint (*i.e.*, on or before August 22, 2022);

3. Wespath shall file its opposition to any motion to dismiss within sixty (60) days after the deadline for Defendants to file a motion to dismiss (*i.e.*, on or before October 21, 2022);

4. Defendants shall file any reply in support of their motion to dismiss within twenty-eight (28) days following the deadline for Lead Plaintiff to file its opposition (*i.e.*, on or before November 18, 2022);

5. The Parties must meet and confer following any order that denies Defendants' motion to dismiss in whole or in part, and subsequently submit a proposed discovery plan and proposed scheduling order within fourteen (14) days following such order.

**IT IS SO ORDERED.**
**SIGNED this 13th day of May, 2022.**

_AMOS L. MAZZANT_
UNITED STATES DISTRICT JUDGE

---

[3] *See* Order on Stipulation Regarding Scheduling (ECF No. 12) in the *Doyle* Action. *See* Order on Stipulation Regarding Scheduling (ECF No. 10) in the *Laborers'* Action.