EXHIBIT 1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| TIM DOYLE, Individually and on Behalf of All Others Similarly Situated, *et al.,*<br><br>    Plaintiffs,<br><br>    v.<br><br>REATA PHARMACEUTICALS, INC., *et al.*<br><br>    Defendants. | Case No. 4:21-cv-00987-ALM LEAD<br><br><u>CLASS ACTION</u><br><br>Judge Amos L. Mazzant, III |

**DECLARATION OF JESSIE MAHN REGARDING: (I) MAILING OF NOTICE AND PROOF OF CLAIM FORM; (II) PUBLICATION OF SUMMARY NOTICE; (III) CALL CENTER SERVICES; (IV) THE SETTLEMENT WEBSITE; AND (V) REQUESTS FOR <u>EXCLUSION AND OBJECTIONS RECEIVED TO DATE</u>**

I, Jessie Mahn, declare and state, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a Project Manager employed by Epiq Class Action & Claims Solutions, Inc. ("Epiq"). Pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice dated November 27, 2023 (ECF No. 76, the "Preliminary Approval Order"), Epiq was retained to act as the Claims Administrator for the Settlement in the above-captioned action (the "Action").[1]

2. The following statements are based on my personal knowledge and information provided by Epiq employees working under my supervision, and if called on to do so, I could and would testify competently thereto.

3. I submit this Declaration to provide the Court and the Parties with information regarding, among other things, the mailing of the Court-approved Notice of: (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") and the Proof of Claim and Release Form (the "Claim Form" together with the Notice, the "Notice Packet"), as well as the publication and transmission of the Summary Notice, and establishment of the website and toll-free number dedicated to this Action, in accordance with the Preliminary Approval Order.

## I.      MAILING OF THE NOTICE AND CLAIM FORM

4. Pursuant to the Preliminary Approval Order, Epiq was responsible for disseminating the Notice Packet to potential Settlement Class members at the mailing addresses set forth in the records provided by Reata Pharmaceuticals, Inc. ("Reata"). By definition,

---

[1] Unless otherwise defined, all capitalized terms herein shall have the meaning ascribed to them in the Stipulation and Agreement of Settlement, dated October 30, 2023 (ECF No. 74-2, the "Stipulation").

Settlement Class Members are all persons and entities who purchased or otherwise acquired the publicly traded common stock of Reata between November 14, 2016 and December 8, 2021, inclusive (the "Settlement Class Period"), including all persons or entities who purchased or otherwise acquired Reata common stock pursuant and/or traceable to Reata's 2019 Offering and/or 2020 Offering. Excluded from the Settlement Class are: (i) Defendants; (ii) any person who served as a partner, control person, executive officer and/or director of Reata during the Settlement Class Period, and members of their Immediate Family; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Reata; (iv) any entity in which Defendants have or had a controlling interest during the Settlement Class Period; (v) any trust of which any Individual Defendant is the settlor or that is for the benefit of any Individual Defendant and/or member(s) of their Immediate Family; and (vi) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (v) hereof; *provided, however*, that any Investment Vehicle shall not be excluded from the Settlement Class. Also excluded from the Settlement Class are any persons and entities who or that validly exclude themselves by submitting a request for exclusion that is accepted by the Court.

5.       On November 28, 2023, Epiq received from Reata the names and addresses of potential members of the Settlement Class (as required by Paragraph 7(a) of the Preliminary Approval Order), identifying its shareholders of record for Reata common stock during the Settlement Class Period. The data received resulted in 575 unique mailing records with valid addresses. On December 26, 2023, Epiq caused Notice Packets to be mailed via first class U.S. mail, postage pre-paid, to the 575 unique and valid mailing records contained in the data provided by Reata.

6.      As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name"—*i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers. Epiq maintains and updates a proprietary internal list of the largest and most common banks, brokers, and other nominees. At the time of the Initial Mailing, Epiq's internal broker list contained 998 mailing records. On December 26, 2023, Epiq caused Notice Packets to be mailed to the 998 mailing records contained in its internal broker list.

7.      In total, Epiq mailed 1,573 copies of the Notice Packet as part of its initial mailing notice program (the "Initial Mailing"). A copy of the Notice is attached hereto as Exhibit A and a copy of the Claim Form is attached hereto as Exhibit B.

8.      The Notice directed those who purchased Reata common stock during the Settlement Class Period for the beneficial interest of a person or organization other than themselves to, within seven (7) calendar days of receipt of the Notice, either: (a) provide to Epiq a list(s) of shareholders of record (consisting of names and addresses) for Reata common stock during the Settlement Class Period; or (b) request additional copies of the Notice Packet from Epiq to forward to such beneficial owners within seven (7) calendar days of receipt of the Notice Packets.

9.      Through February 21, 2024, Epiq mailed an additional 13,724 Notice Packets to potential Settlement Class Members whose names and addresses were received from individuals or brokerage firms, banks, institutions, and other nominees requesting that Notice Packets be mailed to such persons or entities. Epiq also mailed another 15,285 Notice Packets to brokers and other nominee holders who requested Notice Packets to forward to their customers. All such requests have been, and will continue to be, complied with, and addressed in a timely manner.

3

10.     As of February 21, 2024, a total of 30,582 Notice Packets have been disseminated to potential Settlement Class Members and nominees by first-class mail.

11.     In addition, Epiq has been prompted to re-mail 40 Notice Packets to persons whose original mailings were returned by the U.S. Postal Service ("USPS") and for whom updated addresses were provided to Epiq by the USPS. As of February 21, 2024, a total of 136 Notice Packets remain undeliverable.

## II.     PUBLICATION OF THE SUMMARY NOTICE

12.     In accordance with Paragraph 7(d) of the Preliminary Approval Order, Epiq caused the Summary Notice to be published once in *Investor's Business Daily* and transmitted once over *PR Newswire* on January 8, 2024. Copies of proof of publication of the Summary Notice in *Investor's Business Daily* and over *PR Newswire* are attached hereto as Exhibit C.

## III.    CALL CENTER SERVICES

13.     Epiq reserved a toll-free phone number for the Settlement, (877) 664-7398, and published that toll-free number in the Notice Packet (*see* Ex. A at pg. 17; Ex. B at pgs. 1, 5, and 9) and on the website dedicated to the Settlement, www.ReataSecuritiesLitigation.com, (the "Settlement Website").

14.     The toll-free number became operational on December 22, 2023. The toll-free number connects callers with an Interactive Voice Recording ("IVR"). The IVR provides potential Settlement Class Members and others who call the toll-free telephone number access to additional information that has been pre-recorded. The toll-free telephone line with pre-recorded information is available 24 hours-a-day, 7 days-a-week. Specifically, the pre-recorded message provides callers with a brief summary of the Settlement and the option to select one of several more detailed recorded messages addressing frequently asked questions. The IVR also allows callers to request

4

that a copy of the Notice Packet be mailed to them, or the caller may opt to speak live with a trained operator. Callers are able to speak to a live operator regarding the status of the Settlement and/or obtain answers to questions they may have Monday through Friday, from 8:00 a.m. to 8:00 p.m. Central Time (excluding official holidays).

15.    As of February 21, 2024, Epiq has received a total of 25 calls to the toll-free number dedicated to the Settlement, including 14 that were handled by a live operator. Epiq has promptly responded to each telephone inquiry and will continue to address potential Settlement Class Members' inquiries.

## IV.    THE SETTLEMENT WEBSITE

16.    In accordance with Paragraph 7(c) of the Preliminary Approval Order, Epiq, in coordination with Lead Counsel, designed, implemented, and currently maintains a Settlement Website dedicated to the Action, www.ReataSecuritiesLitigation.com. The address for the Settlement Website is set forth in the Notice, Claim Form, and Summary Notice. *See* Ex. A at pgs. 8, 9, and 17; Ex. B at pgs. 1, 5, and 9; Ex. C at pgs. 2, 4, and 5.

17.    The Settlement Website became operational on December 22, 2023, and is accessible 24 hours-a-day, 7 days-a-week. Among other things, the Settlement Website includes information regarding the proposed Settlement, including the exclusion, objection, and claim-filing deadlines and the date and time of the Court's Settlement Hearing as well as instructions on how to attend the Settlement Hearing. The Settlement Website also includes a link to an online claim filing module through which Settlement Class Members can submit their claims. In addition, copies of the Notice, Claim Form, Stipulation of Settlement, Preliminary Approval Order, and other documents related to the Action are posted on the Settlement Website and are available for

5

download. Epiq will continue operating, maintaining, and, as appropriate, updating the Settlement Website until the conclusion of this administration.

18.    As of February 21, 2024, there have been 1,638 unique visitors to the Settlement Website and 4,229 pageviews.

## V.    REQUESTS FOR EXCLUSION AND OBJECTIONS

19.    The Notice, Summary Notice, and Settlement Website inform Settlement Class Members that requests for exclusion from the Settlement Class must be received by March 8, 2024. *See* Ex. A at pg. 15; Ex. C at pgs. 2 and 5. The Notice directs Settlement Class Members who wish to request exclusion to mail their request to Doyle v. Reata Pharmaceuticals, Inc., EXCLUSIONS. c/o Epiq. P.O. Box 5566. Portland, OR 97228-5566. *See* Ex. A at pg. 15. The Notice also sets forth the information that must be included in each request for exclusion. *See id.* Epiq monitors all mail delivered to this P.O. Box.

20.    As of February 21, 2024, Epiq has received no requests for exclusion. Epiq has monitored and will continue to monitor all mail delivered to this address. Epiq will submit a supplemental declaration after the March 8, 2024 deadline addressing any requests for exclusion received.

21.    The Notice, Summary Notice, and Settlement Website also inform Settlement Class Members that: they may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; the objections must be in writing, and must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are received on or before March 8, 2024. *See* Ex. A at pg. 16; Ex. C at pgs. 2 and 5.

6

22.     Through February 21, 2024, Epiq has not been informed of any objections to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, which includes a reimbursement award to Lead Plaintiff. Epiq will submit a supplemental declaration after the March 8, 2024 deadline addressing any objections received.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on February 22, 2024, in Seattle, WA.

_____

Jessie Mahn

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| TIM DOYLE, Individually and On Behalf of All Others Similarly Situated, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> REATA PHARMACEUTICALS, INC., *et al.*, <br><br> Defendants | Case No. 4:21-cv-00987-ALM LEAD <br><br> <u>CLASS ACTION</u> |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*<u>A Federal Court authorized this Notice. This is not a solicitation from a lawyer.</u>*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action")[1] pending in the United States District Court for the Eastern District of Texas (the "Court"), if, during the period between November 14, 2016 and December 8, 2021, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired the common stock of Reata Pharmaceuticals, Inc. ("Reata" or the "Company"), including Reata common stock purchased or otherwise acquired pursuant and/or traceable to Reata's 2019 Offering and/or 2020 Offering [2] (the "Offerings Subclass").

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiff,[3] on behalf of itself and the Settlement Class (as defined in ¶ 23 below), have reached a proposed settlement of the Action for $45,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Reata, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 89 below).**

1.  **<u>Description of the Action and the Settlement Class</u>:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendant Reata, defendants J. Warren Huff, Colin J. Meyer, and Manmeet S. Soni (the "Officer Defendants"), defendants James E. Bass, William D. McClellan, Jr., R. Kent McGaughy, Jack B. Nielsen, and William E. Rose (the "Director Defendants"), and defendants Barclays Capital Inc., Cantor Fitzgerald & Co., Citigroup Global Markets Inc., Goldman Sachs & Co. LLC, Jefferies LLC, Ladenburg Thalmann & Co., Inc., Robert W. Baird & Co. Incorporated, Stifel, Nicolaus & Company, Incorporated, and SVB Securities LLC, f/k/a SVB Leerink LLC, n/k/a Leerink Partners LLC (the "Underwriter Defendants"),[4] violated the federal securities laws by purportedly making false and misleading

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated October 30, 2023 (the "Stipulation"), which is available at www.ReataSecuritiesLitigation.com.

[2] The "2019 Offering" means Reata's secondary stock offering, conducted on or about November 14, 2019, of 2.76 million shares of Reata common stock at $183.00 per share. The "2020 Offering" means Reata's secondary stock offering, conducted on or about December 1, 2020, of 2.0 million shares of Reata common stock at $140.85 per share.

[3] Lead Plaintiff is UMC Benefit Board, Inc., US Equity Fund-P Series, a series of the Wespath Funds Trust, US Equity Index Fund-P Series, a series of the Wespath Funds Trust, Wespath Institutional Investments LLC, US Equity Fund-I Series, a series of the Wespath Funds Trust, and US Equity Index Fund-I Series, a series of the Wespath Funds Trust (collectively referred to herein as "Wespath" or "Lead Plaintiff").

