EXHIBIT 2

DocuSign Envelope ID: C49D5957-EAA14B11-97D1-3812159289B5

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

|  |  |
|---|---|
| TIM DOYLE, Individually and On Behalf of All Others Similarly Situated, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> REATA PHARMACEUTICALS, INC., *et al.*, <br><br> Defendants. | Case No. 4:21-cv-00987-ALM LEAD <br><br> <u>CLASS ACTION</u> <br><br> Judge Amos L. Mazzant, III |

**DECLARATION OF MARLENE IGEL-HARRIS ON BEHALF OF WESPATH IN SUPPORT OF: (I) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND <u>REIMBURSEMENT OF LITIGATION EXPENSES</u>**

I, Marlene Igel-Harris, declare as follows, pursuant to 28 U.S.C. § 1746:

1.      I am Associate General Counsel for Court-appointed Lead Plaintiff UMC Benefit Board, Inc., US Equity Fund-P Series, a series of the Wespath Funds Trust, US Equity Index Fund-P Series, a series of the Wespath Funds Trust, Wespath Institutional Investments LLC, US Equity Index Fund-I Series, a series of the Wespath Funds Trust, and US Equity Index Fund-I Series, a series of the Wespath Funds Trust ("Lead Plaintiff" or "Wespath"),[1] in the above-captioned action (the "Action"). *See* ECF No. 34. I submit this declaration in support of: (a) Lead Plaintiff's motion for final approval of the Settlement and Plan of Allocation; and (b) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, including approval of Lead Plaintiff's request to recover reasonable costs that it incurred in connection with its representation of the Settlement Class in the prosecution of this Action.

2.      I am aware of and understand the requirements and responsibilities of a representative plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995 ("PLSRA"), 15 U.S.C. § 77z-1 and 15 U.S.C. § 78u-4. On behalf of Wespath, I have discharged those duties to the best of my ability. I have personal knowledge of the matters set forth in this declaration, as I have been directly involved in monitoring and overseeing the prosecution of the Action, as well as the negotiations leading to the Settlement, and I could and would testify competently to these matters.

3.      In fulfillment of Wespath's responsibilities as a named plaintiff and proposed class representative, Wespath worked closely with Lead Counsel, Kirby McInerney LLP ("Kirby McInerney"), additional Plaintiffs' Counsel, Glancy Prongay & Murray LLP ("Glancy"), and

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings as set forth in the Stipulation and Agreement of Settlement dated October 30, 2023. *See* ECF No. 74-2.

1

DocuSign Envelope ID: C49D5957-FAA1-4D11-97D1-3812159289B5

Court-appointed Local Liaison Counsel, Steckler Wayne & Love PLLC ("Steckler"), to obtain an excellent result in this case.

## I.      Lead Plaintiff's Oversight of the Litigation

4.      Wespath first became involved in the prosecution of this case in approximately February 2022, in connection with its motion for appointment as Lead Plaintiff. *See* ECF No. 20. Wespath purchased shares of Reata common stock during the Class Period, including pursuant to the 2019 and 2020 secondary stock offerings of Defendant Reata Pharmaceuticals, Inc. ("Reata"), which occurred on November 14, 2019 and December 1, 2020, respectively. Accordingly, Wespath has standing to assert claims arising under both the Securities Act of 1933 and the Securities Exchange Act of 1934.

5.      Throughout the litigation, Wespath received periodic status reports from Kirby McInerney on case developments, and participated in regular discussions concerning the prosecution of the Action, the strengths and weaknesses of the claims, and potential settlement. In particular, throughout the course of this Action, I: (a) regularly communicated with Wespath's attorneys at Kirby McInerney regarding the posture and progress of the case as well as litigation strategy; (b) reviewed pleadings and briefs filed in the Action; (c) reviewed Court orders and discussed them with Lead Counsel; (d) reviewed discovery produced by the Reata Defendants; (e) prepared for the mediation sessions by, among other things, discussing with Lead Counsel the mediation statements and mediation strategy; (f) traveled to New York City and Dallas, Texas to attend both mediation sessions with the mediator, Jed Melnick, Esq. of JAMS, in person; (g) consulted with Kirby McInerney attorneys regarding the mediations and settlement negotiations; (h) evaluated the Settlement Amount, conferred with Lead Counsel, and ultimately approved the Settlement; and (i) communicated with Lead Counsel regarding the process of finalizing the

Settlement. My oversight of Wespath's participation in the litigation was assisted by other staff, including.

