**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| TIM DOYLE, Individually and On Behalf of All Others Similarly Situated, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>REATA PHARMACEUTICALS, INC., *et al.*,<br><br>Defendants. | Case No. 4:21-cv-00987-ALM LEAD<br><br><u>CLASS ACTION</u><br><br>Judge Amos L. Mazzant, III |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**(I) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND**
**PLAN OF ALLOCATION, AND (II) MOTION FOR AN AWARD OF**
**<u>ATTORNEYS' FEES AND LITIGATION EXPENSES</u>**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.......................................................................................... ii

PRELIMINARY STATEMENT.................................................................................... 1

ARGUMENT................................................................................................................ 2

I.     The Reaction of the Settlement Class Supports Approval of the Settlement, the Plan of Allocation, and the Requested Attorneys' Fees and Litigation Expenses ................................................................................................................ 2

        A.     Implementation of the Court-Approved Notice Program and Reaction of the Settlement Class.................................................................... 2

        B.     The Settlement Class's Uniformly Positive Reaction Supports Approval of the Settlement and Plan of Allocation ............................ 4

        C.     The Settlement Class's Uniformly Positive Reaction Supports Approval of the Fee and Expense Requests............................................ 6

CONCLUSION............................................................................................................ 7

CERTIFICATE OF SERVICE .................................................................................. 10

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re AT&T Corp. Secs. Litig.*,
No. 00 Civ. 5364, 2005 WL 6716404 (D.N.J. Apr. 25, 2005) ...................................................... 5

*Bethea v. Sprint Commc'ns Co.*,
No. 12 Civ. 322, 2013 WL 228094 (S.D. Miss. Jan. 18, 2013) ................................................... 6

*Billitteri v. Secs. Am., Inc.*,
No. 09 Civ. 01568, 2011 WL 3586217 (N.D. Tex. Aug. 4, 2011) ......................................... 4, 5

*In re Bisys Secs. Litig.*,
No. 04 Civ. 3840, 2007 WL 2049726 (S.D.N.Y. July 16, 2007) ................................................ 7

*In re Citigroup Inc. Bond Litig.*,
296 F.R.D. 147 (S.D.N.Y. 2013) .............................................................................................. 5

*Cook v. Howard Indus., Inc.*,
No. 11 Civ. 41, 2013 WL 943664 (S.D. Miss. Mar. 11, 2013) ................................................... 7

*In re Enron Corp. Secs., Derivative & "ERISA" Litig.*,
228 F.R.D. 541 (S.D. Tex. 2005) .............................................................................................. 4

*In re Enron Corp. Secs., Derivative & "ERISA" Litig.*,
586 F. Supp. 2d 732 (S.D. Tex. 2008)........................................................................................ 7

*Erica P. John Fund, Inc. v. Halliburton Co.*,
No. 02 Civ. 1152, 2018 WL 1942227 (N.D. Tex. Apr. 25, 2018) ......................................... 4, 6

*Fogarazzo v. Lehman Bros., Inc.*,
No. 03 Civ. 5194, 2011 WL 671745 (S.D.N.Y. Feb. 23, 2011) ................................................. 7

*Marcus v. J.C. Penney Co.*,
No. 13 Civ. 736, 2017 WL 6590976 (E.D. Tex. Dec. 18, 2017)................................................. 5

*Melby v. Am.'s MHT, Inc.*,
No. 17 Civ. 155, 2018 WL 10399004 (N.D. Tex. June 22, 2018) .............................................. 4

*In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mex., on Apr. 20, 2010*,
910 F. Supp. 2d 891 (E.D. La. 2012) ........................................................................................ 4

*In re Pool Prods. Distrib. Mkt. Antitrust Litig.*,
MDL No. 2328, 2016 WL 235781 (E.D. La. Jan. 20, 2016) ................................................. 4, 5

*Reed v. Gen. Motors Corp.*,
703 F.2d 170 (5th Cir. 1983).................................................................................................... 4

*In re Rite Aid Corp. Secs. Litig.*,
   396 F.3d 294 (3d Cir. 2005) ............................................................................................. 7

*Schwartz v. TXU Corp.*,
   No. 02 Civ. 2243, 2005 WL 3148350 (N.D. Tex. Nov. 8, 2005) .................................... 5

