**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| TIM DOYLE, Individually and On Behalf of All Others Similarly Situated, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>REATA PHARMACEUTICALS, INC., *et al.*,<br><br>Defendants. | Case No. 4:21-cv-00987 LEAD<br><br><u>CLASS ACTION</u><br><br>Judge Amos L. Mazzant, III |

**<u>ORDER APPROVING PLAN OF ALLOCATION</u>**

This matter came before the Court for a hearing on March 29, 2024 (the "Settlement Hearing") on the motion of UMC Benefit Board, Inc., US Equity Fund-P Series, a series of the Wespath Funds Trust, US Equity Index Fund-P Series, a series of the Wespath Funds Trust, Wespath Institutional Investments LLC, US Equity Fund-I Series, a series of the Wespath Funds Trust, and US Equity Index Fund-I Series, a series of the Wespath Funds Trust ("Lead Plaintiff") for approval of the proposed plan for allocating the Net Settlement Fund ("Plan of Allocation") created by the Settlement achieved in the above-captioned class action (the "Action"). The Court having considered all matters submitted to it at the Settlement Hearing and all papers filed and proceedings had herein; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the Settlement Hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the proposed Plan of Allocation,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation and

Agreement of Settlement dated October 30, 2023 (ECF No. 74-2) (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      The Court has jurisdiction to enter this Order approving the Plan of Allocation, and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3.      Notice of Lead Plaintiff's motion for approval of the Plan of Allocation was given to all Settlement Class Members who or which could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for approval of the Plan of Allocation satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, due process, and all other applicable laws and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      At least 46,829 copies of the Notice, which included the Plan of Allocation, were mailed to potential Settlement Class Members and nominees, and no objections to the Plan of Allocation have been received.

5.      The Court hereby finds and concludes that the formula for the calculation of the claims of Claimants as set forth in the Plan of Allocation mailed to Settlement Class Members provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund among Settlement Class Members with due consideration having been given to administrative convenience and necessity.

6.      The Court hereby finds and concludes that the Plan of Allocation is, in all respects, fair and reasonable to the Settlement Class. Accordingly, the Court hereby approves the Plan of Allocation proposed by Lead Plaintiff.

7.      There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED.**

**SIGNED this 29th day of March, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE