**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| TIM DOYLE, Individually and On Behalf of All Others Similarly Situated, *et al.*,<br><br>Plaintiffs,<br>v.<br>REATA PHARMACEUTICALS, INC., *et al.*,<br><br>Defendants. | Case No. 4:21-cv-00987<br>LEAD<br><br><u>CLASS ACTION</u><br><br>Judge Amos L. Mazzant, III |

**ORDER AWARDING ATTORNEYS' FEES**
**<u>AND REIMBURSEMENT OF LITIGATION EXPENSES</u>**

This matter came before the Court for a hearing on March 29, 2024 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses filed in the above-captioned action (the "Action"). The Court having considered all matters submitted to it at the Settlement Hearing and all papers filed and proceedings had herein; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the Settlement Hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the requested award of attorneys' fees and Litigation Expenses,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated October 30, 2023 (ECF No. 74-2) (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction to enter this Order awarding attorneys' fees and Litigation Expenses, and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3.      Notice of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses was given to all Settlement Class Members who or which could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and Litigation Expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, due process, and all other applicable laws and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      Lead Counsel is hereby awarded attorneys' fees in the amount of 30% of the Settlement Fund (including interest earned thereon at the same rate as the Settlement Fund) and $204,323.08 in reimbursement of Plaintiffs' Counsel's out-of-pocket Litigation Expenses (including interest earned thereon at the same rate as the Settlement Fund), which sums the Court finds to be fair and reasonable.

5.      In making this award of attorneys' fees and Litigation Expenses to be paid from the Settlement Fund, the Court has considered and found that:

   a. The Settlement has created a fund of $45,000,000 in cash that has been funded into an escrow account pursuant to the terms of the Stipulation, and numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

   b. At least 46,829 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees

in an amount not to exceed 33 1/3% of the Settlement Fund and for reimbursement of Litigation Expenses in an amount not to exceed $500,000, and there were no objections to the requested attorneys' fees and Litigation Expenses;

c.   Plaintiffs' Counsel undertook their representation of Lead Plaintiff and the Settlement Class on a fully contingent basis, and received no compensation during the Action, and any fee and expense award has been contingent upon the result achieved in the Action;

d.   The fee sought is based on a retainer agreement entered into between Lead Plaintiff, a sophisticated institutional investor that actively supervised the prosecution and resolution of the Action, and Lead Counsel, at the outset of the litigation, and the requested fee has been reviewed and approved as reasonable by Lead Plaintiff;

e.   Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy, and are highly experienced in the field of securities class action litigation;

f.   The Action raised a number of complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

g.   Had Plaintiffs' Counsel failed to achieve the Settlement, there would remain a significant risk that Lead Plaintiff and other Settlement Class Members may have recovered less than the Settlement Amount or nothing at all from Defendants;

h.   Plaintiffs' Counsel devoted over 7,464.2 hours, with a lodestar value of approximately $6,018,937.50, to achieve the Settlement; and

3

i.   The amount of attorneys' fees awarded and Litigation Expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6.   Lead Plaintiff is hereby awarded $10,000 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

7.   Any appeal or challenge affecting this Court's award of attorneys' fees and Litigation Expenses shall in no way disturb or affect the finality of the Judgment.

8.   Exclusive jurisdiction is hereby retained over the Parties and Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

9.   In the event that the Settlement is terminated, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10.   There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED.**

**SIGNED this 29th day of March, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

4