**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| TIM DOYLE, Individually and on Behalf of All Others Similarly Situated, *et al.*,<br><br>               Plaintiffs,<br>   v.<br><br>REATA PHARMACEUTICALS, INC., *et al.*<br><br>              Defendants. | Case No. 4:21-cv-00987-ALM<br>LEAD<br><br><u>CLASS ACTION</u> |

**<u>LEAD PLAINTIFF'S MOTION TO MODIFY THE DISTRIBUTION ORDER</u>**

Lead Plaintiff UMC Benefit Board, Inc., US Equity Fund-P Series, a series of the Wespath Funds Trust, US Equity Index Fund-P Series, a series of the Wespath Funds Trust, Wespath Institutional Investments LLC, US Equity Fund-I Series, a series of the Wespath Funds Trust, and US Equity Index Fund-I Series, a series of the Wespath Funds Trust ("Lead Plaintiff")[1] moves the Court to modify the Order of January 3, 2025 (ECF No. 88, the "Distribution Order") to correct an error in the claims calculation in the above-captioned matter.

In preparing for the Initial Distribution authorized in the Distribution Order, Epiq Class Action & Claims Solutions, Inc. ("Epiq" or "Claims Administrator") performed final quality control checks prior to distributing awards to Authorized Claimants, including a reconciliation of all claims received. Suppl. Decl. ¶ 4. During this final review, Epiq identified nine timely responses to Deficiency Notices (the "Additional Claims") that Epiq inadvertently failed to process prior to the filing of the Declaration Regarding Distribution Plan with the Court on November 20, 2024 (ECF No. 86-1, the "Distribution Declaration"). *Id*. Had these responses been processed, the nine Additional Claims would have been recommended to the Court for acceptance in the Distribution Declaration. *Id*.

Since filing the Distribution Declaration, in addition to the Additional Claims described above, nine claims were withdrawn by their filers, which Epiq recommends should be rejected. *Id*. ¶ 5. An additional eight claims were received after the Court approved bar date and were not processed. *Id*. Epiq recommends that these additional late claims be rejected. Finally, Epiq also

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Stipulation and Agreement of Settlement, dated October 30, 2023 (ECF No. 74-2, the "Stipulation"). "Supplemental Declaration" or "Suppl. Decl." refers to the "Supplemental Declaration of Jessie Mahn Regarding Distribution Plan," filed contemporaneously herewith and in Support of Lead Plaintiff's Motion to Modify Distribution Order and Exhibit A.

identified an additional six duplicate claims and recommends that these duplicate claims be rejected. *Id.*

In total, as of the date of the Supplemental Declaration, Epiq has received 21,645 claims that were postmarked or received through February 7, 2025, and has determined that 8,655 claims are acceptable in whole, 456 claims are acceptable in part, and that 12,534 claims should be wholly rejected because they are either ineligible, wholly deficient, or have no Recognized Loss when calculated in accordance with the Court-approved Plan of Allocation. *Id.* ¶¶ 6-7.

A list of the claims, and Epiq's recommendations as to their disposition, is contained in its corrected Administrator's Report, attached to the Supplemental Declaration as Exhibit A. *Id.* ¶ 8. Epiq has determined that 9,111 claims should be accepted. *Id.* ¶ 9. The claims recommended for acceptance represent total Recognized Losses of $949,901,389.45 pursuant to the Court-approved Plan of Allocation. *Id.* This represents an increase in total Recognized Losses of $15,290,218.41 from the Recognized Loss amount stated in the Distribution Declaration at ¶ 44. Of the total, $942,222,478.48 is for Timely Eligible Claims and $7,678,910.97 is for Late But Otherwise Eligible Claims. *Id.* ¶ 9.

Pursuant to the Court-approved Plan of Allocation, each Authorized Claimant will be allocated a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss in comparison to the total Recognized Loss of all Authorized Claimants. Suppl. Decl. ¶ 10.

For these reasons, Lead Plaintiff respectfully requests that the Court accept Epiq's administrative determinations set forth in the Supplemental Declaration and enter the Proposed Order Granting Lead Plaintiff's Motion to Modify the Distribution Order accordingly.

Dated: February 13, 2025

2

Respectfully Submitted,

**STECKLER WAYNE & LOVE PLLC**

*/s/ Bruce W. Steckler*
Bruce W. Steckler
State Bar No. 00785039
Austin P. Smith
State Bar No. 24102506
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Telephone: 972-387-4040
Facsimile: 972-387-4041
Email: bruce@swclaw.com
          austin@swclaw.com

*Local Counsel for Lead Plaintiff and the
Proposed Settlement Class*

**KIRBY McINERNEY LLP**
Daniel Hume (admitted *pro hac vice*)
Meghan J. Summers (admitted *pro hac vice*)
Ira M. Press (admitted *pro hac vice*)
250 Park Avenue, Suite 820
New York, NY 10177
Telephone: 212-371-6600
Facsimile: 212-751-2540
Email: dhume@kmllp.com
          msummers@kmllp.com
          ipress@kmllp.com

*Lead Counsel for Lead Plaintiff and the
Proposed Settlement Class*

**GLANCY PRONGAY & MURRAY LLP**
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Additional Counsel for the Proposed
Settlement Class*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF Filing System.

/s/ _Bruce Steckler_
Bruce Steckler

4