[4] The Officer Defendants and Director Defendants are collectively referred to herein as the "Individual Defendants." The Individual Defendants and Reata are collectively referred to herein as the "Reata Defendants." The Reata Defendants and Underwriter Defendants are collectively referred to herein as "Defendants."

statements and omissions to investors. A more detailed description of the Action is set forth in paragraphs 11-22 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 23 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of itself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of $45,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less any (a) Taxes, (b) Notice and Administration Costs, (c) Litigation Expenses awarded by the Court,  (d) attorneys' fees awarded by the Court, and (e) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth in paragraphs 49-72 below.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiff's damages expert's estimates of the number of shares of Reata common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) per eligible share is $1.67. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their shares of Reata common stock, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* paragraphs 49-72 below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel have been prosecuting the Action on a wholly contingent basis since its inception in 2021. Consequently, Plaintiffs' Counsel have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute the Action. Court-appointed Lead Counsel, Kirby McInerney LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33⅓% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against Defendants, in an amount not to exceed $500,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class in an amount not to exceed $10,000. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of Reata common stock, if the Court approves Lead Counsel's fee and expense application, is $0.57 per eligible share.

6. **Identification of Attorneys' Representatives:** Lead Plaintiff and the Settlement Class are represented by Daniel Hume, Esq. of Kirby McInerney LLP, 250 Park Avenue, Suite 820, New York, NY 10177, (212) 371-6600, dhume@kmllp.com.

7. **Reasons for the Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

AJ5612 v.12

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE, VIA EMAIL, OR POSTMARKED NO LATER THAN APRIL 24, 2024.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 32 below) that you have against Defendants' Releasees (defined in ¶ 33 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN MARCH 8, 2024.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN MARCH 8, 2024.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING CURRENTLY SCHEDULED FOR MARCH 29, 2024 AT 9:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN MARCH 8, 2024.** | Filing a written objection and notice of intention to appear by March 8, 2024 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement, and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

WHY DID I RECEIVE THIS NOTICE?................................................................4

WHAT IS THIS CASE ABOUT? .......................................................................4

HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
WHO IS INCLUDED IN THE SETTLEMENT CLASS? ...........................................5

WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?......................6

WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?..............................6

HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION
AND THE SETTLEMENT?.............................................................................6

HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?.........8

HOW MUCH WILL MY PAYMENT BE? .........................................................8

WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?
HOW WILL THE LAWYERS BE PAID? .........................................................15

WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?
HOW DO I EXCLUDE MYSELF?..................................................................15

WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?
DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I
DO NOT LIKE THE SETTLEMENT?..............................................................15

WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?.........................17

CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?...................17

AJ5613 v.12

## WHY DID I RECEIVE THIS NOTICE?

8.   The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Reata common stock during the Settlement Class Period. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.   The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* paragraph 79 below for details about the Settlement Hearing, including the date and location of the hearing.

10.  The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11. A class action complaint was filed in the Court on December 20, 2021, styled *Doyle et al. v. Reata Pharmaceuticals, Inc. et al.*, No. 4:21-cv-00987.

12. By Order dated April 22, 2022, Wespath was appointed Lead Plaintiff, and its selection of Kirby McInerney LLP to serve as Lead Counsel and Steckler Wayne Cochran Cherry PLLC to serve as Liaison Counsel was approved by the Court.

13. On June 21, 2022, Lead Plaintiff filed and served its Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws (the "CAC") asserting claims against: (i) Reata and the Officer Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; (ii) the Officer Defendants under Section 20(a) of the Exchange Act; (iii) Reata, the Director Defendants, the Underwriter Defendants, and officer defendants Huff and Meyer, under Section 11 of the Securities Act of 1933 (the "Securities Act"); (iv) all Defendants under Section 12(a)(2) of the Securities Act; and (v) the Individual Defendants under Section 15 of the Securities Act. Among other things, the CAC alleged that Reata's public statements and offering materials contained false and misleading statements, and omitted to disclose material adverse information, concerning a phase 2/3 trial for Reata's drug, bardoxolone ("Bard"), known as CARDINAL. The CAC further alleged that the prices of Reata's publicly-traded securities were artificially inflated as a result of the allegedly false and misleading statements, and declined when the truth was allegedly revealed.

14. On September 7, 2022, Defendants moved to dismiss the CAC in full. On November 23, 2022, Lead Plaintiff filed its opposition to the motion to dismiss and, on January 9, 2023, Defendants filed a reply in further support of their motion to dismiss.

15. On February 10, 2023, while the motion to dismiss was *sub judice*, the Parties notified the Court of their intention to mediate with Jed D. Melnick, Esq. of JAMS. On February 13, 2023, the Court entered an order referring the Action to mediation and appointing Mr. Melnick to serve as mediator.

16. Thereafter, Lead Counsel and counsel for the Reata Defendants exchanged extensive mediation statements and exhibits that addressed, among other things, issues related to liability and damages. On April 25, 2023, Lead Counsel and counsel for the Reata Defendants, along with certain of the Reata Defendants and Lead Plaintiff's representative, participated in an in-person mediation session with Mr. Melnick. The session ended without an agreement to settle.

17. During the mediation session, the Reata Defendants agreed to produce to Lead Plaintiff approximately 2,046,586 pages of non-public documents relating to matters alleged in the CAC. Following the Reata Defendants' production (and Lead Plaintiff's review) of these documents, Lead Counsel and counsel for the Reata Defendants exchanged extensive supplemental mediation statements and exhibits and then participated with client representatives in a second full-day, in-person mediation session before Mr. Melnick on July 24, 2023.

18. The second mediation session culminated in a mediator's recommendation to resolve the Action for $45,000,000 for the benefit of the Settlement Class, which Lead Plaintiff and the Reata Defendants subsequently accepted. The Parties further entered into a settlement term sheet on September 1, 2023 (the "Term Sheet").

19. Following execution of the Term Sheet, Lead Plaintiff and the Reata Defendants engaged in confirmatory discovery. Specifically, the Reata Defendants produced, and Lead Plaintiff reviewed, an additional 16,023 pages of documents and Lead Counsel interviewed Individual Defendants Huff and Meyer.

20. Based on the investigation and mediation of the case and Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of their counsel, Lead Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

21. Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants denies any and all wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶ 33 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit.

22. On November 27, 2023, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

23. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> All persons or entities who purchased or otherwise acquired the publicly traded common stock of Reata between November 14, 2016 and December 8, 2021, inclusive (the "Settlement Class Period"), including all persons or entities who purchased or otherwise acquired Reata common stock pursuant and/or traceable to Reata's 2019 Offering and/or 2020 Offering (the "Offerings Subclass").

Excluded from the Settlement Class are: (i) Defendants; (ii) any person who served as a partner, control person, executive officer, and/or director of Reata during the Settlement Class Period, and members of their Immediate Family; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Reata; (iv) any entity in which Defendants have or had a controlling interest during the Settlement Class Period; (v) any trust of which any Individual Defendant is the settlor or that is for the benefit of any Individual Defendant and/or member(s) of their Immediate Family; and (vi) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (v) hereof; *provided, however*, that any "Investment Vehicle" shall not be excluded from the Settlement Class. Investment Vehicle means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What if I Do Not Want to Be a Member of the Settlement Class? How Do I Exclude Myself," on page 15 below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN ONLINE OR POSTMARKED NO LATER THAN APRIL 24, 2024.**

AJ5615 v.12

## WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

24. Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the remaining Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. For example, Defendants argued and would have continued to argue that: (i) they disclosed to investors all material information about the Company that they were required to disclose; (ii) to the extent that the United States Food and Drug Administration ("FDA") had questions about the CARDINAL trial's design, Defendants were under no duty to disclose such concerns, to the extent that they even knew of them; (iii) certain of the Defendants' statements are subject to legal protections because, among other reasons, they were accompanied by adequate risk-factor disclosures and/or constituted Defendants' good-faith opinions; and (iv) Defendants did not intend to deceive investors about the CARDINAL trial or any other subject. Additionally, Lead Plaintiff would have to prevail at several stages – motion to dismiss, class certification, motions for summary judgment, trial, and if it prevailed on those, on the appeals that were likely to follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

25. In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $45,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after the motion to dismiss, summary judgment, trial, and appeals, possibly years in the future.

26. Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

27. If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of the claims asserted against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at the motion to dismiss stage, class certification, summary judgment, trial, or appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

28. As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section below entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?"

29. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section below entitled, "What if I Do Not Want to Be a Member of the Settlement Class? How Do I Exclude Myself?"

30. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section below entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?"

31. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived,

AJ5616 v.12

6

and discharged any and all Released Plaintiffs' Claims (as defined in ¶ 32 below) against the Defendants' Releasees (as defined in ¶ 33 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any and all of the Defendants' Releasees.

32. "Released Plaintiffs' Claims" means all claims, causes of action, demands, losses, and rights of every nature and description, whether known claims or Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, that Lead Plaintiff or any other member of the Settlement Class (or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such): (i) asserted in the CAC; (ii) could have asserted in any forum that arise out of or are based upon, in any way, directly or indirectly, any of the allegations, transactions, facts, events, matters, or occurrences, representations, or omissions involved, set forth, or referred to in the CAC; (iii) could have asserted in any other forum that arise out of or are based upon, in any way, directly or indirectly,  the purchase, acquisition, sale, or disposition of any Reata  securities during the Settlement Class Period; and/or (iv) could have asserted in any forum that arise out of or are based upon, in any way, directly or indirectly, Defendants' and/or their attorneys' defense or settlement of the Action and/or claims alleged therein. Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or that submits a request for exclusion that is accepted by the Court.

33. "Defendants' Releasees" means Defendants, Defendants' insurance carrier(s), Defendants' counsel, and any of their respective parents, subsidiaries, and affiliates (and all of their current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, insurers, reinsurers, employees, employers, agents, servants, representatives, partners, limited partners, heirs, advisors and attorneys, in their capacities as such, and each of their respective heirs, executors, administrators, successors, and assigns).

34. "Unknown Claims" means any Released Plaintiffs' Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, that, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment (as defined in the Stipulation), if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

35. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants and each of the other Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Defendants' Claims (as defined in ¶ 36 below) against Lead Plaintiff and other Plaintiffs' Releasees (as defined in ¶ 37 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

36. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims against any person or entity who or that submits a request for exclusion from the Settlement Class that is accepted by the Court; (iii) any indemnity obligations owed by any Defendant to any other Defendant; or (iv) any rights of any Underwriter Defendant against any other Underwriter Defendant.

37. "Plaintiffs' Releasees" means Lead Plaintiff, all other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

AJ5617 v.12

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

38.  To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and submit the Claim Form with adequate supporting documentation: **(i) online using the electronic version of the Claim Form hosted at www.ReataSecuritiesLitigation.com no later than April 24, 2024; (ii) by email to info@ReataSecuritiesLitigation.com no later than April 24, 2024, or (iii) by first-class mail to *Doyle v. Reata Pharmaceuticals, Inc.*, c/o Epiq, P.O. Box 5566, Portland, OR, 97228-5566 postmarked no later than April 24, 2024.** A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.ReataSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-877-664-7398. Please retain all records of your ownership of and transactions in Reata common stock, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

39.  At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

40.  Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid forty-five million dollars ($45,000,000) in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (a) all federal, state, and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members;  (c) any attorneys' fees and Litigation Expenses awarded by the Court; and (d) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

41.  The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

42.  Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

43.  Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

44.  Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form online, by email, or by mail postmarked on or before April 24, 2024 shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 32 above) against Defendants' Releasees (as defined in ¶ 33 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

45.  Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Reata common stock held through the ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of Reata common stock during the Settlement Class Period may be made by the plan's trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

AJ5618 v.12

46. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

47. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

48. Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Reata common stock during the Settlement Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only securities that are included in the Settlement are shares of Reata common stock.

## PROPOSED PLAN OF ALLOCATION

49. The Plan of Allocation set forth below is the plan for the distribution of the Net Settlement Fund that is being proposed by Lead Plaintiff and Lead Counsel to the Court for approval. The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website at www.ReataSecuritiesLitigation.com.

50. The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

51. The Action alleges claims under the Securities Act with respect to: (i) Reata common stock purchased or otherwise acquired pursuant or traceable to the 2019 Offering; and (ii) Reata common stock purchased or otherwise acquired pursuant or traceable to the 2020 Offering. It alleges claims under the Exchange Act with respect to all purchases or acquisitions of Reata common stock during the Settlement Class Period.[5]

52. Reata common stock purchased during the period November 14, 2019 through the closing of the 2019 Offering on November 18, 2019, both dates inclusive, at a purchase price equal to $183.00 per share, shall be considered an acquisition of Reata common stock pursuant or traceable to the Company's 2019 Offering. Reata common stock purchased during the period December 2, 2020 through the closing of the 2020 Offering on December 4, 2020, both dates inclusive, at a purchase price equal to $140.85 per share, shall be considered an acquisition of Reata common stock pursuant or traceable to the Company's 2020 Offering.