## II.    Approval of the Settlement

6.    As detailed in the paragraphs above, through its active participation in the Action, Wespath was well-informed of the status and progress of the litigation, and of the progress of the settlement negotiations in the Action. Wespath was also well-informed of the strengths and weaknesses of the claims and defenses in the Action and of the risks associated with continued litigation.

7.    Based on Wespath's involvement in the prosecution and resolution of the claims asserted in the Action, Wespath believes that the Settlement provides a fair, reasonable, and adequate recovery for the Settlement Class, particularly in light of the risks of continued litigation, and Wespath endorses final approval of the Settlement by the Court.

## III.    Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses

### A.    Attorneys' Fees and Litigation Expenses

8.    Wespath believes that Lead Counsel's request for an award of attorneys' fees in the amount of 30% of the Settlement Fund is fair and reasonable in light of the work Plaintiffs' Counsel performed on behalf of the Settlement Class.

9.    Wespath has evaluated Lead Counsel's fee request by considering: (i) the quality and amount of work performed; (ii) the recovery obtained for the Settlement Class; and (iii) the risks Plaintiffs' Counsel bore in prosecuting this Action on behalf of Wespath and the Settlement Class on a fully contingent basis. Indeed, Plaintiffs' Counsel was not paid during the pendency of this Action and they fronted all Litigation Expenses, which totaled approximately $204,323.08. Wespath has authorized this fee request for the Court's ultimate determination.

3

10.    Wespath further believes that the Litigation Expenses being requested for reimbursement to Plaintiffs' Counsel are reasonable and represent costs and expenses necessary for the prosecution and resolution of the claims in the Action. Based on the foregoing, and consistent with Wespath's obligation to the Settlement Class to obtain the best result in the most cost-efficient manner, Wespath fully supports Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.

### B.    Lead Plaintiff's Litigation-Related Costs and Expenses

11.    I understand that reimbursement of a class representative's reasonable costs and expenses is authorized under the PSLRA. *See* 15 U.S.C. § 77z-1(a)(4) & 15 U.S.C. § 78u-4(a)(4). For this reason, in connection with Lead Counsel's request for reimbursement of Litigation Expenses, Wespath is requesting reimbursement for the costs that it incurred directly relating to its representation of the Settlement Class in the Action, as described in detail above.

12.    The time that my colleagues and I devoted to the representation of the Settlement Class in this Action was time that we otherwise would have spent on other activities, and thus, represented a cost to Wespath. Wespath respectfully requests reimbursement in the amount of $10,000 for the time it devoted to participating in this Action. It is my belief that this request for reimbursement is fair and reasonable and that the time and effort Wespath devoted to this litigation was necessary to help achieve an excellent result for the Settlement Class.

### IV.    Conclusion

13.    As set forth herein, Wespath was actively involved in the prosecution and settlement of the claims in this Action, strongly endorses the Settlement as fair, reasonable, and adequate, and believes that the Settlement represents a significant recovery for the Settlement Class. Accordingly, Wespath respectfully requests that the Court approve: (a) Lead Plaintiff's

4

motion for final approval of the Settlement and Plan of Allocation; (b) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; and (c) Wespath's request for reimbursement of the reasonable costs (including lost wages) that it incurred in prosecuting the Action on behalf of the Settlement Class.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on February __, 2024, in __2/20/2024_____.

DocuSigned by:

EA97D8D194564EA...

Marlene Iger Harris
Associate General Counsel, Wespath

5