*Turner v. Murphy Oil USA, Inc.*,
   472 F. Supp. 2d 830 (E.D. La. 2007) ............................................................................. 4

*Vaughn v. Am. Honda Motor Co.*,
   627 F. Supp. 2d 738 (E.D. Tex. 2007)............................................................................. 5

*In re Veeco Instruments Inc. Secs. Litig.*,
   No. 05 MD 01695, 2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007)..................................... 6

*In re Waste Mgmt., Inc. Secs. Litig.*,
   No. 99 H. 2183, 2002 WL 35644013 (S.D. Tex. May 10, 2002)............................. 6, 7

Court-appointed Lead Plaintiff UMC Benefit Board, Inc., US Equity Fund-P Series, a series of the Wespath Funds Trust, US Equity Index Fund-P Series, a series of the Wespath Funds Trust, Wespath Institutional Investments LLC, US Equity Fund-I Series, a series of the Wespath Funds Trust, and US Equity Index Fund-I Series, a series of the Wespath Funds Trust ("Lead Plaintiff"), on behalf of itself and all other Settlement Class Members, and Court-appointed Lead Counsel, Kirby McInerney LLP ("Lead Counsel"), respectfully submit this reply memorandum of law in further support of (i) the Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 80) (the "Final Approval Motion"), and (ii) the Motion for an Award of Attorneys' Fees and Litigation Expenses (ECF No. 81) (the "Fee and Expense Application," and together with the Final Approval Motion, the "Motions").[1]

## PRELIMINARY STATEMENT

The reaction of the Settlement Class confirms that the proposed $45,000,000 Settlement achieved in the above-captioned action (the "Action") represents an excellent result for the Settlement Class, and that the Settlement, the proposed Plan of Allocation, and the requested attorneys' fees and Litigation Expenses are all fair, reasonable, and adequate.

The Court-ordered deadline for Settlement Class Members to (i) object to the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses, or (ii) submit requests for exclusion from the Settlement Class, was March 8, 2024. Following implementation of the Court-approved notice program—which included the mailing of 46,829 Notice Packets to potential Settlement Class Members and nominees[2]—the reaction of the Settlement Class has been

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings as set forth in the Stipulation and Agreement of Settlement dated October 30, 2023 (the "Stipulation") (ECF No. 74-2), or in the Motions (ECF Nos. 80, 81) and accompanying Declaration of Daniel Hume in Support of the Motions (ECF Nos. 80-1, 81-1).

[2] *See* Supplemental Declaration of Jessie Mahn Regarding: (I) Mailing of Notice and Proof of Claim Form; (II) Call Center Services; (III) the Settlement Website; and (IV) Requests for Exclusion and Objections Received to Date (the "Supp. Mailing Decl.") ¶ 6, a copy of which is filed concurrently herewith.

overwhelmingly positive. In fact, ***not a single member of the Settlement Class has objected*** to any aspect of the Settlement, the Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses. *See* Supp. Mailing Decl. ¶ 15. Moreover, there have been ***no requests for exclusion*** from the Settlement Class. *See id.* ¶ 13.

Lead Plaintiff and Lead Counsel respectfully submit that their opening papers demonstrate why approval of the Settlement, Plan of Allocation, and Fee and Expense Application is warranted. *See* ECF Nos. 80-81. As discussed herein, the uniformly positive reaction of the Settlement Class confirms the fairness, reasonableness, and adequacy of the proposed Settlement, Plan of Allocation, and the requested attorneys' fees and Litigation Expenses, and further demonstrates that Court approval is warranted.

**ARGUMENT**

I.   **The Reaction of the Settlement Class Supports Approval of the Settlement, the Plan of Allocation, and the Requested Attorneys' Fees and Litigation Expenses**

A.   **Implementation of the Court-Approved Notice Program and Reaction of the Settlement Class**

Pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Approval Order") (ECF No. 76), the Claims Administrator, under the supervision of Lead Counsel, mailed 46,829 copies of the Notice Packet to potential Settlement Class Members and their nominees. *See* Supp. Mailing Decl. ¶ 6. The Claims Administrator also caused the Summary Notice to be published in *Investor's Business Daily* and transmitted over the *PR Newswire*. *See* ECF No. 80-2 ¶ 12. In addition, copies of the Notice, Claim Form, Stipulation, Preliminary Approval Order, and CAC were posted on the website specifically created for this Action, www.ReataSecuritiesLitigation.com (the "Settlement Website"). *See* ECF No. 80-1 ¶ 56; ECF No. 80-2 ¶ 17; Supp. Mailing Decl. ¶ 10.