53. Based on the formulas set forth below, a "Recognized Loss Amount" shall be calculated by the Claims Administrator for each purchase or acquisition of Reata common stock during the Settlement Class Period that is listed in the Claim Form and for which adequate documentation is provided. The Recognized Loss Amount for shares of Reata common stock purchased or otherwise acquired pursuant or traceable to the 2019 Offering or the 2020 Offering shall be calculated as described below in "Calculation of Recognized Loss Amount Per Share Under the Securities Act." Any Recognized Loss Amount calculated under the Securities Act that is greater than zero will then be increased by an additional 50% by multiplying that Recognized Loss Amount by 1.50. For all other shares of Reata common stock purchased or otherwise acquired during the Settlement Class Period, the Recognized Loss Amount shall be calculated as described below in "Calculation of Recognized Loss Amount Per Share Under the Exchange Act." This approach to calculating Recognized Loss Amounts is intended to reflect the determination of Lead Counsel that, although the claims alleged and damages alleged to be recoverable under the Exchange Act and the Securities Act generally relate to similar alleged misconduct, the Securities Act claims add value to the overlapping Exchange Act claims because they would be easier to prove and therefore more likely to prevail if the Action were litigated to a conclusion.

54. Additionally, in weighing the strengths and weaknesses of the claims of Settlement Class Members, Lead Counsel has concluded that claims for Reata common stock purchased during the Settlement Class Period *prior* to October 23, 2018 involved difficulties of proof that justify an adjustment under this Plan of Allocation. Accordingly, the Recognized Loss Amount for shares of Reata common stock purchased *prior* to October 23, 2018, shall be reduced by 80% by multiplying that Recognized Loss Amount by 0.20.

_____
[5] During the Settlement Class Period, Reata common stock was listed on the NASDAQ Global Market under the ticker symbol "RETA."

55.  In the Action, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the Settlement Class Period (*i.e.*, November 14, 2016 through December 8, 2021, inclusive), including in the 2019 Offering Documents and the 2020 Offering Documents, which allegedly had the effect of artificially inflating the price of Reata common stock. Lead Plaintiff also alleges that corrective disclosures removed the artificial inflation from the price of Reata common stock on August 10, 2020, August 10, 2021, December 6, 2021 and December 9, 2021 (the "Corrective Disclosure Dates"). Recognized Loss Amounts are based primarily on the price declines in Reata common stock, as quantified by Lead Plaintiff's consulting damages expert, on the Corrective Disclosure Dates, as well as Lead Counsel's assessment of potential loss causation defenses associated with each Corrective Disclosure Date. The estimated alleged artificial inflation in the price of Reata common stock during the Settlement Class Period is reflected in Table 1 below.

56.  In order to have recoverable damages in the Action, disclosures correcting the alleged misrepresentations must be the cause of the decline in the price of Reata common stock. Accordingly, in order to have a Recognized Loss Amount, Reata common stock must have been purchased or acquired during the Settlement Class Period and held at the opening of trading on at least one of the alleged Corrective Disclosure Dates. To the extent a Claimant's transactions in Reata common stock do not satisfy the conditions set forth in the preceding sentence, his, her or its Recognized Loss Amount for those transactions will be zero.[6]

| Table 1*<br>Estimated Alleged Artificial Inflation in Reata Common Stock | | |
|---|---|---|
| **From** | **To** | **Price Inflation** |
| November 14, 2016 | August 9, 2020 | $60.56 |
| August 10, 2020 | August 9, 2021 | $55.53 |
| August 10, 2021 | December 5, 2021 | $53.51 |
| December 6, 2021[7] | December 7, 2021 | $24.73 |
| December 9, 2021[8] | Thereafter | $0.00 |

\* For each day during the Settlement Class Period, price inflation in Reata common stock on the date of purchase shall be limited to that day's closing price for the stock.

57.  The "90-day look back" provision of the PSLRA is incorporated into the Calculation of Recognized Loss Amount Per Share Under the Exchange Act. This limitation provides that the Recognized Loss Amount for Reata common stock purchased or otherwise acquired during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period. The Recognized Loss Amount for Reata common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

58.  In the calculations below, all purchase and sale prices shall exclude any fees, taxes, and commissions. If a Recognized Loss Amount is calculated to be a negative number, that Recognized Loss Amount shall be set to zero.

---

[6] Section 11 of the Securities Act provides for an affirmative defense of negative causation which prevents recovery for losses that defendants prove are not attributable to misrepresentations and/or omissions alleged by plaintiffs in the registration statement. Thus, the Calculation of Recognized Loss Amount Per Share Under the Securities Act assumes that the decline in the price of Reata common stock, net of market and industry effects, in response to the Corrective Disclosures alleged by Lead Plaintiff, is the only compensable loss.

[7] The alleged corrective disclosure on December 6, 2021 occurred at approximately 9:30 a.m. Transactions in Reata common stock on December 6, 2021 at a price greater than $72.67 per share (*i.e.*, the opening price of Reata common stock that day) shall be deemed to have occurred *prior to* the alleged corrective disclosure with price inflation of $53.51 per share. All other transactions in Reata common stock that day shall be treated as a transaction that occurred after the alleged corrective disclosure with price inflation of $24.73 per share.

[8] Trading in Reata common stock on December 8, 2021 was halted until after market close at approximately 6:20 p.m. Transactions in Reata common stock on December 8, 2021 shall be deemed to have occurred during the next regular trading session (*i.e.*, on December 9, 2021) with price inflation of $0.00 per share.

## CALCULATION OF RECOGNIZED LOSS AMOUNT PER SHARE
## UNDER THE EXCHANGE ACT

59. Based on the formula set forth below, a Recognized Loss Amount shall be calculated under the Exchange Act for each purchase or acquisition of Reata common stock during the Settlement Class Period (*i.e.*, November 14, 2016 through December 8, 2021, both dates inclusive), other than shares of Reata common stock purchased or otherwise acquired pursuant or traceable to the 2019 Offering or the 2020 Offering, that is listed in the Claim Form and for which adequate documentation is provided.[9]

    i. For each share that was sold prior to August 10, 2020, the Recognized Loss Amount per share is $0.00.

    ii. For each share that was purchased during the Settlement Class Period and subsequently sold during the period August 10, 2020 through December 8, 2021, both dates inclusive, the Recognized Loss Amount per share is *the lesser of*:

        a. the amount of price inflation on the date of purchase as appears in Table 1 above *minus* the amount of price inflation on the date of sale as appears in Table 1 above; or

        b. the purchase price *minus* the sale price.

    iii. For each share that was purchased during the Settlement Class Period and subsequently sold during the period December 9, 2021 through March 7, 2022, both dates inclusive (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss Amount per share is *the least of*:

        a. the amount of price inflation on the date of purchase as appears in Table 1 above; or

        b. the purchase price *minus* the sale price; or

        c. the purchase price *minus* the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

    iv. For each share that was purchased during the Settlement Class Period and still held as of the close of trading March 7, 2022, the Recognized Loss Amount per share is *the lesser of*:

        a. the amount of price inflation on the date of purchase as appears in Table 1 above; or

        b. the purchase price *minus* the average closing price for Reata common stock during the 90-Day Lookback Period, which is $27.78.

---

[9] As described in ¶ 53, the Recognized Loss Amount for shares of Reata common stock purchased or otherwise acquired pursuant or traceable to the 2019 Offering or the 2020 Offering shall be calculated as described below in "Calculation of Recognized Loss Amount Per Share Under the Securities Act."

| Table 2 90-Day Lookback Values | | | | | |
|---|---|---|---|---|---|
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 12/9/2021 | $29.11 | 1/7/2022 | $28.16 | 2/7/2022 | $27.74 |
| 12/10/2021 | $29.22 | 1/10/2022 | $28.17 | 2/8/2022 | $27.70 |
| 12/13/2021 | $28.90 | 1/11/2022 | $28.23 | 2/9/2022 | $27.68 |
| 12/14/2021 | $28.90 | 1/12/2022 | $28.24 | 2/10/2022 | $27.63 |
| 12/15/2021 | $28.98 | 1/13/2022 | $28.23 | 2/11/2022 | $27.57 |
| 12/16/2021 | $28.96 | 1/14/2022 | $28.25 | 2/14/2022 | $27.52 |
| 12/17/2021 | $29.02 | 1/18/2022 | $28.23 | 2/15/2022 | $27.50 |
| 12/20/2021 | $29.04 | 1/19/2022 | $28.21 | 2/16/2022 | $27.49 |
| 12/21/2021 | $28.97 | 1/20/2022 | $28.18 | 2/17/2022 | $27.47 |
| 12/22/2021 | $28.82 | 1/21/2022 | $28.11 | 2/18/2022 | $27.43 |
| 12/23/2021 | $28.75 | 1/24/2022 | $28.06 | 2/22/2022 | $27.39 |
| 12/27/2021 | $28.60 | 1/25/2022 | $28.02 | 2/23/2022 | $27.34 |
| 12/28/2021 | $28.41 | 1/26/2022 | $27.97 | 2/24/2022 | $27.31 |
| 12/29/2021 | $28.21 | 1/27/2022 | $27.86 | 2/25/2022 | $27.28 |
| 12/30/2021 | $28.09 | 1/28/2022 | $27.77 | 2/28/2022 | $27.38 |
| 12/31/2021 | $27.98 | 1/31/2022 | $27.78 | 3/1/2022 | $27.49 |
| 1/3/2022 | $27.94 | 2/1/2022 | $27.83 | 3/2/2022 | $27.58 |
| 1/4/2022 | $28.05 | 2/2/2022 | $27.83 | 3/3/2022 | $27.64 |
| 1/5/2022 | $28.06 | 2/3/2022 | $27.80 | 3/4/2022 | $27.72 |
| 1/6/2022 | $28.13 | 2/4/2022 | $27.76 | 3/7/2022 | $27.78 |

## CALCULATION OF RECOGNIZED LOSS AMOUNT PER SHARE UNDER THE SECURITIES ACT

### 2019 Offering

60. Based on the formula set forth below, a Recognized Loss Amount shall be calculated under the Securities Act for each purchase or acquisition of Reata common stock pursuant or traceable to the 2019 Offering that is listed in the Claim Form and for which adequate documentation is provided.

    i.   For each share that was sold prior to August 10, 2020, the Recognized Loss Amount per share is $0.00.

    ii.   For each share that was sold during the period August 10, 2020 through December 8, 2021, both dates inclusive, the Recognized Loss Amount per share is *the lesser of*:

        a.   $60.56 *minus* the amount of price inflation on the date of sale as appears in Table 1 above; or

        b.   the offering price (*i.e.*, $183.00) *minus* the sale price.

AJ56112 v.12

iii. For each share that was sold during the period December 9, 2021 through June 20, 2022,[10] both dates inclusive, the Recognized Loss Amount per share is *the lesser of*:

    a. $60.56; or

    b. the offering price (*i.e.*, $183.00) *minus* the sale price.

iv. For each share that was still held as of the close of trading on June 20, 2022, the Recognized Loss Amount per share is $60.56.

### 2020 Offering

61. Based on the formula set forth below, a Recognized Loss Amount shall be calculated under the Securities Act for each purchase or acquisition of Reata common stock pursuant or traceable to the 2020 Offering that is listed in the Claim Form and for which adequate documentation is provided.

i. For each share that was sold prior to August 10, 2021, the Recognized Loss Amount per share is $0.00.

ii. For each share that was sold during the period August 10, 2021 through December 8, 2021, both dates inclusive, the Recognized Loss Amount per share is *lesser of*:

    a. $55.53 *minus* the amount of price inflation on the date of sale as appears in Table 1 above; or

    b. the offering price (*i.e.*, $140.85) *minus* the sale price.

iii. For each share that was sold during the period December 9, 2021 through June 20, 2022, both dates inclusive, the Recognized Loss Amount per share is *the lesser of*:

    a. $55.53; or

    b. the offering price (*i.e.*, $140.85) *minus* the sale price.

iv. For each share that was still held as of the close of trading on June 20, 2022, the Recognized Loss Amount per share is $55.53.

### ADDITIONAL PROVISIONS

62. The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 70 below) is $10.00 or greater.

63. **LIFO Matching:** Purchases/acquisitions and sales of Reata common stock shall be matched on a Last In, First Out ("LIFO") basis. Under LIFO, a Claimant's sales of Reata common stock during the Settlement Class Period will be matched against his, her, or its previous acquisitions of Reata common stock in reverse-chronological order, beginning with the most recent acquisition that is not already matched to a sale.

64. **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss Amounts as calculated above under "Calculation of Recognized Loss Amount Per Share Under the Securities Act" with respect to all shares of Reata common stock purchased or otherwise acquired pursuant or traceable to the 2019 Offering or the 2020 Offering, *plus* the sum of his, her, or its Recognized Loss Amounts as calculated above under "Calculation of Recognized Loss Amount Per Share Under the Exchange Act" with respect to all other shares of Reata common stock purchased or otherwise acquired during the Settlement Class Period.

65. **"Purchase/Sale" Dates:** Purchases/acquisitions and sales of Reata common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Reata common stock during the Settlement Class Period shall not be deemed a purchase/acquisition of Reata common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Reata common stock unless (i) the donor/decedent purchased or otherwise acquired such Reata common stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Reata common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

---

[10] June 20, 2022 is the filing date of the CAC, which was the first complaint stating a claim under the Securities Act for shares acquired pursuant or traceable to the 2019 Offering or the 2020 Offering.

66. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Reata common stock. The date of a "short sale" is deemed to be the date of sale of Reata common stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in Reata common stock, the earliest Settlement Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

67. **Option Contracts:** Option contracts are not securities eligible to participate in the Settlement. With respect to Reata common stock purchased through the exercise of an option, the purchase date of the stock shall be the exercise date of the option, and the purchase price of the stock shall be the strike price of the option. Any Recognized Loss Amount arising from purchases of Reata common stock acquired during the Settlement Class Period through the exercise of an option on Reata common stock shall be computed as provided for other purchases of Reata common stock in the Plan of Allocation.

68. **Market Gains and Losses:** To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Reata common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero. To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Reata common stock during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

69. For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Reata common stock during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[11] and (ii) the sum of the Total Sales Proceeds[12] and the Total Holding Value.[13] If the Claimant's Total Purchase Amount *minus* the sum of the Total Sales Proceeds and the Total Holding Value is a positive number, that number will be the Claimant's market loss on such Reata common stock; if the number is a negative number or zero, that number will be the Claimant's market gain on Reata common stock.

70. **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant. Any Distribution Amounts of less than $10.00 will be included in the pool distributed to those Settlement Class Members whose Distribution Amounts are $10.00 or greater.

71. After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund at least nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining, after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants, who have cashed their prior checks and who would receive at least $10.00 in such additional re-distributions, may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to a non-sectarian, not-for-profit organization approved by the Court.

---

[11] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Reata common stock purchased or acquired during the Settlement Class Period.

[12] The Claims Administrator shall match a Claimant's sales of Reata common stock during the Settlement Class Period against his, her, or its holdings on a LIFO basis. The proceeds from those sales that matched to the Claimant's opening position will not be considered for purposes of calculating market gains or losses. The total amount received for the remaining sales that are matched to shares of Reata common stock that were acquired during the Settlement Class Period (excluding commissions and other charges) shall be the Claimant's "Total Sales Proceeds."

[13] For each share of Reata common stock purchased or acquired during the Settlement Class Period that was still held as of the close of trading on December 8, 2021, the Claims Administrator shall ascribe a "Holding Value" of $27.78 per share. A Claimant's total Holding Values for all shares of Reata common stock purchased or acquired during the Settlement Class Period that were still held as of the close of trading on December 8, 2021 shall be the Claimant's "Total Holding Value."

72.  Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Claimants. No person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, Lead Plaintiff's consulting damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Plaintiffs' Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiff, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

73.  Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor has Lead Counsel been reimbursed for its out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33⅓% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $500,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class in an amount not to exceed $10,000. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

74.  Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Doyle v. Reata Pharmaceuticals, Inc.*, EXCLUSIONS, c/o Epiq, P.O. Box 5566, Portland, OR 97228-5566. The exclusion request must be *received* no later than March 8, 2024. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (a) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Doyle et al. v. Reata Pharmaceuticals, Inc. et al.*, No. 4:21-cv-00987"; (c) identify and state the number of shares of Reata common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (i.e., between November 14, 2016 and December 8, 2021, inclusive), as well as the dates and prices of each such purchase/acquisition and/or sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

75.  If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have a pending proceeding, or later file another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

76.  If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

77.  Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Defendants.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DO NOT LIKE THE SETTLEMENT?

78.  **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

AJ56115 v.12

15

79.  The Settlement Hearing is currently scheduled to be held on March 29, 2024 at 9:00 a.m., before the Honorable Amos L. Mazzant III at the United States District Court for the Eastern District of Texas, Paul Brown United States Courthouse, 101 East Pecan Street, Sherman, Texas 75090. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement, at or after the Settlement Hearing without further notice to the members of the Settlement Class. The Court also reserves the right to hold the Settlement Hearing telephonically or via videoconference.

80. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Eastern District of Texas at the address set forth below on or before March 8, 2024. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before March 8, 2024.**

| Clerk's Office | Lead Counsel | The Reata Defendants' Counsel |
|---|---|---|
| United States District Court Eastern District of Texas Clerk of the Court Paul Brown United States Courthouse 101 East Pecan Street, Sherman, TX 75090 | **Kirby McInerney LLP** Daniel Hume, Esq. Meghan Summers, Esq. 250 Park Avenue, Suite 820 New York, NY 10177 | **Davis Polk & Wardwell LLP** Neal Potischman, Esq. 1600 El Camino Real Menlo Park, CA 94025 -or- Craig J. Bergman, Esq. 450 Lexington Avenue New York, NY 10017 **The Underwriter Defendants' Counsel** **Shearman & Sterling LLP** R. Thaddeus Behrens, Esq. Dan Gold, Esq. 2601 Olive Street, 17th Floor Dallas, TX 75201 |

81.  Any objection must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) include documents sufficient to prove membership in the Settlement Class, including the number of shares of Reata common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between November 14, 2016 and December 8, 2021 inclusive), as well as the dates and prices of each such purchase/acquisition and/or sale. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

82.  You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

83.  If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before March 8, 2024.** Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

84. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 80 above so that the notice is *received* on or before March 8, 2024.

85. The Settlement Hearing may be adjourned by the Court, or held telephonically or via videoconference, without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date, time, and location on the settlement website www.ReataSecuritiesLitigation.com, or with Lead Counsel, given potential changes as a result of the COVID-19 pandemic.

86. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

87. If you purchased or otherwise acquired Reata common stock between November 14, 2016 and December 8, 2021 inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *Doyle v. Reata Pharmaceuticals, Inc.*, c/o Epiq, P.O. Box 5566, Portland, OR 97228-5566. If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred—up to a maximum of $0.50 per Notice Packet mailed; $0.05 per Notice Packet transmitted by email; or $0.10 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator—by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.ReataSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 1-877-664-7398.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

88. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Eastern District of Texas, Paul Brown United States Courthouse, 101 East Pecan Street, Sherman, Texas 75090. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.ReataSecuritiesLitigation.com.

89. All inquiries concerning this Notice and the Claim Form should be directed to:

| *Doyle v. Reata Pharmaceuticals, Inc.* | and/or | Daniel Hume, Esq. |
|---|---|---|
| c/o Epiq | | KIRBY MCINERNEY LLP |
| P.O. Box 5566 | | 250 Park Avenue, Suite 820 |
| Portland, OR 97228-5566 | | New York, NY 10177 |
| 1-877-664-7398 | | (212) 371-6600 |
| www.ReataSecuritiesLitigation.com | | dhume@kmllp.com |
| info@ReataSecuritiesLitigation.com | | |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: December 26, 2023

By Order of the Court
United States District Court
Eastern District of Texas

AJ56117 v.12

# EXHIBIT B

*Doyle v. Reata Pharmaceuticals, Inc.*
c/o Epiq
P.O. Box 5566
Portland, OR 97228-5566
Toll Free Number: 1-877-664-7398
Settlement Website: www.ReataSecuritiesLitigation.com
Email: info@ReataSecuritiesLitigation.com

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and submit it online using the electronic version of this Claim Form hosted at www.ReataSecuritiesLitigation.com, submit it via email to the above email address, or mail it by first-class mail to the above address. If submitted online or via email, it must be **submitted no later than April 24, 2024.** If submitted by first-class mail, **it must be postmarked no later than April 24, 2024.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| PART I – CLAIMANT INFORMATION | 2 |
| PART II – GENERAL INSTRUCTIONS | 3–5 |
| PART III – SCHEDULE OF TRANSACTIONS IN REATA COMMON STOCK | 6 |
| PART IV – RELEASE OF CLAIMS AND SIGNATURE | 7-8 |

01-CA40069317
AJ5621 v.02

1

## PART I - CLAIMANT INFORMATION

(Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's First Name    MI    Beneficial Owner's Last Name

Co-Beneficial Owner's First Name    MI    Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner[s] listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City    State    ZIP Code

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)    Telephone Number (work)

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

Account Number (where securities were traded)[1]

Claimant Account Type (check appropriate box)

- ☐ Individual (includes joint owner accounts)
- ☐ Pension Plan
- ☐ Trust
- ☐ Corporation
- ☐ Estate
- ☐ IRA/401K
- ☐ Other _____ (please specify)

---

[1] If the account number is unknown, you may leave it blank. If the same legal entity traded through more than one account, you may write "multiple." Please see paragraph 11 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

## PART II – GENERAL INSTRUCTIONS

1.  It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Settlement Notice. The Settlement Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read, and that you understand, the Settlement Notice, including the terms of the releases described therein and provided for herein.

2.  This Claim Form is directed to all persons or entities who or that, between November 14, 2016, and December 8, 2021, inclusive (the "Settlement Class Period"), purchased or otherwise acquired Reata Pharmaceuticals, Inc. ("Reata") common stock ("Reata Stock") (the "Settlement Class"), including all persons or entities who purchased or otherwise acquired Reata Stock pursuant and/or traceable to Reata's 2019 Offering and/or 2020 Offering (as defined in the Stipulation) (the "Offerings Subclass").[2] All persons and entities that are members of the Settlement Class are referred to as "Settlement Class Members."

3.  Excluded from the Settlement Class are: (i) Defendants; (ii) any person who served as a partner, control person, executive officer, and/or director of Reata during the Settlement Class Period, and members of his or her Immediate Family; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Reata; (iv) any entity in which Defendants have or had a controlling interest during the Settlement Class Period; (v) any trust of which any Individual Defendant is the settlor or that is for the benefit of any Individual Defendant and/or member(s) of his or her Immediate Family; and (vi) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (v) hereof; *provided, however*, that any "Investment Vehicle" shall not be excluded from the Settlement Class. Investment Vehicle means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest. Also excluded from the Settlement Class are any persons and entities who or that validly exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in the Settlement Notice that is accepted by the Court.

4.  If you are not a Settlement Class Member do not submit a Claim Form. YOU MAY NOT DIRECTLY OR INDIRECTLY PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER. THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.  If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Settlement Class. Thus, if you are a Settlement Class Member, the Judgment will release, and you will be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding, in any court of law or equity, arbitration tribunal, or administrative forum, asserting any and all Released Plaintiffs' Claims (including Unknown Claims) against Defendants' Releasees.

6.  You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below. If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected, and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.  Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

_____

[2] Reata common stock purchased during the period November 14, 2019 through the closing of the 2019 Offering on November 18, 2019, both dates inclusive, at a purchase price equal to $183.00 per share, shall be considered an acquisition of Reata common stock pursuant or traceable to the Company's 2019 Offering. Reata common stock purchased during the period December 2, 2020 through the closing of the 2020 Offering on December 4, 2020, both dates inclusive, at a purchase price equal to $140.85 per share, shall be considered an acquisition of Reata common stock pursuant or traceable to the Company's 2020 Offering.

8.    Please use the Schedules of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers) in, and holdings of, the applicable Reata Stock. On the Schedules of Transactions, please provide all the requested information with respect to your holdings, purchases, acquisitions, and sales of the applicable Reata Stock, whether such transactions resulted in a profit or a loss. Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.    Please note: To be eligible under the Settlement, you must have purchased or otherwise acquired Reata Stock during the Settlement Class Period (*i.e.*, from November 14, 2016 to December 8, 2021, inclusive). However, because the PSLRA provides for a "90 day look-back period" (described in the Plan of Allocation set forth in the Settlement Notice), you must provide documentation related to your purchases and sales of Reata Stock during the period from December 9, 2021 through and including June 20, 2022 in order for the Claims Administrator to calculate your Recognized Loss Amount under the Plan of Allocation and process your claim.

10.   You are required to submit genuine and sufficient documentation for all your transactions and holdings of the applicable Reata Stock set forth in the Schedules of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Reata Stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11.   Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity, including all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

12.   All joint beneficial owners must sign this Claim Form. If you purchased or otherwise acquired Reata Stock during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased or otherwise acquired Reata Stock during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

13.   Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

   (a)   expressly state the capacity in which they are acting;

   (b)   identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Reata Stock; and

   (c)   furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts).

14.   By submitting a signed Claim Form, you will be swearing that you:

   (a)   own(ed) the Reata Stock you have listed in the Claim Form; or

   (b)   are expressly authorized to act on behalf of the owner thereof.

15.   By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16. If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing. This could take substantial time. Please be patient.

17. PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its pro rata share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant, however, calculates to less than $10, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18. If you have questions concerning the Claim Form or need additional copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator, Epiq, at *Doyle v. Reata Pharmaceuticals, Inc.* P.O. Box 5566, Portland, OR 97228-5566, by email at info@ReataSecuritiesLitigation.com, or by calling toll-free at 1-877-664-7398, or you may download the documents from the Settlement website, www.ReataSecuritiesLitigation.com.

19. NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.ReataSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@ReataSecuritiesLitigation.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@ReataSecuritiesLitigation.com to inquire about your file and confirm it was received and acceptable.

20. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.ReataSecuritiesLitigation.com. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@ReataSecuritiesLitigation.com or by calling toll-free at 1-877-664-7398. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

## IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-877-664-7398.**

## PART III – SCHEDULE OF TRANSACTIONS IN REATA STOCK

Complete this Part III if and only if you purchased/acquired Reata Stock during the period from November 14, 2016 and December 8, 2021 inclusive. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above. Do not include information in this section regarding securities other than Reata Stock.