2

The Notice informed Settlement Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 33 1/3% of the Settlement Fund, for reimbursement of Plaintiffs' Counsel's Litigation Expenses in an amount not to exceed $500,000, and for a payment of $10,000 to Lead Plaintiff for its costs and expenses related to its representation of the Settlement Class. *See* ECF No. 80-2, Ex. A ¶ 5. The Notice also apprised Settlement Class Members of (i) their right to object to the proposed Settlement, the Plan of Allocation, and/or the request for fees and expenses, (ii) their right to exclude themselves from the Settlement Class, and (iii) the March 8, 2024 deadline for doing so. *See id.* ¶¶ 74-76, 80-82; Supp. Mailing Decl. ¶¶ 12, 14.

On February 23, 2024, fourteen (14) days prior to the objection deadline, Lead Plaintiff and Lead Counsel filed their opening papers in support of the Motions. The Motions were supported by the declarations of Lead Plaintiff, Plaintiffs' Counsel, the mediator, Jed Melnick, Esq. of JAMS, the Claims Administrator, and Professor Brian Fitzpatrick. These papers are available on the public docket (*see* ECF Nos. 80-81) and on the Settlement Website. *See* Supp. Mailing Decl. ¶ 10. Notably, the Fee and Expense Application requests attorneys' fees of 30% of the Settlement Fund and reimbursement of $204,323.08 in Litigation Expenses—amounts far less than the maximum figures stated in the Notice. *See* ECF No. 81 at 1.

Following implementation of the extensive notice program and the filing of the Motions, not a single Settlement Class Member has objected to any aspect of the Settlement, the Plan of Allocation, or the request for attorneys' fees and Litigation Expenses. *See* Supp. Mailing Decl. ¶ 15. Moreover, there have been no requests for exclusion from the Settlement Class. *See id*. ¶ 13. As discussed below, this exceptionally positive reaction from the Settlement Class confirms the

3

fairness, adequacy, and reasonableness of the Settlement, the Plan of Allocation, and the requested attorneys' fees and Litigation Expenses.

      **B.**      **The Settlement Class's Uniformly Positive Reaction Supports Approval of the Settlement and Plan of Allocation**

The reaction of the settlement class is a significant factor to be weighed in consideration of a settlement's adequacy. *See Reed v. Gen. Motors Corp.*, 703 F.2d 170, 174-75 (5th Cir. 1983).

Here, ***no objections*** have been filed by any member of the Settlement Class. *See* Supp. Mailing Decl. ¶ 15. This strongly supports a finding that the Settlement is fair, reasonable, and adequate. *See In re Pool Prods. Distrib. Mkt. Antitrust Litig.*, MDL No. 2328, 2016 WL 235781, at *10 (E.D. La. Jan. 20, 2016) ("[T]he lack of objectors . . . suggest[s] class-wide support for the proposed settlement."); *Melby v. Am.'s MHT, Inc.*, No. 17 Civ. 155, 2018 WL 10399004, at *11 (N.D. Tex. June 22, 2018) ("[O]ne indication of the fairness of a settlement is the lack of or small number of objections.") (quoting *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mex.*, *on Apr. 20, 2010*, 910 F. Supp. 2d 891, 938 (E.D. La. 2012), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014)); *Erica P. John Fund, Inc. v. Halliburton Co.*, No. 02 Civ. 1152, 2018 WL 1942227, at *5 (N.D. Tex. Apr. 25, 2018) ("Receipt of few or no objections can be viewed as indicative of the adequacy of the settlement.") (quoting *In re Enron Corp. Secs., Derivative & "ERISA" Litig.*, 228 F.R.D. 541, 567 (S.D. Tex. 2005)); *Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 853 (E.D. La. 2007) ("The absence or small number of objections may provide a helpful indication that the settlement is fair, reasonable, and adequate.").

Moreover, not a single Settlement Class Member has requested exclusion from the Settlement Class. *See* Supp. Mailing Decl. ¶ 13. The absence of any requests for exclusion further reflects the Settlement Class's approval of the Settlement and provides additional evidence of its adequacy. *See, e.g., Billitteri v. Secs. Am., Inc.*, No. 09 Civ. 01568, 2011 WL 3586217, at *14 (N.D.