**1. BEGINNING HOLDINGS** – State the total number of shares of Reata Stock held as of the open of trading on November 14, 2016 (which must be documented).  If none, write "zero" or "0."

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD THROUGH JUNE 20, 2022** – Separately list each and every purchase/acquisition (including free receipts) of Reata Stock from after the opening of trading on November 14, 2016 through and including the close of trading on June 20, 2022. (Must be documented.)

| Date of Purchase/Acquisition (List Chronologically - Month/Day/Year) | Number of Shares Purchased/Acquired (check box if purchase/ acquisition was made to cover a short sale) | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| ☐☐ – ☐☐ – ☐☐ | | $ | $ |
| ☐☐ – ☐☐ – ☐☐ | | $ | $ |
| ☐☐ – ☐☐ – ☐☐ | | $ | $ |
| ☐☐ – ☐☐ – ☐☐ | | $ | $ |

**3. SALES DURING THE SETTLEMENT CLASS PERIOD THROUGH JUNE 20, 2022** – Separately list each and every sale/disposition (including free deliveries) of Reata Stock from after the opening of trading on November 14, 2016, through and including the close of trading on June 20, 2022 (which must be documented).

**IF NONE, CHECK HERE** ☐

| Date of Sale/Delivery (List Chronologically - Month/Day/Year) | Number of Shares Sold (check box if sale was a short sale) | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| ☐☐ – ☐☐ – ☐☐ | | $ | $ |
| ☐☐ – ☐☐ – ☐☐ | | $ | $ |
| ☐☐ – ☐☐ – ☐☐ | | $ | $ |
| ☐☐ – ☐☐ – ☐☐ | | $ | $ |

**4. ENDING HOLDINGS** – State the total number of shares of Reata Stock held as of the close of trading on June 20, 2022 (which must be documented). If none, write "zero" or "0."

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX.**

☐

**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED.**

## *PART IV – RELEASE OF CLAIMS AND SIGNATURE*

## *YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN*

## *ON PAGE 8 OF THIS CLAIM FORM.*

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and my (our) successors and assigns, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever waived, released, discharged, and dismissed any and all Released Plaintiffs' Claims (as defined in the Stipulation and in the Settlement Notice) against Defendants' Releasees (as defined in the Stipulation and in the Settlement Notice) and shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum asserting any and all of the Released Plaintiffs' Claims against any Defendants' Releasees.

### CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), as follows:

1.    that I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.    that the Claimant(s) is (are) a Settlement Class Member(s), as defined in the Settlement Notice and in paragraph 2 on page 3 of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Settlement Notice and in paragraph 3 on page 3 of this Claim Form;

3.    that I (we) own(ed) the Reata Stock identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.    that the Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Reata Stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

5.    that the Claimant(s) submits (submit) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

6.    that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

7.    that the Claimant(s) waives (waive) the right to trial by jury, to the extent it exists, and agrees (agree) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

8.    that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.    that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding, or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it (they) is (are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified the Claimant(s) that he/she/it (they) is (are) no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he/she/it (they) is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

07-**CA40069317**
AJ5627 v.02

7

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Date: ☐☐ – ☐☐ – ☐☐☐☐
MM    DD    YYYY

Signature of Claimant

Print your name here

Date: ☐☐ – ☐☐ – ☐☐☐☐
MM    DD    YYYY

Signature of joint Claimant, if any

Print your name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

Date: ☐☐ – ☐☐ – ☐☐☐☐
MM    DD    YYYY

Signature of person signing on behalf of Claimant

Print your name here

CAPACITY OF PERSON SIGNING ON BEHALF OF CLAIMANT, IF OTHER THAN AN INDIVIDUAL, *E.G.*, EXECUTOR, PRESIDENT, TRUSTEE, CUSTODIAN, *ETC.* (MUST PROVIDE EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF CLAIMANT – SEE PARAGRAPH 13 ON PAGE 4 OF THIS CLAIM FORM).

## **REMINDER CHECKLIST:**

1.  Please sign the above release and certification. If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2.  Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3.  Please do not highlight any portion of the Claim Form or any supporting documents.

4.  Do not send original security certificates or documentation. These items cannot be returned to you by the Claims Administrator.

5.  Keep copies of the completed Claim Form and documentation for your own records.

6.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-877-664-7398.**

7.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

8.  If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@ReataSecuritiesLitigation.com, or by calling toll-free at 1-877-664-7398, or visit www.ReataSecuritiesLitigation.com. Please DO NOT call Reata or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN <u>APRIL 24, 2024</u>**, ADDRESSED AS FOLLOWS:

*Doyle v. Reata Pharmaceuticals, Inc.*
c/o Epiq
P.O. Box 5566
Portland, OR 97228-5566

OR SUBMITTED VIA EMAIL TO INFO@REATASECURITIESLITIGATION.COM OR ONLINE AT WWW.REATASECURITIESLITIGATION.COM **ON OR BEFORE APRIL 24, 2024.**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before <u>April 24, 2024</u> is indicated on the envelope and it is mailed First-Class and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

09-CA40069317
AJ5629 v.02

# EXHIBIT C

# CONFIRMATION OF PUBLICATION

**IN THE MATTER OF:** *Doyle v. Reata Pharmaceuticals, Inc.*

I, Kathleen Komraus, hereby certify that

(a) I am the Media & Design Manager at Epiq Class Action & Claims Solutions, a noticing administrator, and;

(b) The Notice of which the annexed is a copy was published in the following publications on the following dates:

*1.8.2024 – Investor's Business Weekly*
*1.8.2024 – PR Newswire*

**X** *Kathleen Komraus*

**(Signature)**

Media & Design Manager

**(Title)**

INVESTORS.COM

# MUTUAL FUND PERFORMANCE

WEEK OF JANUARY 8, 2024   A15

| 36 Mo Rating | Fund | YTD % Chg | 12Wk % Tax Rtn | 5 Yr After Tax | Net Asset Value | Chg |
|---|---|---|---|---|---|---|
| | $ 2.7 bil 855-822-3863 | | | | | |
| A+ | MLP&EntInc | +0 +7 | +7 | 7.64 | -0.07 |
| A+ | MLP&Pipe | +0 +10 | +6 | 14.28 | -0.09 |
| | Touchstone Family Fd | | | | | |
| | $ 6.8 bil 800-543-0407 | | | | | |
| A | Focused | -1 +9 | +10 | 62.14 | -0.17 |
| A- | MC Value | -2 +10 | +6 | 21.74 | -0.04 |
| | Touchstone Funds Gro | | | | | |
| | $ 3.8 bil 800-543-0407 | | | | | |
| A- | Mid Cap | -4 +10 | +8 | 50.28 | 0.01 |
| | Touchstone Strategic | | | | | |
| | $ 2.2 bil 800-543-0407 | | | | | |
| A | Lrg Cp Foc | -1 +9 | +9 | 58.44 | -0.20 |
| A+ | Value | -1 +11 | +6 | 10.81 | -0.02 |
| | Transamerica A | | | | | |
| | $ 4.7 bil 888-233-4339 | | | | | |
| A | Sm/Md Cap V | -1 +10 | +4 | 26.74 | -0.08 |
| | Trust for Professional Manager | | | | | |
| | $ 7.0 bil 866-273-7223 | | | | | |
| A | Rock Qlt LC | -1 +9 | +9 | 20.74 | -0.03 |
| D- | TrStratBond | -1 +7 | 0 | 19.56 | -0.08 |
| | Tweedy Browne Fds | | | | | |
| | $ 6.7 bil 800-432-4789 | | | | | |
| B+ | Intl Val | -1 +7 | +3 | 27.22n | 0.06 |
| A- | Value | -1 +8 | +4 | 18.40n | 0.03 |
| | Ultimus | | | | | |
| | $ 831 mil 888-884-8099 | | | | | |
| A+ | US Val Eqty | -2 +16 | +6 | 22.45 | -0.05 |
| | UM Funds | | | | | |
| | $ 3.0 bil 800-480-4111 | | | | | |
| A+ | Beh Val | -2 +16 | +6 | 78.38 | 0.10 |
| | USAA Aggressive Gr | | | | | |
| | $ 66.4 bil 800-235-8396 | | | | | |
| B- | AggressiveG | -3 +11 | +8 | 50.91n | -0.19 |

| 36 Mo Rating | Fund | YTD % Chg | 12Wk % Tax Rtn | 5 Yr After Tax | Net Asset Value | Chg |
|---|---|---|---|---|---|---|
| | USAA Glbl Mgd Vol | | | | | |
| A | GlblMgdVol | -1 +10 | +5 | 9.91 | 0.00 |
| | USAA Group | | | | | |
| A | 500 Index | -2 +11 | +10 | 59.67n | -0.19 |
| A+ | CapitalGrow | -1 +10 | +6 | 11.95n | -0.01 |
| C+ | Cornerstone | -1 +8 | +3 | 25.45n | -0.04 |
| A- | Growth&Inc | -2 +11 | +7 | 22.85n | -0.07 |
| B+ | Growth | -3 +10 | +9 | 31.05n | -0.06 |
| A+ | IncomeStock | +0 +12 | +6 | 18.77n | -0.03 |
| A | NASDAQ-100I | -3 +11 | +15 | 40.73n | -0.22 |
| D | TargetRet20 | -1 +9 | +4 | 11.91n | -0.01 |
| D+ | Tax-ExInt-T | +0 +6 | +2 | 12.60n | -0.02 |
| D | Tax-ExLng-T | +0 +10 | +2 | 12.14n | -0.02 |
| A | Value | +1 +10 | +5 | 18.13n | -0.02 |
| | USAA Income | | | | | |
| | $ 66.4 bil 800-235-8396 | | | | | |
| D- | Income | -1 +7 | +1 | 11.37 | -0.05 |
| | USAA IntmTerm Bd | | | | | |
| | $ 66.4 bil 800-235-8396 | | | | | |
| D- | Intm-TermBd | -1 +7 | +1 | 9.16 | -0.04 |
| | USAA ShortTerm Bd | | | | | |
| | $ 66.4 bil 800-235-8396 | | | | | |
| C | Short-TermB | +0 +3 | +1 | 8.90 | 0.00 |
| | –V–W–X– | | | | | |
| | Value Line Funds | | | | | |
| | $ 2.1 bil 800-243-2729 | | | | | |
| A | LineMdCpFoc | -3 +11 | +10 | 31.23n | 0.04 |
| A | LineSelGro | -3 +12 | +10 | 33.39n | 0.04 |
| | VanEck Funds | | | | | |
| | $ 1.2 bil 800-544-4653 | | | | | |
| A- | GlobalRsrc | -2 +4 | +4 | 38.85 | -0.45 |
| | Vanguard Funds Adm | | | | | |

| 36 Mo Rating | Fund | YTD % Chg | 12Wk % Tax Rtn | 5 Yr After Tax | Net Asset Value | Chg |
|---|---|---|---|---|---|---|
| | $ 219 bil 800-662-2739 | | | | | |
| A | 500 Idx | -2 +11 | +10 | 432.59n | -1.4 |
| B- | Bal Idx | -2 +9 | +6 | 43.90n | -0.16 |
| D+ | CA Intm-Trm | +0 +7 | +2 | 11.47n | 0.00 |
| D- | CA Lng-Trm | +0 +9 | +2 | 11.57n | 0.00 |
| A- | Cap Opp | -1 +9 | +8 | 176.64n | -0.69 |
| A- | Cnsmr Stp | +0 +9 | +6 | 94.27n | -0.10 |
| B- | Dev Mkt | -2 +11 | +5 | 15.13n | 0.04 |
| A | Div A I | -1 +9 | +10 | 45.71n | -0.06 |
| A | EM St I | -1 +7 | +2 | 33.68n | 0.00 |
| A- | Energy Idx | +1 +0 | +8 | 58.96n | -0.99 |
| A- | Energy | -1 +3 | +9 | 87.93n | -0.39 |
| A | Equity Inc | +0 +12 | +7 | 84.24n | -0.20 |
| B | Euro S | -2 +12 | +5 | 79.44n | 0.44 |
| C+ | Explorer | -4 +12 | +6 | 98.51n | -0.27 |
| C- | Ext Ml | -4 +14 | +6 | 120.25n | -0.03 |
| A | Finl Indx | -1 +16 | +6 | 45.92n | 0.17 |
| C | FTSE xUS | -2 +10 | +4 | 34.33n | 0.07 |
| B+ | GI Min Vol | +0 +8 | +3 | 28.28n | 0.05 |
| D | GNMA | -1 +7 | 0 | 9.24n | -0.05 |
| A | Gro & Inc | -2 +10 | +9 | 88.51n | -0.27 |
| A- | Gro Idx | -3 +10 | +13 | 154.95n | -0.77 |
| D | Hi Yld TxEx | -4 +10 | +3 | 10.71n | 0.00 |
| B- | Hlth Cr Idx | -2 +9 | +6 | 127.46n | -0.65 |
| C- | HY Corp | -1 +7 | +2 | 5.36n | -0.01 |
| A- | Indus Idx | -3 +13 | +8 | 110.11n | -0.04 |
| D | Infl-Prot | -1 +8 | +1 | 22.91n | -0.12 |
| A- | InfoTch Idx | -5 +11 | +18 | 236.61n | -1.6 |
| B | Int Trs | -1 +8 | +1 | 19.92n | -0.08 |
| E | Int-T B | -1 +7 | +1 | 10.77n | -0.05 |
| D- | Int-Tm Inv | -1 +8 | +1 | 8.58n | -0.04 |
| D- | Int-Tm Trs | -1 +5 | 0 | 9.93n | -0.04 |
| D- | Int-Tm TxEx | +0 +7 | +2 | 13.75n | 0.00 |