4

Tex. Aug. 4, 2011) ("The extremely small number of opt-outs suggests a favorable opinion by the absent class members") (quoting *Vaughn v. Am. Honda Motor Co.*, 627 F. Supp. 2d 738, 748 (E.D. Tex. 2007)); *In re Pool Prods. Distrib. Mkt. Antitrust Litig.*, 2016 WL 235781, at *10 (the "low number of opt-outs suggest class-wide support for the proposed settlement").

Of note, Lead Plaintiff, and many other Settlement Class Members, are sophisticated institutional investors with the resources and know-how to evaluate the Settlement and object to it and/or opt-out if appropriate. The absence of any objections or requests for exclusion from these sophisticated Settlement Class Members, as well as Lead Plaintiff's affirmative approval and endorsement of the Settlement (*see* ECF No. 80-3 ¶¶ 6-7), provides further evidence of the Settlement's fairness, adequacy, and reasonableness. *See, e.g.*, *In re AT&T Corp. Secs. Litig.*, No. 00 Civ. 5364, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (the reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object"); *In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 156 (S.D.N.Y. 2013) (approving settlement where "not one of the objections or requests for exclusion was submitted by an institutional investor").

As for the Plan of Allocation, there similarly have been no objections raised by any member of the Settlement Class. *See* Supp. Mailing Decl. ¶ 15. The absence of any objections to the Plan of Allocation strongly supports its approval as fair, reasonable, and adequate. *See Marcus v. J.C. Penney Co.*, No. 13 Civ. 736, 2017 WL 6590976, at *5 (E.D. Tex. Dec. 18, 2017), *report and recommendation adopted*, 2018 WL 307024 (E.D. Tex. Jan. 4, 2018) (finding approval of plan of allocation warranted where there were no objections); *Schwartz v. TXU Corp.*, No. 02 Civ. 2243, 2005 WL 3148350, at *24 (N.D. Tex. Nov. 8, 2005) (finding plan of allocation fair, reasonable, and adequate where, "[m]ost importantly, there has only been one objection to the Plan of

5

Allocation"); *In re Veeco Instruments Inc. Secs. Litig.*, No. 05 MD 01695, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice . . . . This favorable reaction of the Class supports approval of the Plan of Allocation.").

### C.   The Settlement Class's Uniformly Positive Reaction Supports Approval of the Fee and Expense Requests

Lead Counsel's Fee and Expense Application requests attorneys' fees of 30% of the Settlement Fund and reimbursement of $204,323.08 in Litigation Expenses (*see* ECF No. 81 at 1)—amounts that are substantially less than the maximum figures stated in the Notice. *See* ECF No. 80-2, Ex. A ¶ 5; Point I.A, *supra*.[3] As stated in the Notice, the Fee and Expense Application also requests a $10,000 award for Lead Plaintiff's costs and expenses directly related to its representation of the Settlement Class. *See* ECF No. 81 at 1; ECF No. 80-2, Ex. A ¶ 5.

*No objections* to these fee and expense requests have been filed by any member of the Settlement Class. *See* Supp. Mailing Decl. ¶ 15. This strongly supports a determination that the requested fees and expenses are fair and reasonable. *See*, *e.g.*, *Halliburton*, 2018 WL 1942227, at *12 (a "lack of objections" is "relevant in considering the reasonableness and fairness of the [fee] award"); *Bethea v. Sprint Commc'ns Co.*, No. 12 Civ. 322, 2013 WL 228094, at *5 (S.D. Miss. Jan. 18, 2013) ("The absence of objection by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable."); *In re Veeco Instruments Inc. Secs. Litig.*, 2007 WL 4115808, at *10 (the reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable"); *In re Waste Mgmt., Inc. Secs. Litig.*, No. 99 H. 2183, 2002 WL

---

[3] As discussed at Point I.A, *supra*, the Notice specified that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 33 1/3% of the Settlement Fund, and for reimbursement of Plaintiffs' Counsel's Litigation Expenses in an amount not to exceed $500,000. *See* ECF No. 80-2, Ex. A ¶ 5.