| 36 Mo Rating | Fund | YTD % Chg | 12Wk % Tax Rtn | 5 Yr After Tax | Net Asset Value | Chg |
|---|---|---|---|---|---|---|
| E | Intrl Gro | -3 +9 | +6 | 98.77n | -0.12 |
| A | Lg-Cp I | -2 +11 | +10 | 108.35n | -0.34 |
| E | Lg-Tm Inv | -2 +13 | 0 | 7.96n | -0.09 |
| E | Lg-Tm Tax Ex | +0 +10 | +2 | 11.06n | -0.12 |
| C- | Ltd-Tm TxEx | +0 +4 | +2 | 10.86n | 0.00 |
| C | MC G I | -3 +11 | +8 | 91.33n | 0.00 |
| A | MC V I | -1 +13 | +6 | 74.29n | -0.09 |
| B- | Md-Cp I | -2 +12 | +7 | 281.90n | -0.20 |
| A | Mtrls Idx | -2 +18 | +8 | 94.84n | -0.31 |
| D- | NJ Lng-Trm | +0 +10 | +3 | 11.51n | 0.01 |
| D+ | NY Lng-Trm | +0 +10 | +2 | 11.00n | 0.00 |
| D+ | PA Lng-Trm | +0 +10 | +3 | 10.92n | 0.00 |
| D | Pac Stk | -2 +9 | +3 | 87.29n | -0.10 |
| B+ | RE Idx | -2 +9 | +2 | 122.99n | -0.24 |
| A- | S-C Id | -3 +13 | +5 | 98.87n | -0.12 |
| C | SC G Id | -4 +12 | +5 | 81.59n | -0.01 |
| A+ | SC V I | -3 +14 | +5 | 75.28n | -0.15 |
| A- | Sh-Tm B | -0 +3 | +1 | 10.07n | -0.01 |
| D | Sh-Tm Fed | +0 +3 | +1 | 10.06n | -0.02 |
| D- | Sh-Tm Inv | +0 +4 | +1 | 10.19n | -0.02 |
| D- | Sh-Tm Trs | -1 +3 | 0 | 9.85n | -0.02 |
| C- | Sh-Tm Tx-Ex | +0 +2 | +1 | 15.77n | -0.01 |
| D- | ST Corp Bd | +0 +4 | +1 | 20.97n | -0.03 |
| D- | ST IPSI | +0 +3 | +2 | 23.77n | -0.04 |
| D- | ST Trs | +0 +2 | +1 | 19.41n | -0.02 |
| B | TM Bal | -1 +9 | +6 | 40.82n | -0.06 |
| A | TM Cp App | -2 +11 | +10 | 242.39n | -0.75 |
| A | TM SmCp | -3 +15 | +4 | 85.01n | -0.06 |
| E | Tot Bd | -1 +7 | 0 | 9.61n | -0.05 |
| D- | Tot Intl BI | -1 +6 | 0 | 19.59n | -0.12 |
| A- | TSM Idx | -2 +11 | +9 | 113.27n | -0.32 |
| D- | US Growth | -4 +12 | +10 | 141.52n | -0.41 |

| 36 Mo Rating | Fund | YTD % Chg | 12Wk % Tax Rtn | 5 Yr After Tax | Net Asset Value | Chg |
|---|---|---|---|---|---|---|
| B- | Util Indx | +1 +15 | +4 | 69.66n | -0.25 |
| A+ | Val Idx | -0 +11 | +5 | 52.84n | -0.06 |
| C | Wellesley | -1 +9 | +3 | 60.04n | -0.25 |
| B+ | Wellington | -1 +9 | +6 | 70.45n | -0.28 |
| A+ | Windsor II | -1 +2 | +9 | 75.15n | -0.19 |
| A+ | Windsor | -1 +8 | +8 | 71.83n | -0.08 |
| | Vanguard Funds Ins | | | | | |
| | $ 863 bil 800-662-7447 | | | | | |
| A | Rus 1000 GI | -3 +11 | +13 | 582.99 | -2.4 |
| A | Rus 1000 Id | -2 +11 | +10 | 412.45 | -1.2 |
| A | Rus 1000 VI | -1 +11 | +6 | 281.23 | -0.41 |
| A | Rus 3000 Id | -2 +11 | +9 | 403.60 | -1.1 |
| | Vanguard Funds InsP | | | | | |
| | $ 863 bil 800-662-7447 | | | | | |
| A | Instl Indx | -2 +11 | +10 | 386.85 | -1.3 |
| | Vanguard Funds Inst | | | | | |
| | $ 863 bil 800-662-7447 | | | | | |
| A | FTSE Soc | -2 +11 | +10 | 31.89 | -0.09 |
| E | LT Trs | -2 +14 | -2.0 | 25.85 | -0.36 |
| A- | S&P MC400 | -3 +11 | +6 | 364.33 | -0.63 |
| A- | S&P SC600 | -3 +15 | +4 | 385.36 | -0.31 |
| B+ | T WldStk | -2 +11 | +7 | 206.16 | -0.19 |
| E | Tot Bd II | -1 +7 | 0 | 9.50 | -0.05 |
| | Vanguard Funds InstP | | | | | |
| | $ 863 bil 800-662-7447 | | | | | |
| A | Ins T StMk | -2 +11 | +9 | 80.76 | -0.23 |
| | Vanguard Funds Inv | | | | | |
| | $ 1376 bil 800-662-7447 | | | | | |
| B+ | Div Eqty | -2 +12 | +9 | 42.91n | -0.08 |
| A | Div Gro | +0 +11 | +8 | 39.52n | -0.03 |
| A+ | Gl Cap Cyc | -1 +10 | +12 | 09n | -0.03 |
| C | Glbl Eqty | -3 +11 | +6 | 31.70n | -0.05 |
| D+ | Intl Explr | -3 +11 | +1 | 16.52n | 0.02 |

| 36 Mo Rating | Fund | YTD % Chg | 12Wk % Tax Rtn | 5 Yr After Tax | Net Asset Value | Chg |
|---|---|---|---|---|---|---|
| B+ | Intl Val | -2 +9 | +4 | 39.60n | 0.05 |
| D | LS Cons Gro | -1 +8 | +3 | 20.12n | -0.08 |
| B- | LS Growth | -2 +10 | +6 | 40.76n | -0.09 |
| A- | LS Income | -1 +7 | +2 | 15.01n | -0.07 |
| C | LS Mod Gro | -1 +9 | +4 | 30.01n | -0.09 |
| D | MA Tax-Ex | +0 +9 | +2 | 10.26n | 0.00 |
| D- | Mid-CapGrth | -4 +10 | +5 | 22.33n | 0.03 |
| A+ | Mkt Neut | -1 +3 | 13.34n | -0.01 |
| A+ | PrmCp Cre | -1 +8 | +8 | 31.35n | -0.08 |
| A+ | Sel Value | -2 +16 | +8 | 28.27n | 0.02 |
| A+ | Str SC Eq | -3 +15 | +6 | 36.29n | -0.08 |
| A+ | Strat Eqty | -3 +13 | +7 | 33.48n | -0.01 |
| C | Tgt Ret Inc | -1 +7 | +3 | 12.88n | -0.05 |
| C | Tgt Ret2015 | -1 +8 | +4 | 26.56n | -0.08 |
| C | Tgt Ret2025 | -1 +9 | +4 | 18.13n | -0.05 |
| C | Tgt Ret2030 | -1 +9 | +4 | 26.56n | -0.08 |
| C | Tgt Ret2035 | -1 +9 | +5 | 21.79n | -0.05 |
| C | Tgt Ret2040 | -2 +10 | +6 | 38.67n | -0.07 |
| D | Tgt Ret2045 | -2 +10 | +6 | 26.22n | -0.04 |
| C | Tgt Ret2050 | -2 +10 | +6 | 43.68n | -0.05 |
| C | Tgt Ret2055 | -2 +10 | +6 | 48.74n | -0.06 |
| C | Tgt Ret2060 | -2 +10 | +6 | 44.90n | -0.06 |
| A- | TotIntlStk | -2 +10 | +4 | 18.30 | 0.04 |
| | Victory Funds | | | | | |
| | $ 13.1 bil 800-539-3863 | | | | | |
| A+ | Dvsd Stock | -2 +8 | +7 | 18.73 | -0.05 |
| A+ | RSLgCpAlpha | +0 +8 | +5 | 53.47 | 0.00 |
| A | S Cap Opp | -3 +11 | +6 | 46.73 | -0.20 |
| | Victory:Estab Val | | | | | |
| | $ 21.0 bil 800-539-3863 | | | | | |
| A+ | Estab Val | -2 +14 | +5 | 45.55 | -0.02 |
| | Victory:Global En Tran | | | | | |

| 36 Mo Rating | Fund | YTD % Chg | 12Wk % Tax Rtn | 5 Yr After Tax | Net Asset Value | Chg |
|---|---|---|---|---|---|---|
| A+ | GlobalEnTra | +0 -7 | +10 | 28.28 | -0.11 |
| | Victory:Integ SMCV | | | | | |
| | $ 21.0 bil 800-235-8396 | | | | | |
| A+ | Integ SMCV | -2 +11 | +6 | 21.15 | 0.00 |
| | Victory:Integrity SCV | | | | | |
| | $ 21.0 bil 800-539-3863 | | | | | |
| A+ | IntegritySC | -3 +12 | +5 | 34.29 | -0.04 |
| | Victory:RS Global | | | | | |
| | $ 21.0 bil 800-539-3863 | | | | | |
| A- | RS Global | -2 +11 | +9 | 20.12 | -0.01 |
| | Victory:RS Partners | | | | | |
| | $ 21.0 bil 800-539-3863 | | | | | |
| A+ | STAR | -2 +11 | +4 | 27.78 | -0.06 |
| | Victory/I:Mkt Neu I | | | | | |
| | $ 21.0 bil 800-539-3863 | | | | | |
| B- | Mkt Neu I | +0 +4 | 8.77 | 0.01 |
| | Virtus Equity Trust | | | | | |
| | $ 9.0 bil 800-243-1574 | | | | | |
| E | KAR Sm Cp G | -4 +3 | +7 | 31.96 | 0.06 |
| | VirtusFunds | | | | | |
| | $ 5.2 bil 800-243-1574 | | | | | |
| A- | Cer LC Val | -1 +14 | +5 | 10.88 | 0.00 |
| A- | Cer MC Val | -2 +14 | +6 | 11.59 | -0.02 |
| A- | Silvant FG | -3 +11 | +11 | 64.12 | -0.26 |
| | VirtusFunds CI I | | | | | |
| | $ 9.0 bil 800-243-1574 | | | | | |
| F | KAR SmCp Cr | -4 +11 | +12 | 50.13 | -0.03 |
| C- | NwfleetMSST | +0 +4 | +1 | 4.47 | 0.00 |
| | Vivaldi Merger | | | | | |
| | $ 837 779-1999 | | | | | |
| B- | TrustMrgrAr | +0 +1 | +3 | 10.63 | 0.00 |
| | Voya FA | | | | | |
| | $ 6.7 bil 800-992-0180 | | | | | |
| E | Intmdt Bd | -1 +7 | 0 | 8.70 | -0.04 |

| 36 Mo Rating | Fund | YTD % Chg | 12Wk % Tax Rtn | 5 Yr After Tax | Net Asset Value | Chg |
|---|---|---|---|---|---|---|
| | Wasatch | | | | | |
| | $ 5.2 bil 800-551-1700 | | | | | |
| B- | Core Gro | -5 +14 | +7 | 82.25n | -0.10 |
| A | Sm Cap Val | -4 +15 | +5 | 9.86n | -0.02 |
| | WCM Focus Funds | | | | | |
| | $ 16.7 bil 888-988-9801 | | | | | |
| D | FocusedIntlG | -2 +11 | +8 | 22.28 | 0.12 |
| | Weitz Funds | | | | | |
| | $ 4.1 bil 888-859-0698 | | | | | |
| A- | Value | -3 +8 | +9 | 50.25n | -0.24 |
| | WesMark Funds | | | | | |
| | $ 778 mil 800-864-1013 | | | | | |
| A- | LargeCompan | -2 +11 | +8 | 21.27n | -0.07 |
| | Western Asset | | | | | |
| | $ 52.2 bil 877-721-1926 | | | | | |
| E | Core Bond | -1 +8 | 0 | 10.66 | -0.07 |
| E | CorePlusBon | -1 +10 | 0 | 9.44 | -0.07 |
| D- | ManagedMuni | +0 +8 | +1 | 15.10 | 0.01 |
| E | SMAShSeries | -2 +10 | -2.0 | 6.21n | -0.03 |
| E | SMASrSeries | -2 +9 | -2.0 | 7.80n | -0.07 |
| | Westwood Quality Sma | | | | | |
| | $ 453 mil 877-386-3944 | | | | | |
| A | Quality SC | -3 +14 | +5 | 19.88 | -0.10 |
| | Williamsburg Invst T | | | | | |
| | $ 904 mil 800-281-3217 | | | | | |
| A | SmCp Focus | -1 +12 | +9 | 17.29n | 0.07 |
| | Wilmington Funds | | | | | |
| | $ 14.5 bil 800-836-2211 | | | | | |
| A | LC Str | -2 +11 | +9 | 27.01 | -0.08 |
| | Wm Blair Funds CI I | | | | | |
| | $ 4.0 bil 866-234-5426 | | | | | |
| D | Gro Cmp Gr | -4 +12 | +8 | 28.77n | -0.09 |
| D | Sm-Md Cp Gr | -4 +12 | +5 | 27.16 | -0.03 |

| 36 Mo Rating | Fund | YTD % Chg | 12Wk % Tax Rtn | 5 Yr After Tax | Net Asset Value | Chg |
|---|---|---|---|---|---|---|
| | USAA Income | | | | | |
| | $ 66.4 bil 800-235-8396 | | | | | |