35644013, at *29 (S.D. Tex. May 10, 2002), *amended* 2003 WL 27380802 (S.D. Tex. July 31, 2003) (the absence of objections "confirms that the fee is fair and reasonable"); *Cook v. Howard Indus., Inc.*, No. 11 Civ. 41, 2013 WL 943664, at *4 (S.D. Miss. Mar. 11, 2013) ("The absence of any objection . . . to Class Counsel being awarded [its requested] fee further supports the award."); *see also Fogarazzo v. Lehman Bros., Inc.*, No. 03 Civ. 5194, 2011 WL 671745, at *2 (S.D.N.Y. Feb. 23, 2011) (granting PSLRA awards to lead plaintiffs where "[n]o objections to these awards was received from any members of the Class.").

Moreover, as noted above, the Settlement Class includes many institutional investors—entities with the "means, the motive, and the sophistication to raise objections if they thought the [requested fee] was excessive." *In re Bisys Secs. Litig.*, No. 04 Civ. 3840, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007). The absence of any objections from these sophisticated Settlement Class Members, as well as Lead Plaintiff's affirmative approval of the requested fees and expenses (*see* ECF No. 80-3 ¶¶ 8-12), is particularly indicative of the reasonableness of those requests. *See In re Rite Aid Corp. Secs. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (fact that "'sophisticated' institutional investors" with "considerable financial incentive[s] to object had they believed the requested fees were excessive" did not do so, supported approval of the fee request); *In re Enron Corp. Secs., Derivative & "ERISA" Litig.*, 586 F. Supp. 2d 732, 804 (S.D. Tex. 2008) (the "general acceptance of the requested fee amount by all the pension funds and all but one institutional investor strongly supports the reasonableness" of the requested fees).

## CONCLUSION

Based on the foregoing, and for the additional reasons set forth in the opening papers, Lead Plaintiff and Lead Counsel respectfully request that the Court: (i) approve the Settlement and Plan of Allocation as fair, reasonable, adequate, and in the best interests of the Settlement Class; (ii) award attorneys' fees in the amount of 30% of the Settlement Fund (plus interest incurred at the

7

same rate as the Settlement Fund); (iii) approve payment of Plaintiffs' Counsel's Litigation Expenses in the amount of $204,323.08 (plus interest incurred at the same rate as the Settlement Fund); and (iv) approve payment of the proposed award of $10,000 to Lead Plaintiff.[4]

Dated: March 22, 2024

Respectfully Submitted,

**STECKLER WAYNE & LOVE PLLC**

*/s/ Bruce W. Steckler*
Bruce W. Steckler
State Bar No. 00785039
Austin P. Smith
State Bar No. 24102506
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Telephone: 972-387-4040
Facsimile: 972-387-4041
Email: bruce@swclaw.com
          austin@swclaw.com

*Local Counsel for Lead Plaintiff and the Proposed Settlement Class*

**KIRBY McINERNEY LLP**
Daniel Hume (admitted *pro hac vice*)
Meghan J. Summers (admitted *pro hac vice*)
Ira M. Press (admitted *pro hac vice*)
250 Park Avenue, Suite 820
New York, NY 10177
Telephone: 212-371-6600
Facsimile: 212-751-2540
Email: dhume@kmllp.com
          msummers@kmllp.com
          ipress@kmllp.com

---

[4] In addition to the Supplemental Mailing Declaration, Lead Counsel also submits, concurrently herewith: (i) a [Proposed] Order Approving Plan of Allocation; (ii) a [Proposed] Order Awarding Attorneys' Fees and Reimbursement of Litigation Expenses; and (iii) a revised Judgment Approving Class Action Settlement, which was previously filed with the Court on November 3, 2023 (*see* ECF No. 74-2, Ex. B), and which has now been updated to (a) include the dates on which the Stipulation, Notice, and Summary Notice were filed with the Court, the date on which the Preliminary Approval Order was entered by the Court, and the date on which the Settlement Hearing is scheduled to be held, and (b) remove references to the number of requests for exclusion from the Settlement Class given that no such requests for exclusion have been received.

8

*Lead Counsel for Lead Plaintiff and the Proposed Settlement Class*

**GLANCY PRONGAY & MURRAY LLP**
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Additional Counsel for the Proposed Settlement Class*

9

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF Filing System.

/s/ Bruce Steckler
Bruce Steckler