---



**Comrit is not affiliated with American Healthcare REIT, Inc.**

This announcement is neither an offer to buy nor a solicitation of an offer to sell securities. Such offer is being made solely by the Offer to Purchase provided to shareholders of record and is not being made to, and tenders will not be accepted from or on behalf of, shareholders residing in any state in which making or accepting the offer would violate that jurisdiction's laws. In those jurisdictions where the securities, Blue Sky, or other laws require the offer to be made by a licensed broker or dealer, the offer shall be deemed to be made on behalf of the Purchaser only by one or more registered dealers licensed under the laws of such jurisdiction.

NOTICE OF OFFER TO PURCHASE FOR CASH:

Up to 228,136 Shares of common stock of
AMERICAN HEALTHCARE REIT, INC. (the "REIT")
at a price of $13.15 per Share
by: Comrit Investments 1, Limited Partnership (the "Purchaser")

The Purchaser is offering to purchase for cash up to 228,136 shares of common stock ("Shares") of the REIT at a price of $13.15 per Share upon the terms and subject to the conditions set forth in the Purchaser's Offer to Purchase and the related Assignment Form for the offer (which together constitute the "Offer" and the "Tender Offer Documents"). THE OFFER AND RELATED WITHDRAWAL RIGHTS EXPIRE AT 11:59 P.M., EASTERN TIME, ON MARCH 6, 2024, UNLESS THE OFFER IS EXTENDED.

The Purchaser is not affiliated with the REIT and is seeking to profit from the Offer. The REIT established an estimated net asset value per Share ("Estimated Per Share NAV") of $31.40 as of December 31, 2022. The REIT may publish an update to its Estimated Per Share NAV during the period in which this Offer is open. Shareholders should consult the REIT's public filings pursuant to the Securities Exchange Act of 1934, as amended (the "Exchange Act"), for any such updates, which are available at www.sec.gov.

Funding for the purchase of the Shares will be provided through the Purchaser's available cash on hand. The Offer is not being made for the purpose of acquiring or influencing control of the business of the REIT. The Offer will expire at 11:59 p.m., Eastern Time on March 6, 2024, unless and until the Purchaser shall have extended the period of time for which the Offer is open as discussed below (such date and time, as extended, the "Expiration Date"). The Purchaser will not provide a subsequent offering period following the Expiration Date. If the Purchaser makes a material change in the terms of the Offer, or if it waives a material condition to the Offer, the Purchaser will extend the Offer and disseminate additional tender offer materials to the extent required by Rules 14d-4(d)(1) and 14d-6(d) under the Exchange Act. The minimum period during which the Offer must remain open following any material change in the terms of the Offer is generally 10 business days to allow for adequate dissemination to shareholders. Accordingly, if prior to the Expiration Date, the Purchaser increases (other than increases of not more than two percent of the outstanding Shares) or decreases the number of Shares being sought, or increases or decreases the consideration offered pursuant to the Offer, and if the Offer is scheduled to expire at any time earlier than the period ending on the tenth business day from the date that notice of such increase or decrease is first published, sent or given to shareholders, the Offer will be extended at least until the expiration of such tenth business day. For purposes of the Offer, a "business day" means any day other than a Saturday, Sunday or federal holiday and consists of the time period from 12:01 a.m. through midnight, Eastern Time. In all cases, payment for the Shares purchased pursuant to the Offer will be made only after timely receipt of the Assignment Form (or facsimile or telecopy thereof), properly completed and duly executed, with any required signature guarantees, and any other documents required by such Assignment Form and successful transfer of ownership.

Tenders of Shares made pursuant to the Offer are irrevocable, except that shareholders who tender their Shares in response to the Offer will have the right to withdraw their tendered Shares at any time prior to the Expiration Date by sending to Central Trade and Transfer, LLC, an affiliate of Orchard Securities, LLC, Member FINRA/SIPC ("CTT"), a written or facsimile transmission notice of withdrawal identifying the name of the person who tendered Shares to be withdrawn, signed by the same persons and in the same manner as the Assignment Form tendering the Shares to be withdrawn. If tendering shareholders tender more than the number of Shares that the Purchaser seeks to purchase pursuant to the Offer, the Purchaser will take into account the number of Shares so tendered and take up and pay for as nearly as may be pro rata, disregarding fractions, according to the number of Shares tendered by each tendering shareholder during the period during which the Offer remains open. The terms of the Offer are more fully set forth in the formal Tender Offer Documents which are available from Purchaser at the Purchaser's expense. The Offer contains terms and conditions and the information required by Rule 14d-6(d)(1) under the Exchange Act which are incorporated herein by reference. The Tender Offer Documents also contain important information, including tax information, which should be read carefully before any decision is made with respect to the Offer.

For copies of the Tender Offer Documents, call CTT at 1-800-327-9990, make a written request addressed to 365 S. Garden Grove Lane, Suite 100, Pleasant Grove, Utah 84062, Attn: Comrit Investments 1, LP, email to offer@cttauctions.com, or visit www.cttauctions.com/offerdisclosures.

This announcement is neither an offer to buy nor a solicitation of an offer to sell securities. Such offer is being made solely by the Offer to Purchase provided to shareholders of record and is not being made to, and tenders will not be accepted from or on behalf of, shareholders residing in any state in which making or accepting the offer would violate that jurisdiction's laws. In those jurisdictions where the securities, Blue Sky, or other laws require the offer to be made by a licensed broker or dealer, the offer shall be deemed to be made on behalf of the Purchaser only by one or more registered dealers licensed under the laws of such jurisdiction.

NOTICE OF OFFER TO PURCHASE FOR CASH:

Up to 247,934 Shares of Class A common stock and
up to 27,548 Shares of Class T common stock of
MOODY NATIONAL REIT II, INC. (the "REIT")
each at a price of $10.89 per Share
by: Comrit Investments 1, Limited Partnership (the "Purchaser")

The Purchaser is offering to purchase for cash up to 247,934 shares of Class A common stock and up to 27,548 shares of Class T common stock (collectively, "Shares") of the REIT at a price of $10.89 per Share upon the terms and subject to the conditions set forth in the Purchaser's Offer to Purchase and in the related Assignment Form for the offer (which together constitute the "Offers" and the "Tender Offer Documents"). The REIT published an estimated net asset value per share of $19.45 on March 24, 2023, which reflects the REIT's estimated net asset value per share as of December 31, 2022. The REIT may publish an update to its estimated net asset value per share during the period in which these offers are open. Shareholders should consult the REIT's public filings pursuant to the Securities Exchange Act of 1934, as amended (the "Exchange Act"), for any such updates, which are available at www.sec.gov. THE OFFERS EXPIRE AT 11:59 P.M., EASTERN TIME, ON MARCH 6, 2024, UNLESS THE OFFERS ARE EXTENDED. The Purchaser is not affiliated with the REIT and is seeking to profit from the Offers.

Funding for the purchase of the Shares will be provided through the Purchaser's available cash on hand. The Offers are not being made for the purpose of acquiring or influencing control of the business of the REIT. The Offers will expire at 11:59 p.m., Eastern Time on March 6, 2024, unless and until the Purchaser, in its sole discretion, shall have extended the period of time for which the Offers are open (such date and time, as extended the "Expiration Date"). The Purchaser will not provide a subsequent offering period following the Expiration Date. If the Purchaser makes a material change in the terms of the Offers, or if it waives a material condition to the Offers, the Purchaser will extend the Offers and disseminate additional tender offer materials to the extent required by Rules 14d-4(d)(1) and 14d-6(d) under the Exchange Act. The minimum period during which the Offers must remain open following any material change in the terms of the Offers is generally 10 business days to allow for adequate dissemination to shareholders. Accordingly, if prior to the Expiration Date, the Purchaser increases (other than increases of not more than two percent of the outstanding Shares) or decreases the number of Shares being sought, or increases or decreases the consideration offered pursuant to the Offers, and if the Offers are scheduled to expire at any time earlier than the period ending on the tenth business day from the date that notice of such increase or decrease is first published, sent or given to shareholders, the Offer will be extended at least until the expiration of such tenth business day. For purposes of the Offers, a "business day" means any day other than a Saturday, Sunday or federal holiday and consists of the time period from 12:01 a.m. through midnight, Eastern Time. In all cases payment for the Shares purchased pursuant to the Offers will be made only after timely receipt of the Assignment Form (or facsimile or telecopy thereof), properly completed and duly executed, with any required signature guarantees, and any other documents required by such Assignment Form and successful transfer of ownership.

Tenders of Shares made pursuant to the Offers are irrevocable, except that shareholders who tender their Shares in response to the Offers will have the right to withdraw their tendered Shares at any time prior to the Expiration Date by sending to Central Trade and Transfer, LLC, an affiliate of Orchard Securities, LLC, Member FINRA/SIPC ("CTT"), a written or facsimile transmission notice of withdrawal identifying the name of the person who tendered Shares to be withdrawn, signed by the same persons and in the same manner as the Assignment Form tendering the Shares to be withdrawn. If tendering shareholders tender more than the number of Shares that the Purchaser seeks to purchase pursuant to the Offers, the Purchaser will take into account the number of Shares so tendered and take up and pay for as nearly as may be pro rata, disregarding fractions, according to the number of Shares tendered by each tendering shareholder during the period during which the Offers remain open. The terms of the Offers are more fully set forth in the formal Tender Offer Documents which are available from Purchaser at the Purchaser's expense. The Offers contain terms and conditions and the information required by Rule 14d-6(d)(1) under the Exchange Act which are incorporated herein by reference. The Tender Offer Documents also contain important information, including tax information, which should be read carefully before any decision is made with respect to the Offers.

For copies of the Tender Offer Documents, call CTT at 1-800-327-9990, make a written request addressed to 365 S. Garden Grove Lane, Suite 100, Pleasant Grove, Utah 84062, Attn: Comrit Investments 1, LP, email to offer@cttauctions.com, or visit www.cttauctions.com/offerdisclosures.

This announcement is neither an offer to buy nor a solicitation of an offer to sell securities. Such offer is being made solely by the Offer to Purchase provided to shareholders of record and is not being made to, and tenders will not be accepted from or on behalf of, shareholders residing in any state in which making or accepting the offer would violate that jurisdiction's laws. In those jurisdictions where the securities, Blue Sky, or other laws require the offer to be made by a licensed broker or dealer, the offer shall be deemed to be made on behalf of the Purchaser only by one or more registered dealers licensed under the laws of such jurisdiction.

NOTICE OF OFFER TO PURCHASE FOR CASH:

Up to 288,461 Shares of Class A common stock of
SMARTSTOP SELF STORAGE REIT, INC. (the "REIT")
at a price of $10.40 per Share
by: Comrit Investments 1, Limited Partnership (the "Purchaser")

The Purchaser is offering to purchase for cash up to 288,461 shares of Class A common stock ("Shares") of the REIT at a price of $10.40 per Share upon the terms and subject to the conditions set forth in the Purchaser's Offer to Purchase and Assignment Form for the offer (which together constitute the "Offer" and the "Tender Offer Documents"). THE OFFER AND RELATED WITHDRAWAL RIGHTS EXPIRE AT 11:59 P.M., EASTERN TIME, ON MARCH 6, 2024, UNLESS THE OFFER IS EXTENDED.

The Purchaser is not affiliated with the REIT and is seeking to profit from the Offer. The REIT has estimated its net asset value ("NAV") per Share at $15.21 as of September 30, 2022. The REIT may publish an update to its estimated NAV per Share during the period in which the Offer is open. Shareholders of the REIT should consult the REIT's public filings pursuant to the Securities Exchange Act of 1934, as amended (the "Exchange Act"), for any such updates, which are available at www.sec.gov.

Funding for the purchase of the Shares will be provided through the Purchaser's available cash on hand. The Offer is not being made for the purpose of acquiring or influencing control of the business of the REIT. The Offer will expire at 11:59 p.m., Eastern Time on March 6, 2024, unless and until the Purchaser, in its sole discretion, shall have extended the period of time for which the Offer is open (such date and time, as extended, the "Expiration Date"). The Purchaser will not provide a subsequent offering period following the Expiration Date. If the Purchaser makes a material change in the terms of the Offer, or if it waives a material condition to the Offer, the Purchaser will extend the Offer and disseminate additional tender offer materials to the extent required by Rules 14d-4(d)(1) and 14d-6(d) under the Exchange Act. The minimum period during which the Offer must remain open following any material change in the terms of the Offer is generally 10 business days to allow for adequate dissemination to shareholders. Accordingly, if prior to the Expiration Date, the Purchaser increases (other than increases of not more than two percent of the outstanding Shares) or decreases the number of Shares being sought, or increases or decreases the consideration offered pursuant to the Offer, and if the Offer is scheduled to expire at any time earlier than the period ending on the tenth business day from the date that notice of such increase or decrease is first published, sent or given to shareholders, the Offer will be extended at least until the expiration of such tenth business day. For purposes of the Offer, a "business day" means any day other than a Saturday, Sunday or federal holiday and consists of the time period from 12:01 a.m. through midnight, Eastern Time. In all cases payment for the Shares purchased pursuant to the Offer will be made only after timely receipt of the Assignment Form (or facsimile or telecopy thereof), properly completed and duly executed, with any required signature guarantees, and any other documents required by such Assignment Form and successful transfer of ownership.

Tenders of Shares made pursuant to the Offer is irrevocable, except that shareholders who tender their Shares in response to the Offer will have the right to withdraw their tendered Shares at any time prior to the Expiration Date by sending to Central Trade and Transfer, LLC, an affiliate of Orchard Securities, LLC, Member FINRA/SIPC ("CTT"), a written or facsimile transmission notice of withdrawal identifying the name of the person who tendered Shares to be withdrawn, signed by the same persons and in the same manner as the Assignment Form tendering the Shares to be withdrawn. If tendering shareholders tender more than the number of Shares that the Purchaser seeks to purchase pursuant to the Offer, the Purchaser will take into account the number of Shares so tendered and take up and pay for as nearly as may be pro rata, disregarding fractions, according to the number of Shares tendered by each tendering shareholder during the period during which Offer remains open. The terms of the Offer is more fully set forth in the formal Tender Offer Documents which are available from Purchaser at the Purchaser's expense. The Offer contains terms and conditions and the information required by Rule 14d-6(d)(1) under the Exchange Act, which are incorporated herein by reference. The Tender Offer Documents also contain important information, including tax information, which should be read carefully before any decision is made with respect to the Offer.

For copies of the Tender Offer Documents, call CTT at 1-800-327-9990, make a written request addressed to 365 S. Garden Grove Lane, Suite 100, Pleasant Grove, Utah 84062, Attention: Comrit Investments 1, Limited Partnership, email to offer@cttauctions.com, or visit www.cttauctions.com/offerdisclosures.

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| IN RE: SYNCHRONY FINANCIAL DERIVATIVE LITIGATION | Lead Case No. 3:19-cv-00130-VAB |
|---|---|

### SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF STOCKHOLDER DERIVATIVE ACTION

**TO:**   **ALL RECORD HOLDERS AND BENEFICIAL OWNERS OF SYNCHRONY FINANCIAL ("SYNCHRONY" OR THE "COMPANY") COMMON STOCK AS OF DECEMBER 12, 2023.**

**PLEASE READ THIS SUMMARY NOTICE CAREFULLY AND IN ITS ENTIRETY AS YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THE LITIGATION.**

YOU ARE HEREBY NOTIFIED that the above-captioned stockholder derivative action (the "Action"), is being settled on the terms set forth in a Stipulation and Agreement of Settlement dated December 12, 2023 (the "Stipulation").

The Action alleges claims against each of the Individual Defendants[1] for breach of fiduciary duty, and/or other violations of law, including the federal securities laws and unjust enrichment, in connection with their making and/or causing the Company to make false and misleading statements and omissions to the public regarding the pushback Synchrony was receiving from its retail partners based on: (1) adjustments the Company had made to its underwriting practices; and (2) Synchrony's process of making less credit available to certain Company borrowers. Plaintiffs also allege that the Individual Defendants caused Synchrony to repurchase its own stock at artificially inflated prices while certain of them engaged in insider sales of Company stock. The Action alleges that, as a result of the foregoing, the Company experienced reputational and financial harm. Defendants have denied and continue to deny each and all of the claims and allegations of wrongdoing asserted in the Action.

Pursuant to the terms of the Settlement, Synchrony agrees to implement and maintain certain corporate governance reforms that are outlined in Exhibit A to the Stipulation (the "Reforms"). The Reforms shall be maintained for three and a half (3.5) years. Synchrony acknowledges and agrees that the filing, pendency, and settlement of the Action was a material and precipitating cause of the Company's decision to adopt, implement, and maintain the Reforms. Synchrony also acknowledges and agrees that the Reforms confer substantial benefits to Synchrony and Synchrony's shareholders.

After negotiating the principal terms of the Settlement, counsel for the Parties, with the assistance of the Mediator, negotiated the attorneys' fees and expenses to be paid to Plaintiffs' Counsel, subject to Court approval (the "Fee and Expense Amount"). In light of the substantial benefits conferred upon the Company and its stockholders, Synchrony's insurers shall pay to Plaintiffs' Counsel eight hundred and eighty-five thousand dollars ($885,000.00) for their attorneys' fees and expenses, subject to Court approval. Defendants also agreed not to object to the request for the Court to approve Service Awards of up to two thousand dollars ($2,000.00) for each of the two Plaintiffs, to be paid from the Fee and Expense Amount.

On April 1, 2024 at 11:00 a.m., a hearing (the "Settlement Hearing") will be held before the Honorable Victor A. Bolden at the United States District Court for the District of Connecticut, Courtroom 2 of the Richard C. Lee, United States Courthouse, 141 Church Street, New Haven, Connecticut 06510, for the purpose of determining whether the Settlement should be approved as fair, reasonable, and adequate and whether the Court should approve the agreed-to Fee and Expense Amount and the Service Awards for Plaintiffs. *Because this is not a class action, except as otherwise provided for in the Stipulation with respect to the Plaintiffs, no Current Synchrony Stockholder has the right to receive any individual compensation as a result of the Settlement.*

This Summary Notice provides a condensed overview of certain provisions of the Stipulation and the full Notice of Pendency and Proposed Settlement of Stockholder Derivative Action (the "Notice"). It is not a complete statement of the events of the Action or the terms set forth in the Stipulation. This summary should be read in conjunction with, and is qualified in its entirety by reference to, the text of the Stipulation. For additional information about the claims asserted in the Action, and the terms of the proposed Settlement, you may inspect the Stipulation and its exhibits and other papers at the Clerk's office in the Court at any time during regular business hours. In addition, copies of the Stipulation and its exhibits and the Notice are available on the Investor Relations page of the Company's website, https://investors.synchrony.com.

The Court may, in its discretion, change the date and/or time of the Settlement Hearing without further notice to you. If you intend to attend the Settlement Hearing, please consult the Court's calendar for any change in the date or time of the Settlement Hearing.

Inquiries about the Action or the Settlement may be made to: Timothy Brown, The Brown Law Firm, P.C., 767 Third Avenue, Suite 2501, New York, NY 10017, Telephone: (516) 922-5427, Email: tbrown@thebrownlawfirm.net.

You may enter an appearance before the Court, at your own expense, individually or through counsel of your choice. If you want to object at the Settlement Hearing, you must be a Current Synchrony Stockholder and you must first comply with the procedures for objecting that are set forth in the Notice. **Any objection to any aspect of the Settlement must be filed with the Clerk of the Court and sent to Plaintiffs' Counsel and Defendants' Counsel no later than March 11, 2024 (21 days before the Settlement Hearing)**, in accordance with the procedures set forth in the Stipulation and the Notice. Any Current Synchrony Stockholder who fails to object in accordance with such procedures will be bound by the Order and Final Judgment of the Court granting final approval to the Settlement and the releases of claims therein, and shall be deemed to have waived the right to object (including the right to appeal) and forever shall be barred, in this proceeding or in any other proceeding, from raising such objection.

**PLEASE DO NOT CALL THE COURT OR DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT.**

---
[1] All capitalized terms that are not otherwise defined shall have the definitions as set forth in the Stipulation.

---

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| TIM DOYLE, Individually and On Behalf of All Others Similarly Situated, *et al.*, Plaintiff, v. REATA PHARMACEUTICALS, INC., *et al.*, Defendants. | Case No. 4:21-cv-00987-ALM LEAD CLASS ACTION |
|---|---|

### SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**TO: All persons and entities who, during the period between November 14, 2016 through December 8, 2021 inclusive, purchased or otherwise acquired the common stock of Reata Pharmaceuticals, Inc. ("Reata" or the "Company") (the "Settlement Class"), including all persons or entities who purchased or otherwise acquired Reata common stock pursuant and/or traceable to Reata's 2019 Offering and/or 2020 Offering (the "Offerings Subclass").**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Texas, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiff in the Action has reached a proposed settlement of the Action for $45,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing is scheduled to be held on March 29, 2024 at 9:00 a.m., before the Honorable Amos L. Mazzant III at the United States District Court for the Eastern District of Texas, Paul Brown United States Courthouse, 101 East Pecan Street, Sherman, Texas 75090, to determine whether: (i) the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated October 30, 2023 (and in the Notice) should be granted; (iii) the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Doyle v. Reata Pharmaceuticals, Inc.*, c/o Epiq, P.O. Box 5566, Portland, OR 97228-5566, 1-877-664-7398. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.ReataSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *online, by email, or by mail* postmarked no later than **April 24, 2024**. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than **March 8, 2024**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than **March 8, 2024**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Defendants, or their counsel, regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement, should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

*Doyle v. Reata Pharmaceuticals, Inc.*
c/o Epiq
P.O. Box 5566
Portland, OR, 97228-5566
1-877-664-7398
www.ReataSecuritiesLitigation.com
info@ReataSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

KIRBY McINERNEY LLP
Daniel Hume, Esq.
250 Park Avenue, Suite 820
New York, NY 10177
(212) 371-6600
www.kmllp.com
dhume@kmllp.com

By Order of the Court

©2024 Investor's Business Daily, LLC. All rights reserved.

# Kirby McInerney LLP Announces Pendency of Class Action and Proposed Settlement Involving Purchasers of Reata Pharmaceuticals, Inc. Common Stock

NEWS PROVIDED BY
**Kirby McInerney LLP →**
08 Jan, 2024, 08:00 ET

SHERMAN, Texas, Jan. 8, 2024 /PRNewswire/ --

**TO: All persons and entities who, during the period between November 14, 2016 through December 8, 2021 inclusive, purchased or otherwise acquired the common stock of Reata Pharmaceuticals, Inc. ("Reata" or the "Company") (NASDAQ: RETA) (the "Settlement Class"), including all persons or entities who purchased or otherwise acquired Reata common stock pursuant and/or traceable to Reata's 2019 Offering and/or 2020 Offering (the "Offerings Subclass").**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Texas, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class

Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiff in the Action has reached a proposed settlement of the Action for $45,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing is scheduled to be held on March 29, 2024 at 9:00 a.m., before the Honorable Amos L. Mazzant III at the United States District Court for the Eastern District of Texas, Paul Brown United States Courthouse, 101 East Pecan Street, Sherman, Texas 75090, to determine whether: (i) the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated October 30, 2023 (and in the Notice) should be granted; (iii) the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Doyle v. Reata Pharmaceuticals, Inc.*, c/o Epiq, P.O. Box 5566, Portland, OR 97228-5566, 1-877-664-7398. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.ReataSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *online, by email, or by mail postmarked* no later than **April 24, 2024**. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than **March 8, 2024**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than **March 8, 2024**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Defendants, or their counsel, regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement, should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

*Doyle v. Reata Pharmaceuticals, Inc.*

c/o Epiq

P.O. Box 5566

Portland, OR, 97228-5566

1-877-664-7398

www.ReataSecuritiesLitigation.com

info@ReataSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

KIRBY MCINERNEY LLP

Daniel Hume, Esq.

250 Park Avenue, Suite 820

New York, NY 10177

(212) 371-6600

www.kmllp.com

dhume@kmllp.com

By Order of the Court

URL: www.ReataSecuritiesLitigation.com, www.kmllp.com/cases-investigations/doyle-v-reata-pharmaceuticals

SOURCE Kirby McInerney LLP

